**FIDUCIARY AGREEMENT**
**On the Temporary Acceptance and Administration of Funds of JSC "Sequoia"**
**in Execution of OFAC License No. RUSSIA-EO14024-2023-1033893-1**

Moscow
May 15, 2026

**JOINT STOCK COMPANY "SEQUOIA"**, represented by its President, Vasily Pavlovich Dyatlov, acting on the basis of the Charter and Resolution No. 4 of the Sole Shareholder of JSC "SEQUOIA" dated September 12, 2023, hereinafter referred to as the **"Company"**, on the one hand, and **Evgeniy Ilin**, Director of the Branch of JSC "Sequoia", hereinafter referred to as the **"Branch Director"**, on the other hand, jointly referred to as the **"Parties"**, have entered into this Agreement as follows:

1. In connection with the factual impossibility of executing OFAC License No. RUSSIA-EO14024-2023-1033893-1 through the existing corporate banking routes and/or corporate bank accounts of the Company, the Parties have agreed on a temporary procedure for the receipt of funds into the personal bank account of Evgeniy Ilin.
2. The Parties confirm that the use of the personal bank account is of an exceptional, temporary, and compelled nature.
3. The Parties confirm that the funds received in execution of the said OFAC license are the funds of JSC "Sequoia" and do not become the personal property of Evgeniy Ilin.
4. Evgeniy Ilin accepts the said funds exclusively in connection with the performance of his duties as Director of the Branch of JSC "Sequoia", as the legal representative of the Company and temporary holder of the Company's funds with the obligation of their targeted administration.
5. Evgeniy Ilin acquires no right of ownership, right of disposal in his personal interest, or any independent economic interest with respect to the said funds.
6. Evgeniy Ilin undertakes to use the received funds exclusively for:
   - payment for medical treatment and related expenses provided for or permitted under the OFAC license;
   - fulfillment of the obligations and purposes of JSC "Sequoia";
   - or to ensure the subsequent transfer of the remaining funds to the corporate bank account of JSC "Sequoia" once a technical possibility for the use of such account arises.
7. Evgeniy Ilin undertakes, upon the removal of restrictions or the emergence of a technical possibility, to ensure the transfer of the unused balance of the funds to the corporate bank account of JSC "Sequoia".
8. The Parties confirm that this temporary arrangement does not alter the economic beneficiary of the funds, is not aimed at transferring the funds into the personal ownership of Evgeniy Ilin, is not a means of circumventing sanctions restrictions, and is not intended to violate the requirements of OFAC, U.S. law, or the applicable laws of other jurisdictions.

1

9. This Agreement is concluded exclusively as a temporary technical mechanism for the execution of OFAC License No. RUSSIA-EO14024-2023-1033893-1 in circumstances where the use of standard corporate banking infrastructure is factually impossible.

10. Evgeniy Ilin undertakes, upon reasonable request of the Company, to provide supporting documents, statements, payment documents, and other information confirming the targeted administration and use of the said funds.

11. The Parties confirm that the receipt of funds into the personal bank account of Evgeniy Ilin is carried out exclusively for the purpose of executing OFAC License No. RUSSIA-EO14024-2023-1033893-1 and does not create for Evgeniy Ilin any personal income, profit, property benefit, or tax basis unrelated to the activities of JSC "Sequoia".

12. Evgeniy Ilin undertakes to maintain separate accounting of the receipt, holding, and disbursement of the said funds, and to retain supporting documents, including bank statements, payment orders, invoices, medical documents, and other documents confirming the targeted use of the funds.

13. The Parties confirm their readiness to provide banks, compliance departments, auditors, and authorized bodies with documents and explanations confirming the legality of the origin, movement, and targeted use of the funds.

14. This Agreement shall enter into force on the date of its signing by the Parties and shall remain in effect until the funds have been fully used for their designated purpose or transferred to the corporate bank account of JSC "Sequoia".

**Signatures of the Parties:**

**JSC "SEQUOIA"**

President
Vasily Pavlovich Dyatlov

_____ / V.P. Dyatlov /

**Evgeniy Ilin**

Director of the Branch of JSC "Sequoia"

_____ / Evgeniy Ilin /

## TEMPORARY CUSTODIAL AND
## FIDUCIARY ADMINISTRATION AGREEMENT No. 01/2026

Dubai
May 16, 2026

JOINT STOCK COMPANY "SEQUOIA" (OGRN: 1207700261317, INN: 9703014733, legal address: 121205, Moscow, Bolshoy Blvd., 42, bldg. 1, floor/office/workplace 3/1101/5), acting on the basis of the Charter, represented by its President Vasily Pavlovich Dyatlov, acting on the basis of the Charter and Resolution No. 4 of the Sole Shareholder of the Company dated September 12, 2023 (hereinafter — the "Principal"), on the one hand, and

Ilin Evgeniy (ILIN EVGENIY), passport of the Russian Federation series 776 No. 9728019, issued 08.03.2015, date of birth 17.01.1985, Emirates ID No. 784-1985-3584267-1 (hereinafter — the "Fiduciary Administrator"), on the other hand,

jointly referred to as the "Parties",

have entered into this Agreement as follows:

Article 1. Subject of the Agreement

1.1. The Principal instructs, and the Fiduciary Administrator undertakes, to ensure the temporary receipt, custodial holding, and fiduciary administration of funds through his personal bank account opened with Emirates NBD in relation to the funds due to the Principal in execution of OFAC License No. RUSSIA-EO14024-2023-1033893-1.

Account Details of the Fiduciary Administrator:

• Name: Evgeniy Ilin
• Bank: Emirates NBD
• Address: Dubai, Emirates Towers Branch
• IBAN: AE360260000315830248703
• Account number: 0315830248703
• Currency: USD
• Swift code: EBILAEAD
• Routing number: 202620103

1.2. The Parties confirm that the economic beneficiary (Beneficial Owner) of all funds received into the Account under this Agreement is the Principal (JSC "SEQUOIA"). The Fiduciary Administrator does not acquire ownership rights, beneficial ownership, or any independent economic interest in relation to the said funds.

1.3. This Agreement is concluded exclusively as a temporary, technical, and compelled mechanism for the receipt, custodial holding, and fiduciary administration of funds in circumstances where the use of standard corporate banking infrastructure is factually impossible.

1.4. The Parties confirm that this temporary arrangement does not alter the economic beneficiary of the funds, does not constitute a transfer of beneficial ownership, is not aimed at transferring the funds into the personal ownership of the Fiduciary Administrator, is not a means of circumventing sanctions restrictions, and is not intended to violate the requirements of OFAC, U.S. law, or the applicable laws of other jurisdictions.

16.05.2026                                                                                    1

Article 2. Rights and Obligations of the Fiduciary Administrator

2.1. The Fiduciary Administrator undertakes:

2.1.1. To ensure full and unconditional separate accounting of the funds received into the Account from the Principal, and under no circumstances to commingle the said funds with personal funds or any other funds not related to this designated purpose.

2.1.2. To use the received funds exclusively upon written instructions of the Principal for the purposes permitted by the OFAC License:

— medical treatment and related expenses;
— fulfillment of the obligations of JSC "SEQUOIA";
— or return to the Principal's corporate account.

2.1.3. To provide bank statements for the Account and payment documents at the Principal's first request.

2.1.4. To immediately notify the Principal of any blocks, claims, or inquiries from Emirates NBD or other regulators regarding the funds in the Account.

2.1.5. To provide a copy of this Agreement to Emirates NBD at the bank's first request.

2.1.6. To maintain separate records of the receipt, holding, and disbursement of the said funds, and to retain supporting documents, including bank statements, payment orders, invoices, medical documents, and other documents confirming the targeted use of the funds.

2.2. The Fiduciary Administrator is prohibited from:

2.2.1. Using the funds in the Account for personal purposes.

2.2.2. Transferring the funds to third parties without the Principal's written consent.

2.2.3. Placing the funds on deposit or in other accounts for the purpose of obtaining personal gain.

Article 3. Rights and Obligations of the Principal

3.1. The Principal undertakes not to give the Fiduciary Administrator instructions that contradict the requirements of the OFAC License and the applicable laws of the UAE.

3.2. The Principal undertakes to reimburse the Fiduciary Administrator for documented bank fees associated with the servicing of the funds under this Agreement.

3.3. The Principal shall have the right at any time to demand that the Fiduciary Administrator transfer the balance of the funds to an account designated by the Principal or return them in another lawful manner.

Article 4. Liability and Allocation of Risks

16.05.2026                                                                                                                   2

4.1. The Fiduciary Administrator shall not be liable for the refusal of correspondent banks or other financial intermediaries to process a payment to the Principal.

4.2. In the event of arrest, freezing, or write-off of funds from the Account at the initiative of third parties (tax authorities, bailiffs, bank) for obligations of the Fiduciary Administrator, the Fiduciary Administrator undertakes to immediately notify the Principal and provide all documents confirming that the funds belong to the Principal in order to protect them in court.

4.3. The Fiduciary Administrator shall not be liable for losses caused to the Principal as a result of actions of Emirates NBD or other financial institutions, including delays, blocks, or refusals to process payments.

Article 5. Term and Termination Procedure

5.1. This Agreement shall enter into force upon its signing by the Parties and shall remain in effect until the funds have been fully used for their designated purpose or until a technical possibility to use the Principal's corporate bank account arises.

5.2. Either Party shall have the right to unilaterally terminate this Agreement by notifying the other Party 30 (thirty) business days in advance.

5.3. Upon termination of the Agreement, the Fiduciary Administrator undertakes, within 60 (sixty) business days, to transfer the balance of the funds to the account designated by the Principal or to return them to the Principal in another lawful manner.

Article 6. Applicable Law

6.1. This Agreement shall be governed by the law of the UAE (Emirate of Dubai) to the extent not inconsistent with the requirements of the OFAC License and applicable U.S. sanctions law.

6.2. The Parties confirm that this Agreement is not aimed at circumventing sanctions restrictions and is concluded exclusively in connection with the objective impossibility of executing the OFAC License through standard corporate banking channels.

Article 7. Signatures and Details

Principal:

JSC "SEQUOIA"
OGRN: 1207700261317
INN: 9703014733
KPP: 773101001
Legal address: 121205, Moscow, Bolshoy Blvd., 42, bldg. 1, floor/office/workplace 3/1101/5

Sole Shareholder
of JSC "SEQUOIA"

_____ / V.P. Dyatlov /

Seal

Fiduciary Administrator:

16.05.2026                                                                                                                3

Ilin Evgeniy (ILIN EVGENIY)
Passport of the Russian Federation: series 776 No. 9728019, issued 08.03.2015
Emirates ID: 784-1985-3584267-1

Account with Emirates NBD:

IBAN: AE360260000315830248703
Account number: 0315830248703
Swift code: EBILAEAD
Routing number: 202620103

_____ / E. Ilin /

16.05.2026                                                                 4