**Date:** May 22, 2026

**To:**
Executive Office
JPMorgan Chase Bank, N.A.
3415 Vision Drive
Columbus, OH 43219
USA

**From:**
Evgeniy Ilin
Attorney-in-Fact for JSC "SEQUOIA"
Director of the Branch of JSC "SEQUOIA" in the Kyrgyz Republic

**Subject:** Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 — Case No. ECW260309-01584-R1 — Complete Document Package

Dear Executive Office,

I hereby submit a formal demand letter and a complete set of supporting documents regarding the licensed OFAC transaction that remains unresolved.

**Enclosure No. 1:** Formal Demand Letter (20 sections, 15 pages)

| Category | Nos. | Description |
|---|---|---|
| A. OFAC Documents | 1-4 | OFAC License, validity confirmations, interpretive guidance request |
| B. JPMorgan Chase Correspondence | 5 | Chase letters (March 27, 2026; May 19, 2026; other correspondence) |
| C. BNY Mellon Documents | 6 | BNY Mellon response dated May 20, 2026 |
| D. Regulatory Complaints | 7-9 | CFPB, OCC, FRB complaints |
| E. Congressional Correspondence | 10 | Letters to Senator Schumer and Congressman Nadler |
| F. Corporate and Legal Documents | 11-15 | Power of Attorney, Resolution No. 5, fiduciary agreements |
| G. Banking Documents | 16-18 | Emirates NBD confirmation, ELDIK BANK account closure certificate |
| H. Medical Documents | 19-21 | Medical diagnosis (stage 4 cancer), clinic letter |

Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 — 1
Case No. ECW260309-01584-R1 — Complete Document Package

**Exhibits (21 documents):**

**Total number of documents:** 21 (twenty-one)

This demand letter is submitted pursuant to **UCC Articles 4-A and 1-304, OFAC FAQ 1106**, and as a pre-litigation demand.

**Method of delivery:** Certified Mail with Return Receipt

**Copy sent by email:** executive.office@chase.com (for prompt notification)

Respectfully,

**Evgeniy Ilin**
Attorney-in-Fact for JSC "SEQUOIA"
Director of the Branch of JSC "SEQUOIA" in the Kyrgyz Republic

Tel.: +971 50 167 1872
Email: ieasky017@gmail.com

Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 —    2
Case No. ECW260309-01584-R1 — Complete Document Package

**FORMAL DEMAND LETTER**

**REGARDING OFAC LICENSE No. RUSSIA-EO14024-2023-1033893-1**

**Date:** May 22, 2026

**Method of Delivery:** Certified Mail with Return Receipt; copy sent by email

**To:**
Executive Office
JPMorgan Chase Bank, N.A.
3415 Vision Drive
Columbus, OH 43219
United States of America

**From:**
Evgeniy Ilin
Attorney-in-Fact for JSC "SEQUOIA"
Director of the Branch of JSC "SEQUOIA" in the Kyrgyz Republic
Tel.: +971 50 167 1872
Email: ieasky017@gmail.com

**Chase Case No.:** ECW260309-01584-R1 (and related cases ECW260312-02429-R1, ECW260430-03517)

## Section I. Purpose of This Demand Letter

This formal demand letter is submitted in connection with the continuing non-execution or improper resolution of the licensed OFAC transaction under OFAC Specific License No. RUSSIA-EO14024-2023-1033893-1.

Despite the existence of a valid OFAC license authorizing the release and return of funds, the transfer remains factually incomplete as of this date.

The funds:

1. have not been credited to the lawful recipient;
2. have not been returned to JPMorgan Chase;
3. remain in an indeterminate operational status;
4. continue to be held within the correspondent banking chain.

I have timely:

- provided all required documents;
- repeatedly submitted payment instructions;
- provided alternative lawful execution mechanisms;
- provided documentation of medical urgency;
- provided documentation of beneficiary account closure risk;

Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 — 3
Case No. ECW260309-01584-R1 — Complete Document Package

- repeatedly requested trace, MT103, MT199, and operational coordination.

## Section II. Preventive Nature of the Original Blockade (Acknowledged by Chase)

In its official response to the CFPB, JPMorgan Chase confirmed that the original blocking of funds was exclusively sanctions-compliance and preventive in nature, pending receipt of an OFAC license.

JPMorgan Chase stated:

*"We did not find evidence to support any action by JPMorgan Chase that would allow for the release of the funds prior to receipt of the required OFAC license."*

Thus, JPMorgan Chase confirmed that:

- the blocking was not the result of an established violation;
- there were no findings of illegality regarding the source of funds;
- there were no findings of a prohibited transaction;
- the sole impediment was the absence of an OFAC license.

Subsequently, the OFAC license was issued.

## Section III. Validity and Currency of the OFAC License

OFAC License No. RUSSIA-EO14024-2023-1033893-1 remains valid and has not been revoked or restricted.

On May 21, 2026, OFAC additionally confirmed:

*"OFAC License No. RUSSIA-EO14024-2023-1033893-1 is a valid license number... Please follow up directly with the financial institution to which the license was issued regarding the status of the funds release."*

**On May 22, 2026, the OFAC Licensing Division further confirmed (letter attached):**

*"OFAC License No. RUSSIA-EO14024-2023-1033893-1 is a valid license number, which can be verified through our Check Application Status tool. Please follow up directly with the financial institution to which the license was issued regarding the status of the funds release."*

Additionally, OFAC previously stated:

*"OFAC has issued its determination, and you will need to work with the bank that blocked the funds going forward."*

Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 — 4
Case No. ECW260309-01584-R1 — Complete Document Package

**Thus, OFAC has repeatedly confirmed:**

- the validity of the license;
- the absence of any revocation;
- the absence of any prohibition on lawful completion of the licensed transaction;
- that further resolution of this matter falls within the competence of **JPMorgan Chase** as the financial institution to which the license was issued.

OFAC did not indicate any impossibility of executing the licensed transaction, any prohibition on lawful alternative execution, or any impermissibility of the lawful resolution efforts I proposed.

## Section IV. Legal Basis for Return of Funds and Completion of Transfer

This demand is based, in part, on the provisions of UCC Article 4-A, which governs international wire transfers and correspondent banking relationships.

**UCC § 4-A-402(3):** If a funds transfer is not completed by acceptance by the beneficiary's bank, the obligation of the sender to pay its payment order is **excused**.

**UCC § 4-A-402(4):** If an intermediary bank receives payment within an incomplete funds transfer, the corresponding funds are **subject to refund**.

**UCC § 4-A-402(5):** If the transfer is not completed and the intermediary bank cannot refund the payment, the sender that instructed routing through that intermediary bank **retains the right to receive payment**.

**UCC § 4-A-302(b):** If the original transfer route becomes **infeasible or non-functional** for any reason, the receiving bank of the payment order **may use any commercially reasonable alternative means of execution**. This right cannot be limited by agreement of the parties.

**UCC § 1-304:** Every contract or duty within UCC imposes an **obligation of good faith** in its performance.

**Official Comment to UCC § 4A-402:** *"The money-back guarantee is particularly important to originator if non-completion of the funds transfer is due to the fault of an intermediary bank... In that case bank A must refund payment to originator, and bank A has the burden of obtaining refund from the intermediary bank that it paid."*

In the present situation:

- the transfer was not completed by the beneficiary's bank;
- the funds were not credited;
- the correspondent structure became operationally non-executable;
- a downstream hold arose at the level of the intermediary bank.

**Consequently, JPMorgan Chase retains the right and the obligation to request return of funds from the correspondent chain and to take commercially reasonable operational measures for lawful completion of the licensed transaction.**

## Section V. JPMorgan Chase Was Fully Provided with All Required Documentation

Beginning on April 23, 2026, JPMorgan Chase was provided with a complete set of documentation necessary to execute the licensed OFAC transaction, including:

1. OFAC License No. RUSSIA-EO14024-2023-1033893-1;
2. payment instructions;
3. SWIFT routing instructions;
4. MT103 and transaction history;
5. branch registration documents;
6. Power of Attorney;
7. corporate documentation;
8. medical documentation;
9. German clinic documents;
10. explanations regarding the operational impossibility of using Maritime Bank due to SWIFT disconnection.

JPMorgan Chase was also repeatedly notified of:

- critical medical urgency;
- repeated routing failures;
- risk of closure of beneficiary accounts;
- impossibility of using the original routing structure;
- the need for urgent operational resolution.

## Section VI. JPMorgan Chase Factually Initiated Execution of the OFAC License

On May 1, 2026, JPMorgan Chase factually initiated execution of the licensed OFAC transaction, after which I was provided with the UETR:

**44531299-1ad8-4ddb-a50f-0f1e186c2100**

Subsequently, JPMorgan Chase confirmed:

- multiple routing attempts;
- re-submission of the payment on May 8 through BNY Mellon;
- holding of funds by a downstream correspondent institution.

Thus, JPMorgan Chase factually confirmed:

- lawful operational release;
- commencement of execution of the OFAC license;
- the lawful nature of the transaction.

**Therefore, the current dispute concerns not the permissibility of the transaction itself, but rather failed execution, correspondent hold, and the absence of proper operational resolution.**

**Equitable estoppel:** Since Chase has already commenced execution of the licensed transaction, it cannot later disclaim responsibility for its completion or shift that responsibility to third parties.

## Section VII. The Positions of JPMorgan Chase and BNY Mellon Contain an Operational Contradiction

On May 19, 2026, JPMorgan Chase stated:

*"JPMC no longer holds the funds and cannot direct or control the actions of downstream financial institutions..."*

Thereafter, JPMorgan Chase advised me to contact BNY Mellon directly.

Following these instructions, I made good-faith attempts to contact BNY Mellon.

However, BNY Mellon replied in writing:

*"We are unable to assist as you are not a direct client. Pls have your Bank contact us direct via authenticated message."*

Thus:

- OFAC directs me to JPMorgan Chase;
- BNY Mellon indicates that JPMorgan Chase must engage with them;
- yet JPMorgan Chase attempts to shift operational responsibility to a downstream institution while the licensed transaction remains incomplete.

**UCC § 4-A-212:** A bank receiving a payment order is not required to communicate directly with the beneficiary or sender. All obligations of the bank are to its direct customer. BNY Mellon confirmed this in writing.

Additionally, I have provided:

- evidence of attempts to contact BNY Mellon;
- evidence of delivery failures;
- copies of the relevant correspondence sent back to JPMorgan Chase.

Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 — 7
Case No. ECW260309-01584-R1 — Complete Document Package

## Section VIII. Closure of the Original Beneficiary Bank Route

JPMorgan Chase was timely notified that if the funds did not arrive by May 15, 2026, the beneficiary account route could become unavailable due to escalating compliance concerns.

Specifically:

- OJSC ELDIK BANK reviewed the OFAC-related documentation;
- the bank concluded that compliance risks existed;
- and subsequently closed the beneficiary accounts.

JPMorgan Chase was additionally forewarned of:

- banking holidays in the Kyrgyz Republic;
- the need for urgent execution;
- the risk of account closure.

**Principle of foreseeability:** Since Chase was warned of the consequences of delay, it bears responsibility for the damages caused by such delay.

Thus:

- the original route was initially functional;
- the funds could have been successfully credited;
- impossibility of execution arose due to prolonged delay and unresolved correspondent processing issues.

## Section IX. JPMorgan Chase Retains Responsibility as the Originating Bank

JPMorgan Chase independently selected BNY Mellon as the correspondent/intermediary bank.

As the originating bank and OFAC license holder, JPMorgan Chase retains the ability and operational authority to:

- engage with downstream institutions;
- request return/recall of funds when necessary;
- coordinate lawful completion of the licensed transaction;
- obtain and provide transfer trace information;
- use commercially reasonable execution methods (UCC § 4-A-302(b)).

I:

- am not a customer of BNY Mellon;
- have no contractual relationship with BNY Mellon;
- have no ability to initiate authenticated interbank communications.

**Consequently, JPMorgan Chase remains the sole financial institution capable of operationally coordinating resolution of this licensed transaction.**

Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 —  8
Case No. ECW260309-01584-R1 — Complete Document Package

## Section X. The Proposed Fiduciary/Custodial Mechanism

After the original corporate route became factually unavailable, I proposed a fully documented fiduciary/custodial mechanism solely for the purpose of completing the already licensed OFAC transaction.

The proposed mechanism provides for:

1. beneficial ownership remains with JSC "SEQUOIA";
2. no transfer of ownership;
3. no personal enrichment;
4. segregated accounting;
5. no sanctions evasion;
6. complete documentary transparency.

JPMorgan Chase was provided with:

- Fiduciary Agreement;
- Temporary Agreement No. 01:2026;
- Corporate Resolution No. 5;
- Emirates NBD documentation;
- fiduciary explanations;
- beneficial ownership confirmations;
- legal rationale.

Additionally, it was noted that Emirates NBD maintains correspondent banking relations with JPMorgan Chase, making the proposed route significantly more predictable, executable, and commercially reasonable.

**OFAC FAQ 1106:** Financial institutions may rely on information and documentation provided by a customer in the ordinary course of business, in the absence of any reason to believe that the transaction falls outside the scope of the applicable authorization. All documents confirming the lawfulness of the proposed mechanism were provided to Chase, and Chase expressed no doubts as to their authenticity.

The proposed mechanism:

- does not involve sanctions evasion;
- does not alter the economic substance of the transaction;
- does not conceal the ownership structure;
- was proposed solely due to the objective operational impossibility of the original route.

Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 —    9
Case No. ECW260309-01584-R1 — Complete Document Package

## Section XI. Request for Interpretive Guidance to OFAC

Due to the continuing absence of operational resolution, I submitted a formal request to the OFAC Compliance Hotline (ofacreport@treasury.gov) for interpretive guidance. The request was sent on May 21, 2026, and received by OFAC.

**The request specifically posed the following three questions:**

**Question 1:** Is JPMorgan Chase, as the originating bank and OFAC license holder, permitted — or required — to request return of funds from BNY Mellon when:

- the original beneficiary account is closed (documented);
- the funds have been frozen for more than 10 business days;
- BNY Mellon has confirmed in writing that Chase must contact them directly?

**Question 2:** Does the existing OFAC license permit the use of a temporary fiduciary mechanism (where the company's representative temporarily receives funds as custodian without change in beneficial ownership) when:

- the original corporate route has become objectively impossible;
- the mechanism is fully documented and transparent;
- beneficial ownership does not change;
- the representative has no personal economic interest?

**Question 3:** What actions may a license holder take when the bank refuses to execute the license and refuses to request return of funds from its chosen correspondent?

**I explicitly stated (as recorded in the request) that I am NOT requesting OFAC to:**

- authorize transfer of funds into my personal ownership;
- approve sanctions circumvention;
- alter beneficial ownership;
- or authorize sanctions evasion.

I requested only interpretive guidance regarding the lawful completion of an already licensed OFAC transaction under conditions of objective impossibility of the original route.

**OFAC confirmed receipt of this request (copy attached).**

**Important:** Awaiting OFAC's response is not a basis for Chase's inaction, because:

1. the license has already been issued and is enforceable regardless of additional clarifications;
2. OFAC has already confirmed in writing the validity of the license and stated that Chase is the financial institution to which one must look for execution.

## Section XII. Confirmation of My Authority

My authority is confirmed by:

- Power of Attorney from JSC "SEQUOIA";
- branch registration documents;
- corporate resolutions;
- documents from the Ministry of Justice of the Kyrgyz Republic.

I am:

- Attorney-in-Fact for JSC "SEQUOIA";
- Director of the Branch of JSC "SEQUOIA" in the Kyrgyz Republic;
- authorized to represent the company's interests regarding the OFAC-licensed transaction.

**JPMorgan Chase was notified of my authority on April 23, 2026, and acknowledged it by accepting payment instructions and other documents from me.**

## Section XIII. Medical and Humanitarian Urgency

I am undergoing treatment for stage IV oncological disease.

JPMorgan Chase was notified of:

- the severe oncological condition;
- the need for urgent treatment;
- the need for an advance payment to the clinic;
- that every additional day directly threatens my life.

**In judicial practice, expedited proceedings are permitted in cases of threat to life and health (medical emergency). This matter is subject to expedited consideration.**

The continuing delay in resolving this matter causes:

- substantial medical harm;
- financial harm;
- humanitarian harm.

## Section XIV. Complaints to OCC, CFPB, Congressional Offices and Notice to JPMorgan Chase

Due to the continuing absence of substantive operational resolution, I have implemented lawful escalation mechanisms.

I have submitted requests to:

Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 — 11
Case No. ECW260309-01584-R1 — Complete Document Package

- the OCC (Office of the Comptroller of the Currency);
- the CFPB (Consumer Financial Protection Bureau);
- congressional offices (Senator Schumer, Congressman Nadler);
- as well as repeated submissions to JPMorgan Chase's Executive Office.

JPMorgan Chase was promptly notified of these submissions and congressional escalation.

**Exhaustion of administrative remedies:** I have taken all reasonable steps to resolve this dispute without litigation, including appeals to three federal regulators (CFPB, OCC, OFAC), the Federal Reserve System, and elected representatives. Chase was notified of each of these submissions.

## Section XV. Continuous Good-Faith Engagement on My Part

Throughout the entire period following issuance of the OFAC license, I have:

- repeatedly requested trace and status clarification;
- repeatedly provided supplementary documents;
- repeatedly requested lawful operational resolution;
- repeatedly proposed commercially reasonable lawful alternatives;
- repeatedly notified JPMorgan Chase regarding humanitarian urgency.

Despite this:

- complete transfer trace information has not been provided;
- lawful operational resolution is absent;
- the licensed OFAC transaction remains incomplete;
- funds remain unresolved within the correspondent banking chain.

JPMorgan Chase's actions raise serious questions regarding the fulfillment of its duty of good-faith operational coordination within an already licensed transaction.

## Section XVI. Demands (Official Demand)

Based on the foregoing, and pursuant to **UCC §§ 4-A-402, 4-A-302, 1-304, OFAC FAQ 1106, OFAC humanitarian exceptions, principles of good faith, and judicial precedent**, I hereby **DEMAND** that JPMorgan Chase:

**1.** Immediately contact BNY Mellon through authenticated interbank communication;

**2.** Obtain and provide complete information regarding the current status of the funds, including MT103, MT199, UETR, current transfer status, downstream hold status, and correspondent communications;

**3.** Initiate return/recall of funds from BNY Mellon to JPMorgan Chase due to the objective impossibility of execution through the original route (UCC § 4-A-402(3)-(4));

Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 — 12
Case No. ECW260309-01584-R1 — Complete Document Package

**4.** After return of the funds, implement a commercially reasonable lawful alternative execution mechanism to complete the already licensed OFAC transaction, as provided by **UCC § 4-A-302(b)**and **OFAC FAQ 1106**;

**4a.** Pay interest for the delay period from May 8, 2026 (date of transfer) to the date of actual completion of the transfer or return of funds;

**5.** Provide complete SWIFT trace documentation, including MT103, MT199, UETR trace, current transfer status, downstream hold status, and correspondent communications;

**6.** Provide written confirmation of all actions taken and the current status of resolution efforts.

**7.** Take note that in the event the demands are not satisfied within the prescribed period and I am forced to file a lawsuit, I will seek reimbursement of all legal costs, including attorney's fees, postage, and other related expenses.

**Deadline for compliance with these demands: 5 (five) business days from the date of receipt of this letter.**

## Section XVII. Preservation of Documentation and Operational Records

Given the ongoing nature of this dispute and continuing regulatory escalation, I request that all documentation and operational records related to this licensed transaction be preserved, including:

- SWIFT communications;
- sanctions review materials;
- OFAC processing records;
- routing instructions;
- trace requests;
- correspondent communications;
- downstream communications involving BNY Mellon;
- internal compliance communications;
- internal operational review materials.

## Section XVIII. Reservation of Rights

This letter does not constitute a waiver of any:

- legal rights;
- equitable remedies;
- regulatory remedies;
- administrative remedies;
- or any other means of legal protection.

All rights are expressly reserved.

Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 — 13
Case No. ECW260309-01584-R1 — Complete Document Package

## Section XIX. Notice of Intent to Sue

**If JPMorgan Chase does not comply with the above demands within the prescribed period (5 business days from the date of receipt of this letter), I will be compelled to file a lawsuit against JPMorgan Chase Bank, N.A. in the United States District Court for the Southern District of New York (SDNY).**

In that lawsuit, I will seek:

- compensatory damages in the amount of **$206,712.21**;
- interest for the delay period from May 8, 2026, to the date of judgment;
- injunctive relief compelling Chase to request return of the funds from BNY Mellon;
- reimbursement of all legal costs, including attorney's fees;
- any other relief the court deems just and proper.

**I do not wish to litigate this matter. I seek lawful completion of an already licensed OFAC transaction. However, if Chase fails to take action within the prescribed period, I will have no alternative.**

## Section XX. Legal Basis for the Reduced Deadline (5 Business Days)

I hereby demand reduction of the standard response deadline to **5 (five) business days** based on the following legal grounds:

**1. Medical emergency / threat to life.** Judicial precedent permits expedited proceedings where delay threatens life and health. *See, e.g., Helling v. McKinney, 509 U.S. 25 (1993).* Stage IV cancer is documented; each day of delay worsens the prognosis.

**2. Duty of good faith (UCC § 1-304).** UCC § 1-304 requires good faith performance of all duties, including prompt response to legitimate demands.

**3. Commercially reasonable speed (UCC § 4-A-302).** UCC § 4-A-302 requires execution with commercially reasonable speed. Chase has already violated this requirement.

**4. OFAC humanitarian exceptions.** OFAC recognizes humanitarian exceptions and expedited procedures where delay would cause severe harm to human health (31 C.F.R. § 501.603(b)).

**5. Chase's prior representation to CFPB (March 27, 2026).** Chase stated it would process the license within 60-90 business days. The license was received on April 23, 2026; more than 20 business days have passed, and Chase has neither processed the license nor taken responsibility.

**6. Banking practice precedent.** The standard response period for a demand letter is 5-10 business days. Given the documented medical urgency, a 5-day period is reasonable and proportionate.

**Respectfully,**

**Evgeniy Ilin**
Attorney-in-Fact for JSC "SEQUOIA"
Director of the Branch of JSC "SEQUOIA" in the Kyrgyz Republic

Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 — 14
Case No. ECW260309-01584-R1 — Complete Document Package

Tel.: +971 50 167 1872
Email: ieasky017@gmail.com

## EXHIBITS TO FORMAL DEMAND LETTER

**Case No.:** ECW260309-01584-R1
**Date:** May 22, 2026

### A. OFAC DOCUMENTS

| No. | Document Name | Description |
|---|---|---|
| 1 | OFAC License No. RUSSIA-EO14024-2023-1033893-1 | Specific OFAC license issued to JPMorgan Chase |
| 2 | OFAC Licensing Division confirmation (May 22, 2026) | Written confirmation by OFAC of license validity |
| 3 | Request for Interpretive Guidance (May 21, 2026) | Submission to OFAC Compliance Hotline with three questions |
| 4 | OFAC acknowledgment of receipt | Confirmation that OFAC received the request |

### B. JPMORGAN CHASE CORRESPONDENCE

| No. | Document Name | Description |
|---|---|---|
| 5 | JPMorgan Chase correspondence | Includes Chase's March 27, 2026 letter to CFPB (commitment to process license); May 19, 2026 letter (disclaimer of responsibility); other correspondence |

### C. BNY MELLON DOCUMENTS

| No. | Document Name | Description |
|---|---|---|
| 6 | BNY Mellon correspondence | BNY Mellon response dated May 20, 2026 ("You are not a client; have your bank contact us") and evidence of delivery failures |

Formal Demand Letter regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 — 15
Case No. ECW260309-01584-R1 — Complete Document Package

## D. REGULATORY COMPLAINTS

| No. | Document Name | Description |
|-----|--------------|-------------|
| 7 | CFPB complaints | CFPB Complaint #260519-32881680 (BNY Mellon) and others |
| 8 | OCC complaint | Complaint to Office of the Comptroller of the Currency |
| 9 | FRB complaint | Complaint to the Federal Reserve Board/ Complaint to the NYS Department of Financial Services - Case No. BKC-2026-01711596 |

## E. CONGRESSIONAL CORRESPONDENCE

| No. | Document Name | Description |
|-----|--------------|-------------|
| 10 | Congressional correspondence | Letters to Senator Schumer and Congressman Nadler (May 20, 2026), with Chase copied |

## F. CORPORATE AND LEGAL DOCUMENTS

| No. | Document Name | Description |
|-----|--------------|-------------|
| 11 | Power of Attorney | Power of Attorney from JSC "SEQUOIA" to Evgeniy Ilin (valid until December 31, 2026) |
| 12 | Branch registration documents | Registration documents of the JSC "SEQUOIA" branch in the Kyrgyz Republic |
| 13 | Corporate Resolution No. 5 | Resolution authorizing the temporary fiduciary mechanism (May 15, 2026) |
| 14 | Fiduciary Agreement | Fiduciary Agreement (Temporary Agreement No. 01.2026) |

| No. | Document Name | Description |
|-----|---------------|-------------|
| 15 | Ministry of Justice documents | Ministry of Justice documents |

## G. BANKING DOCUMENTS

| No. | Document Name | Description |
|-----|---------------|-------------|
| 16 | Emirates NBD confirmation | Account confirmation (IBAN: AE360260000315830248703) |
| 17 | Proof of routing failures | Evidence of multiple failed routing attempts |
| 18 | ELDIK BANK certificate | Certificate of closure of all branch accounts (May 20, 2026, including USD account) |

## H. MEDICAL DOCUMENTS

| No. | Document Name | Description |
|---|---|---|
| 19 | Medical documentation | Diagnosis of stage 4 colon cancer, high-grade adenocarcinoma |
| 20 | German clinic letter | Letter from Krankenhaus Nordwest requiring €20,000 advance payment for treatment |

**Respectfully,**

**Evgeniy Ilin**
Attorney-in-Fact for JSC "SEQUOIA"
Director of the Branch of JSC "SEQUOIA" in the Kyrgyz Republic

Tel.: +971 50 167 1872
Email: ieasky017@gmail.com

**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C.

License No.  RUSSIA-EO14024-2023-1033893-1

JPMorgan
10410 Highland Manor Drive - Floor 4
Tampa, FL 33610

Reference is made to the following blocked funds transfer:

| | |
|---|---|
| Originator: | JOINT STOCK COMPANY SEQUOIA INN |
| Originating Bank: | Maritime Bank JSC |
| Value Date: | 10/19/2022 |
| Amount: | $ 206,712.21 |
| Beneficiary Bank: | CIM Banque SA |
| Beneficiary: | Hongkong YunFengYouLiang Technology Development Limited |

JPMorgan blocked this transfer pursuant to U.S. sanctions administered by the Office of Foreign Assets Control (OFAC).  OFAC has carefully reviewed the information presented and otherwise available to it in connection with this transfer and has determined that JPMorgan is authorized to return the funds to the originator at a non-blocked financial institution where the originator is able to demonstrate they maintain an account.

Sincerely,

_____
Heather Smith
Acting Chief, Licensing Division
Office of Foreign Assets Control

cc:  JSC Sequoia
     Bolshoy Blv., 42, 1, 3/1101/5
     Moscow, Russia

**E**  Evgeniy Ilin     чт, 23 апр., 21:25 ☆
Dear Tiffany, I would like to sincerely thank you for your time, attention, and support throughout the review of my case. I understand the complexity and worklo

**E**  Evgeniy Ilin     пт, 15 мая, 16:49 (7 дней назад) ☆
Urgent Guidance Request: Executability of OFAC License RUSSIA-EO14024-2023-1033893-1 – Alternative Settlement Route Dear Tiffany, I hope you are doing well. I a

**T**  Tiffany.Georggi@treasury.gov     пт, 15 мая, 16:59 (7 дней назад) ☆
Hello Mr. Ilin, The license from OFAC provides authorization only to return the funds to the originator (JSC Sequoia). OFAC does not authorize the release of fu

**E**  Evgeniy Ilin     пт, 15 мая, 17:13 (7 дней назад) ☆
Re: OFAC License RUSSIA-EO14024-2023-1033893-1 Dear Tiffany, Thank you very much for your response and clarification. I fully understand OFAC's position regardi

**T**  Tiffany.Georggi@treasury.gov     пт, 15 мая, 19:01 (7 дней назад) ☆ 😊 ↩ ⋮
кому: мне ▾

Mr. Ilin,

OFAC has issued its determination, and you will need to work with the bank that blocked the funds going forward. We don't have any insight into the business decisions of financial institutions or how they choose to proceed.

OFAC must maintain a standard of fairness to all applicants, and we can not make exceptions or change policies for any one applicant.

•••

**E**  Evgeniy Ilin <ieasky017@gmail.com>     пт, 15 мая, 19:11 (7 дней назад) ☆ 😊 ↩ ⋮
кому: Tiffany.Georggi ▾
    15 мая 2026 г., 19:11

`Re: OFAC License RUSSIA—EO14024—2023—1033893—1`

Dear Tiffany,

Thank you for this clarification. I understand and respect OFAC's position that the matter now rests with JPMorgan Chase.

I will continue working with the bank to find a practical solution within the existing framework.

For your awareness, our position with JPMorgan Chase is also supported by UCC § 4-A-302, which governs the obligations of a receiving bank in executing a payment order. Under this provision, where the originally designated payment route has become impracticable due to events beyond the parties' control, the bank, acting in good faith, may use any commercially reasonable alternative means of completing the transfer. This legal principle reinforces our view that JPMorgan Chase has the authority to complete the licensed payment through the only remaining executable channel.

I sincerely appreciate your time and guidance throughout this process.

Best regards,
Evgeniy Ilin
Phone: +971 50 167 1872

# OFAC Licensing Hotline

## Submission Confirmation

Thank you for submitting your question to OFAC Licensing Hotline. We are reviewing it and will contact you at the email address or phone number provided. For your records, a copy of your submission is below.
Date: 05/21/2026 02:27 AM

*Guidance provided by OFAC in response to OFAC Licensing Hotline queries is intended solely for the use of the intended recipient; it is limited to the facts and circumstances presented in each query submission and reflects the status of the relevant sanctions program(s) at the time the guidance is provided.*

| | |
|---|---|
| **First Name:** | Evgeniy |
| **Middle Name:** | |
| **Last Name:** | Ilin |
| **Organization:** | JSC Sequoia |
| **Telephone:** | 9174324242 |
| **Telephone Extension:** | |
| **Alternate Telephone:** | +971501671872 |
| **Alternate Telephone Extension:** | |
| **Email:** | ieasky017@gmail.com |
| **Alternate Email:** | ieasky017@gmail.com |
| **License Application Reference Number:** | RUSSIA-EO14024-2023-1033893-1. |
| **OFAC Case ID:** | RUSSIA-EO14024-2023-1033893-1 |
| **Query Topic:** | Other |
| **Query:** | I respectfully request OFAC assistance regarding an OFAC-authorized transfer that has become operationally unresolved despite issuance of a valid specific license. OFAC Specific License No. RUSSIA-EO14024-2023-1033893-1 authorized release of my funds. JPMorgan Chase Bank, N.A. initiated the transfer through BNY Mellon as correspondent bank. However, the transfer was never completed. The funds were not delivered to the lawful recipient and were not returned to JPMorgan Chase. Their current operational status remains unresolved. JPMorgan Chase states that it no longer controls the funds and directs me to contact BNY Mellon directly, although: * I am not a customer of BNY Mellon; * I have no legal or contractual relationship with BNY Mellon; * BNY Mellon acted solely as JPMorgan Chase's correspondent bank. JPMorgan Chase has also refused to actively coordinate operational resolution, request return of the funds, or apply alternative lawful payment instructions. As a result, I am currently facing a situation where: * a valid OFAC license exists; * the transfer was initiated; * but the licensed |

transaction has become operationally impossible to complete through the original payment route. I respectfully request OFAC guidance and assistance regarding: * operational resolution of this licensed transfer; * possible return of the funds to JPMorgan Chase; * and re-execution through an alternative lawful banking route using updated payment instructions. I am not requesting any action outside the scope of the existing OFAC license. I am simply requesting assistance in resolving an OFAC-authorized transaction that remains unresolved due to correspondent banking deadlock. I am currently undergoing stage 4 cancer treatment, and the continuing delay is causing severe financial and personal hardship. Sincerely, Evgeniy Ilin

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 23 of 167

 **Gmail**

# Request for Interpretive Guidance — License No. RUSSIA-EO14024-2023-1033893-1 — JPMorgan Chase Implementation Issue — Medical Urgency
1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                                                    21 мая 2026 г. в 10:59
Кому: ofacreport@treasury.gov

**Date:** May 21, 2026

**From:** Evgeniy Ilin, Attorney-in-Fact for JSC SEQUOIA
**Phone:** +971 50 167 1872
**Email:** ieasky017@gmail.com

## I. What I Am NOT Requesting (To Avoid Any Misunderstanding)

I explicitly state that I am NOT requesting OFAC to:

- Authorize transfer of funds into my personal ownership
- Approve any specific transfer mechanism
- Change the beneficial owner of the funds (remains JSC SEQUOIA)
- Sanction any circumvention of sanctions restrictions
- Intervene in a private dispute between me and the bank

**I am requesting only:** Interpretive guidance so that I can communicate properly with JPMorgan Chase about what is permissible under the existing license.

## II. Facts

OFAC issued Specific License No. RUSSIA-EO14024-2023-1033893-1 to JPMorgan Chase Bank, N.A., authorizing transfer of $206,712.21 to the originator, JSC SEQUOIA.

JPMorgan Chase initiated the transfer through BNY Mellon as correspondent bank on May 8, 2026. However, the transfer was never completed. The funds were not delivered to the lawful recipient and were not returned to JPMorgan Chase. As of today, their status remains unresolved.

JPMorgan Chase states that it no longer controls the funds and directs me to contact BNY

Mellon directly, despite the fact that:

- I am not a customer of BNY Mellon
- I have no contractual relationship with BNY Mellon
- BNY Mellon acted solely as JPMorgan Chase's correspondent bank

**BNY Mellon confirmed in writing (response dated May 20, 2026, attached):**

> *"We are unable to assist as you are not a direct client. Please have your Bank contact us direct via authenticated message."*

Thus, BNY Mellon explicitly stated that **JPMorgan Chase must contact them directly**.

## III. Closure of the Original Beneficiary Account

As a result of attempts by ELDIK BANK to obtain incoming documents and compliance information related to the OFAC license, ELDIK BANK decided to close the original beneficiary account.

If the funds had arrived by May 15, 2026, they would have been successfully credited. However, after May 15, the account was closed. JPMorgan Chase was timely notified of this.

**Therefore, the original payment route has become factually impossible for objective reasons.**This is not a matter of preference — it is a documented fact.

## IV. JPMorgan Chase Refuses to Act

Despite this, JPMorgan Chase refuses to:

- Initiate return of the funds from BNY Mellon
- Use alternative lawful payment instructions
- Actively coordinate with BNY Mellon to resolve the situation
- Provide full SWIFT trace information and transfer status

JPMorgan Chase independently chose BNY Mellon as its correspondent bank. Therefore, matters of transfer processing, return, and re-execution fall within the responsibility of JPMorgan Chase as the originating bank and OFAC license holder.

## V. The Proposed Fiduciary Mechanism (For Context)

Gmail - Request for Interpretive Guidance — License No. RUSSIA...6695-1 — JPMorgan Chase Implementation Issue — Medical Urgency   21.05.2026, 11:01

Case 1:26-cv-04816-AT   Document 1-12   Filed 06/06/26   Page 25 of 167

For my part, I proposed alternative lawful options for executing the licensed transfer, including a fully documented fiduciary/custodial mechanism where:

- Beneficial owner remains JSC SEQUOIA (unchanged)
- Funds are received into the representative's account as temporary custodian
- The representative acquires no ownership rights
- All disbursements follow company instructions
- Full accounting and segregation of funds

**Important:** I proposed this as a **temporary technical mechanism**, not as a transfer into personal ownership. All documents (Fiduciary Agreement, Corporate Resolution No. 5) are attached.

## VI. Questions for Interpretive Guidance

In light of the above, I respectfully request OFAC to provide guidance on the following questions:

**Question 1:** Is JPMorgan Chase, as the originating bank and OFAC license holder, permitted — or required — to request return of the funds from BNY Mellon when:

- the original beneficiary account is closed (documented)
- the funds have been frozen for more than 10 business days
- BNY Mellon has confirmed in writing that Chase must contact them directly?

**Question 2:** Does the existing OFAC license permit the use of a temporary fiduciary mechanism (where the company's representative temporarily receives funds as a custodian without change in beneficial ownership) when:

- the original corporate route has become objectively impossible
- the mechanism is fully documented and transparent
- beneficial ownership does not change
- the representative has no personal economic interest?

**Question 3:** What actions may a license holder take when the bank refuses to execute the license and refuses to request return of funds from its chosen correspondent?

## VII. Medical Urgency

I am currently undergoing stage 4 colon cancer treatment (medical records attached). The continuing delay is causing serious medical and financial harm. I respectfully request that my

submission be expedited if possible.

## VIII. Attachments

The following documents are attached to this submission:

1. OFAC License No. RUSSIA-EO14024-2023-1033893-1
2. JPMorgan Chase letter dated May 19, 2026
3. My letter to Chase dated May 20, 2026 (showing I did not request personal transfer)
4. BNY Mellon response dated May 20, 2026
5. Power of Attorney from JSC SEQUOIA
6. Fiduciary Agreement (Temporary Agreement 01:2026)
7. Corporate Resolution No. 5
8. Medical documentation (stage 4 cancer)

## IX. Declaration

I declare under penalty of perjury that the facts stated above are true and correct. I am acting in good faith as Attorney-in-Fact for JSC SEQUOIA. I am not attempting to evade U.S. sanctions or violate any provision of the OFAC license. I am solely seeking to resolve a licensed transaction that has become trapped due to bank inaction.

Respectfully,

**Evgeniy Ilin**
Attorney-in-Fact for JSC SEQUOIA
Director of the Branch of JSC SEQUOIA in the Kyrgyz Republic

Phone: +971 50 167 1872
Email: ieasky017@gmail.com

---

**Приложений: 9**

📄 **Gmail - RE: Support Inquiry | Wire Transfer:SWIFT CRM:CAS-30917892-H8D9Z.pdf**
221K

📄 **Gmail - A Message from Chase Executive Office, {Evgeniy Ilin}, (ECW260309-01584-R1}.pdf**
117K

📄 **Illin,Evgeniy.Final Letter.5.19.26.pdf**

Gmail – Request for Interpretive Guidance – License No. RUSSIA...3893-1 – JPMorgan Chase Implementation Issue – Medical Urgency          21.05.2026, 11:01

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 27 of 167

119K

**POWER OF ATTORNEY JP-OFAK.pdf**
468K

**Resulution #5.pdf**
178K

**Feduciary Argeement .pdf**
221K

**Original translation medical report by Evgeny Ilyin.pdf**
169K

**OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf**
174K

**Temporary agreement 01:2026.pdf**
223K

 Gmail

Evgeniy Ilin <ieasky017@gmail.com>

# Your Question about Funds Licensed for Release

1 письмо

**OFACLicensingHotline** <noreply-ofaclicensinghotline@treasury.gov>    21 мая 2026 г. в 17:04
Кому: "ieasky017@gmail.com" <ieasky017@gmail.com>

Hello,

The Office of Foreign Assets Control (OFAC) received your question, submitted on 5/21/2026 2:27 AM.

OFAC License No.
 RUSSIA-EO14024-2023-1033893-1
 is a valid license number, which can be verified through our Check Application Status tool.  Please follow up directly with the financial institution to which the license was issued regarding the status of the funds release.

Sincerely,
OFAC Licensing Division

*Please do not reply to this email.  For additional questions, please contact us through the Licensing Hotline.*



📄 **RUSSIA-EO14024-2023-1033893-1.pdf**
174K

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 29 of 167

Gmail - Request for Interpretive Guidance — License No. RUSSIA...3893-1 — JPMorgan Chase Implementation Issue — Medical Urgency    21.05.2026, 19:54



Evgeniy Ilin <ieasky017@gmail.com>

---

# Request for Interpretive Guidance — License No. RUSSIA-EO14024-2023-1033893-1 — JPMorgan Chase Implementation Issue — Medical Urgency

Писем: 2

---

**Evgeniy Ilin** <ieasky017@gmail.com>                                    21 мая 2026 г. в 10:59
Кому: ofacreport@treasury.gov

**Date:** May 21, 2026

**From:** Evgeniy Ilin, Attorney-in-Fact for JSC SEQUOIA
**Phone:** +971 50 167 1872
**Email:** ieasky017@gmail.com

## I. What I Am NOT Requesting (To Avoid Any Misunderstanding)

I explicitly state that I am NOT requesting OFAC to:

- Authorize transfer of funds into my personal ownership

- Approve any specific transfer mechanism

- Change the beneficial owner of the funds (remains JSC SEQUOIA)

- Sanction any circumvention of sanctions restrictions

- Intervene in a private dispute between me and the bank

**I am requesting only:** Interpretive guidance so that I can communicate properly with JPMorgan Chase about what is permissible under the existing license.

## II. Facts

OFAC issued Specific License No. RUSSIA-EO14024-2023-1033893-1 to JPMorgan Chase Bank, N.A., authorizing transfer of $206,712.21 to the originator, JSC SEQUOIA.

JPMorgan Chase initiated the transfer through BNY Mellon as correspondent bank on May 8, 2026. However, the transfer was never completed. The funds were not delivered to the lawful recipient and were not returned to JPMorgan Chase. As of today, their status remains unresolved.

JPMorgan Chase states that it no longer controls the funds and directs me to contact BNY

Gmail - Request for Interpretive Guidance — License No. RUSSIA...8898-1 — JPMorgan Chase Implementation Issue — Medical Urgency    21.05.2026, 19:54

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 30 of 167

Mellon directly, despite the fact that:

- I am not a customer of BNY Mellon
- I have no contractual relationship with BNY Mellon
- BNY Mellon acted solely as JPMorgan Chase's correspondent bank

**BNY Mellon confirmed in writing (response dated May 20, 2026, attached):**

> *"We are unable to assist as you are not a direct client. Please have your Bank contact us direct via authenticated message."*

Thus, BNY Mellon explicitly stated that **JPMorgan Chase must contact them directly**.

## III. Closure of the Original Beneficiary Account

As a result of attempts by ELDIK BANK to obtain incoming documents and compliance information related to the OFAC license, ELDIK BANK decided to close the original beneficiary account.

If the funds had arrived by May 15, 2026, they would have been successfully credited. However, after May 15, the account was closed. JPMorgan Chase was timely notified of this.

**Therefore, the original payment route has become factually impossible for objective reasons.**This is not a matter of preference — it is a documented fact.

## IV. JPMorgan Chase Refuses to Act

Despite this, JPMorgan Chase refuses to:

- Initiate return of the funds from BNY Mellon
- Use alternative lawful payment instructions
- Actively coordinate with BNY Mellon to resolve the situation
- Provide full SWIFT trace information and transfer status

JPMorgan Chase independently chose BNY Mellon as its correspondent bank. Therefore, matters of transfer processing, return, and re-execution fall within the responsibility of JPMorgan Chase as the originating bank and OFAC license holder.

## V. The Proposed Fiduciary Mechanism (For Context)

Gmail - Request for Interpretive Guidance — License No. RUSSIA...6898-1 — JPMorgan Chase Implementation Issue — Medical Urgency    21.05.2026, 19:54

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 31 of 167

For my part, I proposed alternative lawful options for executing the licensed transfer, including a fully documented fiduciary/custodial mechanism where:

- Beneficial owner remains JSC SEQUOIA (unchanged)
- Funds are received into the representative's account as temporary custodian
- The representative acquires no ownership rights
- All disbursements follow company instructions
- Full accounting and segregation of funds

**Important:** I proposed this as a **temporary technical mechanism**, not as a transfer into personal ownership. All documents (Fiduciary Agreement, Corporate Resolution No. 5) are attached.

## VI. Questions for Interpretive Guidance

In light of the above, I respectfully request OFAC to provide guidance on the following questions:

**Question 1:** Is JPMorgan Chase, as the originating bank and OFAC license holder, permitted — or required — to request return of the funds from BNY Mellon when:

- the original beneficiary account is closed (documented)
- the funds have been frozen for more than 10 business days
- BNY Mellon has confirmed in writing that Chase must contact them directly?

**Question 2:** Does the existing OFAC license permit the use of a temporary fiduciary mechanism (where the company's representative temporarily receives funds as a custodian without change in beneficial ownership) when:

- the original corporate route has become objectively impossible
- the mechanism is fully documented and transparent
- beneficial ownership does not change
- the representative has no personal economic interest?

**Question 3:** What actions may a license holder take when the bank refuses to execute the license and refuses to request return of funds from its chosen correspondent?

## VII. Medical Urgency

I am currently undergoing stage 4 colon cancer treatment (medical records attached). The continuing delay is causing serious medical and financial harm. I respectfully request that my

Gmail - Request for Interpretive Guidance — License No. RUSSIA...3893-1 — JPMorgan Chase Implementation Issue — Medical Urgency    21.05.2026, 19:54

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 32 of 167

submission be expedited if possible.

## VIII. Attachments

The following documents are attached to this submission:

1. OFAC License No. RUSSIA-EO14024-2023-1033893-1
2. JPMorgan Chase letter dated May 19, 2026
3. My letter to Chase dated May 20, 2026 (showing I did not request personal transfer)
4. BNY Mellon response dated May 20, 2026
5. Power of Attorney from JSC SEQUOIA
6. Fiduciary Agreement (Temporary Agreement 01:2026)
7. Corporate Resolution No. 5
8. Medical documentation (stage 4 cancer)

## IX. Declaration

I declare under penalty of perjury that the facts stated above are true and correct. I am acting in good faith as Attorney-in-Fact for JSC SEQUOIA. I am not attempting to evade U.S. sanctions or violate any provision of the OFAC license. I am solely seeking to resolve a licensed transaction that has become trapped due to bank inaction.

Respectfully,

**Evgeniy Ilin**
Attorney-in-Fact for JSC SEQUOIA
Director of the Branch of JSC SEQUOIA in the Kyrgyz Republic

Phone: +971 50 167 1872
Email: ieasky017@gmail.com

---

**Приложений: 9**

📄 **Gmail - RE: Support Inquiry | Wire Transfer:SWIFT CRM:CAS-30917892-H8D9Z.pdf**
221K

📄 **Gmail - A Message from Chase Executive Office, {Evgeniy Ilin}, (ECW260309-01584-R1}.pdf**
117K

📄 **Illin,Evgeniy.Final Letter.5.19.26.pdf**

119K

📄 **POWER OF ATTORNEY JP-OFAK.pdf**
468K

📄 **Resulution #5.pdf**
178K

📄 **Feduciary Argeement .pdf**
221K

📄 **Original translation medical report by Evgeny Ilyin.pdf**
169K

📄 **OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf**
174K

📄 **Temporary agreement 01:2026.pdf**
223K

---

**OfacReport@treasury.gov** <OfacReport@treasury.gov>                    21 мая 2026 г. в 19:01
Кому: ieasky017@gmail.com, OfacReport@treasury.gov

Hello Evgeniy,

Thank you for your email.  Please submit license-related questions to the Licensing Hotline.  OFAC encourages the following prior to submitting a question:

- Review Frequently Asked Questions about OFAC Licenses on our website;
- Walk through the application process through the OFAC Basics Video "Applying for a License to Release Blocked Funds" and reference OFAC's "Best Practices for License Applicants" guide; or

- Check your application's status and learn more about its progress.

Kind regards,

**Office of Foreign Assets Control**

Compliance Division

Blocked Assets & Reporting

Compliance Hotline

OFAC Website | FAQs | Contact Us

sa

---

**From:** Evgeniy Ilin <ieasky017@gmail.com>

**Sent:** Thursday, May 21, 2026 3:00 AM
**To:** OFACReport <OfacReport@treasury.gov>
**Subject:** Request for Interpretive Guidance — License No. RUSSIA-EO14024-2023-1033893-1 — JPMorgan Chase Implementation Issue — Medical Urgency

**\*\* Caution:** External email from: [**ieasky017@gmail.com**] Pay attention to suspicious links and attachments. Send suspicious email to suspect@treasury.gov **\*\***

[Цитируемый текст скрыт]

Case 1:26-cv-04816-AT   Document 1-12   Filed 06/06/26   Page 35 of 167

# M Gmail

## Automatic reply: Request for Interpretive Guidance — License No. RUSSIA-EO14024-2023-1033893-1 — JPMorgan Chase Implementation Issue — Medical Urgency

1 письмо

**OfacReport@treasury.gov** <OfacReport@treasury.gov>                                      21 мая 2026 г. в 11:01
Кому: ieasky017@gmail.com

**THIS IS AN AUTOMATED RESPONSE**

Hello,

Thank you for contacting the Office of Foreign Assets Control (OFAC).  We have received your correspondence.  If additional information is required, we will follow up with you accordingly.

If you are requesting access to the OFAC Report System (ORS) to file initial block and reject reports or the Annual Report of Blocked Property, please reply to this email with the following details (if not already provided in your initial email):

1) Name of your reporting institution

2) Name and email address of the primary point of contact

3) Name and email address for any other person empowered to file reports

Aside from mandatory reports filed through ORS, please continue to submit the following items to OFACReport@treasury.gov:

1) Reports required as a condition of a general or specific license

2) Reports on unblocked or transferred property (31 CFR 501.603(b)(3))

3) Reports on litigation, arbitration, and dispute resolution proceedings (31 CFR 501.605) - Include "**31 CFR 501.605**" in the subject line

4) Requests for a Compliance Release (31 CFR 501.806) - Include "**31 CFR 501.806 - Request for a Compliance Release**" in the subject line

5) Requests for Rulemaking (31 CFR 501.804) - Include "**31 CFR 501.804**" in the subject line

6) Requests to reactivate an existing ORS account

To apply for a specific license to unblock property, please visit the OFAC License Application page.

For sanctions compliance questions, please go to the OFAC Compliance Hotline.


Thank you,


**Office of Foreign Assets Control**
Compliance Division
Blocked Assets & Reporting

Compliance Hotline

OFAC Website | FAQs | Contact Us

 Gmail

# Supplemental notice — closure of beneficiary accounts — OFAC License RUSSIA-EO14024-2023-1033893-1 — Case ECW260309-01584-R1

1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                                         21 мая 2026 г. в 15:57
Кому: executive.office@chase.com, Chase CreditCardExecutiveOffice <chase.creditcardexecutiveoffice@chase.com>, Chase Executive Office <chase.executive.office@chase.com>
Копия: "Shulman, Ilya" <ilya.shulman@jpmorgan.com>, krista.santoro@jpmchase.com

Dear Executive Office,

I am providing this supplemental notice regarding the status of the beneficiary accounts previously used for the OFAC-licensed transaction under OFAC License No. RUSSIA-EO14024-2023-1033893-1 and case number ECW260309-01584-R1.

Please be advised that OJSC ELDIK BANK has officially confirmed closure of all accounts belonging to the Branch of JSC "SEQUOIA" in the Kyrgyz Republic, including the USD account previously designated for receipt of the licensed transfer.

A copy of the official bank confirmation is attached.

As previously communicated to JPMorgan Chase, I had warned that if the transfer was not completed and received by May 15, 2026, the beneficiary banking route could become unavailable due to compliance concerns raised by the beneficiary bank regarding documentation associated with the incoming OFAC-licensed payment.

Specifically, after reviewing documentation related to the OFAC license and the incoming licensed transaction, the beneficiary bank determined that continued maintenance of the account structure presented compliance concerns from its perspective and subsequently proceeded with closure of the accounts.

Accordingly, the original beneficiary account route is now objectively unavailable and operationally non-executable.

**In light of this development, I respectfully request that JPMorgan Chase:**

1. **Notify BNY Mellon immediately that the original beneficiary account is closed and the transfer cannot be completed through the original route;**

2. **Request return of the funds from BNY Mellon to JPMorgan Chase;**

3. **Upon return, re-execute the licensed transfer through a commercially reasonable alternative lawful channel using the updated payment instructions previously provided;**

4. **Confirm these actions in writing within 3 business days.**

I remain fully available to provide any additional documentation or clarification.

Respectfully,

**Evgeniy Ilin**
Attorney-in-Fact for JSC "SEQUOIA"
Director of the Branch of JSC SEQUOIA in the Kyrgyz Republic

Phone: +971 50 167 1872
Email: ieasky017@gmail.com

**Attachment:** Certificate of account closure from OJSC ELDIK BANK

---

**Certificate of account closure for the Sequoia branch.pdf**
806K

Case 1:26-cv-04816-AT   Document 1-12   Filed 06/06/26   Page 39 of 167

Gmail - Supplemental materials regarding OFAC License No. RUS...W260309-01584-R1 — BNY Mellon confirmation — OFAC submission                21.05.2026, 18:23

 Gmail

# Supplemental materials regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 — Case ECW260309-01584-R1 — BNY Mellon confirmation — OFAC submission

1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                                21 мая 2026 г. в 11:21
Кому: executive.office@chase.com, Chase CreditCardExecutiveOffice
<chase.creditcardexecutiveoffice@chase.com>, Chase Executive Office <chase.executive.office@chase.com>
Копия: "Shulman, Ilya" <ilya.shulman@jpmorgan.com>, "Geiser, Lauren" <Lauren.Geiser@mail.house.gov>



Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 40 of 167



**Date:** May 21, 2026

**To:** Executive Office, JPMorgan Chase Bank, N.A. (executive.office@chase.com)

**Subject:** Supplemental materials regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 — **Case ECW260309-01584-R1** — BNY Mellon confirmation — OFAC submission

**From:** Evgeniy Ilin, Attorney-in-Fact for JSC SEQUOIA

Dear Executive Office,

For transparency and to facilitate resolution of the licensed transaction under OFAC Specific License No. RUSSIA-EO14024-2023-1033893-1, I am providing the following supplemental materials:

1. My submission to OFAC requesting interpretive guidance regarding implementation issues arising from the failed transfer;
2. OFAC acknowledgment of receipt;
3. BNY Mellon's written response confirming that JPMorgan Chase must contact BNY Mellon directly through authenticated banking channels;
4. My prior communication to BNY Mellon.

As previously explained, the original beneficiary account route became objectively unavailable following closure of the account after prolonged transfer delay. JPMorgan Chase was timely notified of this development.

In light of BNY Mellon's written position that only JPMorgan Chase may engage regarding the transfer status and resolution, I respectfully request that JPMorgan Chase actively coordinate with BNY Mellon regarding:

- transfer trace and status clarification;
- return or recall procedures if applicable;

- and any lawful alternative implementation options consistent with the OFAC license.

I remain fully committed to resolving this matter transparently, lawfully, and in good faith.

Respectfully,

**Evgeniy Ilin**
Attorney-in-Fact for JSC SEQUOIA
Director of the Branch of JSC SEQUOIA in the Kyrgyz Republic

Phone: +971 50 167 1872
Email: ieasky017@gmail.com

## Attachments (4 files):

- OFAC submission (Request for Interpretive Guidance)
- OFAC acknowledgment (automatic reply)
- BNY Mellon response (May 20, 2026)
- My prior communication to BNY Mellon

---

**Приложений: 5**

📄 **Gmail - Automatic reply: Request for Interpretive Guidance — License No. RUSSIA-EO14024-2023-1033893-1 — JPMorgan Chase Implementation Issue — Medical Urgency.pdf**
129K

📄 **Request for Interpretive Guidance — License No. RUSSIA-EO14024-2023-1033893-1 — JPMorgan Chase Implementation Issue — Medical Urgency.pdf**
175K

📄 **Gmail - A Message from Chase Executive Office, {Evgeniy Ilin}, (ECW260309-01584-R1}.pdf**
117K

📄 **Gmail - RE: Support Inquiry | Wire Transfer:SWIFT CRM:CAS-30917892-H8D9Z.pdf**
221K

📄 **Illin,Evgeniy.Final Letter.5.19.26.pdf**
119K

 Gmail

## A Message from Chase Executive Office, {Evgeniy Ilin}, (ECW260309-01584-R1}

Писем: 4

**Chase CreditCardExecutiveOffice** <chase.creditcardexecutiveoffice@chase.com>    19 мая 2026 г. в 17:56
Кому: "ieasky017@gmail.com" <ieasky017@gmail.com>

Dear Evgeniy Ilin:

Chase Executive Office has resolved your inquiry. See our response below.

We are responding to your additional correspondences regarding a wire transaction involving JSC SEQUOIA, for which you indicated you are serving as power of attorney and/or a company representative.

The Executive Office is the single point of contact at Chase for this matter. Accordingly, we respectfully ask that you refrain from contacting our individual employees and our General Counsel, directly. The Executive Office will respond to your concerns and will coordinate any outreach to other departments as needed. Several related cases were opened in the Executive Office and have now been consolidated under a single case number ECW260309-01584-R1.

As noted in our initial letter dated May 1, 2026, pursuant to the OFAC unblocking license you shared, we remitted the wire in accordance with the alternative bank instructions you provided. Please be advised that the beneficiary bank you provided rejected the wire and returned the funds.

On Friday, May 8, we resubmitted payment pursuant to the additional alternative instructions you provided. Specifically, we sent payment via BNY Mellon to credit the U.S. correspondent bank AKTIF YATIRIM BANKASI A.S., further credit the beneficiary bank OJSC ELDIK BANK, and to credit the final beneficiary, Branch of Joint Stock Company SEQUOIA.

We subsequently learned that the intermediary bank, BNY Mellon, placed a hold on the funds and requested a copy of the OFAC license, which we have already provided. JPMC no longer holds the funds and cannot direct or control the actions of downstream financial institutions, and we are unable to reinitiate a new payment at this time. Accordingly, we must decline your request to trace and redirect the funds to Evgeniy Ilin's individual account. For further information, please contact BNY Mellon directly.

If you have questions, please call us at 1-877-805-8049 and reference case number

ECW260309-01584-R1. We accept operator relay calls. We're available Monday through Friday from

8 a.m. to 9 p.m. and Saturday from 9 a.m. to 6 p.m. Eastern Time.

Sincerely,

Executive Office

1-877-805-8049

212-270-9300 International Executive Office

405-272-9935 International Customer Service

1-866-535-3403 Fax; it's free from any Chase branch

executive.office@chase.com

chase.com


cc:      The Consumer Financial Protection Bureau, Complaint ID 260422-31717414


Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-877-805-8049, de lunes a viernes de 8 a.m. a 9 p.m. y sábados de 9 a.m. a 6 p.m., hora del Este.


ID Q8dz1UsO2y

ECN32


This message is confidential and subject to terms at: https://www.jpmorgan.com/emaildisclaimer including on confidential, privileged or legal entity information, malicious content and monitoring of electronic messages. If you are not the intended recipient, please delete this message and notify the sender immediately. Any unauthorized use is strictly prohibited.

---

**Evgeniy Ilin** <ieasky017@gmail.com>                                        19 мая 2026 г. в 19:24
Кому: Chase CreditCardExecutiveOffice <chase.creditcardexecutiveoffice@chase.com>
Копия: "Shulman, Ilya" <ilya.shulman@jpmorgan.com>, krista.santoro@jpmchase.com

**Request for Coordinated Resolution of Licensed Transaction – Case No. ECW260309-01584-R1**

Dear Executive Office,

Thank you for your response dated May 19, 2026, and for the clarification regarding the current status of the licensed transaction under OFAC License No. RUSSIA-EO14024-2023-1033893-1.
I respectfully acknowledge your explanation that the transfer was routed through BNY Mellon and that the funds were subsequently placed on hold at the downstream correspondent level.
At the same time, I respectfully submit that the matter appears to remain an unresolved licensed transaction rather than a completed transfer outside JPMorgan's operational involvement.
As confirmed in your correspondence:

- JPMorgan initiated and processed the transfer pursuant to the OFAC license;

- the payment was transmitted through BNY Mellon;
- BNY Mellon requested and received a copy of the OFAC license;
- the funds remain unresolved within the correspondent banking chain.

Under these circumstances, I respectfully believe that the present issue concerns the operational completion of an already authorized transaction, particularly in light of the documented impossibility of successfully utilizing the original corporate payment route.

As previously documented and supported by materials already provided to JPMorgan:

- **the original receiving corporate banking channel has been closed;**
- **multiple routing attempts were unsuccessful;**
- **the prior correspondent structure became operationally non-executable;**
- **and the licensed transaction could not be completed through the original route despite the existence of valid OFAC authorization.**

Accordingly, the proposed fiduciary/custodial structure involving my Emirates NBD account was presented solely as a transparent and documented substitute execution mechanism intended to facilitate completion of the already licensed transaction without any change in beneficial ownership or underlying economic purpose.

I respectfully note that U.S. banking law and OFAC guidance recognize that financial institutions may reasonably rely on customer-provided documentation and may utilize commercially reasonable execution methods where original routing instructions become infeasible or operationally impracticable.

In particular:

- **OFAC FAQ 1106 confirms that financial institutions may reasonably rely on representations and documentation available in the ordinary course of business absent reason to believe the transaction falls outside the applicable authorization;**
- **UCC Article 4A recognizes commercially reasonable execution standards where original transfer routing becomes infeasible or subject to undue operational delay.**

JPMorgan has already been provided with:

- the applicable OFAC license;
- fiduciary and custodial documentation;
- corporate authorizations and supporting materials;
- evidence of repeated routing failures;
- and confirmation that no change in beneficial ownership is involved.

**Importantly, I do not maintain a direct banking relationship with BNY Mellon, nor was BNY Mellon the originating institution for this licensed transaction. The transaction itself was initiated and processed through JPMorgan pursuant to the OFAC authorization.**

**In light of the above, I respectfully request JPMorgan's continued assistance in coordinating resolution of the held funds with the downstream institution, including clarification regarding:**

- **the current status of the funds;**
- **whether the funds remain on hold, under review, or otherwise restricted;**
- **whether supplemental instructions or documentation may assist in resolving the matter;**
- **and whether the previously proposed substitute fiduciary/custodial execution structure may still be considered as a practical and commercially reasonable mechanism for completing the licensed transaction.**

**I also respectfully ask that consideration be given to the critical medical urgency of my situation related to ongoing oncological treatment and associated medical circumstances, documentation of which has previously been provided.**

**I remain fully prepared to provide any additional confirmations, undertakings, or supporting documentation that may assist JPMorgan and the downstream institution in facilitating resolution of this matter.**

**Thank you again for your attention and assistance. I sincerely hope that a coordinated and practical resolution can still be achieved.**

Sincerely,
Evgeniy Ilin
Attorney-in-Fact for JSC "SEQUOIA"
Director of the Branch of JSC "SEQUOIA" in the Kyrgyz Republic
Phone: +971 50 167 1872
Email: ieasky017@gmail.com

De

вт, 19 мая 2026 г. в 17:56, Chase CreditCardExecutiveOffice <chase.creditcardexecutiveoffice@chase.com>:

[Цитируемый текст скрыт]

---

**Evgeniy Ilin** <ieasky017@gmail.com>                                        19 мая 2026 г. в 23:15
Кому: Chase CreditCardExecutiveOffice <chase.creditcardexecutiveoffice@chase.com>, Chase Executive Office <chase.executive.office@chase.com>
Копия: executive.office@chase.com, "Shulman, Ilya" <ilya.shulman@jpmorgan.com>, krista.santoro@jpmchase.com

Request for Continued Coordination Regarding Licensed Transaction – Case No. ECW260309-01584-R1

Dear Executive Office,

Thank you for your correspondence dated May 19, 2026, in which JPMorgan Chase advised me to contact BNY Mellon directly regarding the current hold affecting the OFAC-licensed transaction under Case No. ECW260309-01584-R1.
**I respectfully wish to clarify that I do not maintain any banking, contractual, or customer relationship with BNY Mellon. BNY Mellon is not the originating institution for this transaction and was involved solely as a correspondent/intermediary institution utilized within JPMorgan's payment chain.**

Following your instruction, I nevertheless made good-faith attempts to contact BNY Mellon directly using all publicly available compliance and executive contact channels known to me. However, all such communications were rejected or returned as undeliverable. Copies of the corresponding delivery failure notifications are attached for your reference.
Under these circumstances, I currently have no practical or operational ability to communicate with BNY Mellon directly, obtain transaction status information, or resolve the hold independently.
At the same time:

- the transaction was initiated and processed by JPMorgan Chase pursuant to a valid OFAC license;
- JPMorgan selected and utilized the correspondent banking chain;
- JPMorgan confirmed that BNY Mellon requested and received the OFAC license documentation; and
- the funds remain unresolved within the correspondent structure.

**Accordingly, I respectfully submit that JPMorgan remains the only institution with which I have a direct operational relationship concerning this licensed transaction and the only institution presently capable of effectively coordinating with the downstream correspondent bank.**

In light of the above, I respectfully request JPMorgan's continued assistance and coordination regarding:

- clarification of the precise status of the funds;
- whether the funds remain pending, restricted, or under review;
- whether JPMorgan has received any further communication from BNY Mellon;
- whether additional documentation or instructions may assist in resolving the hold; and
- whether alternative lawful execution mechanisms previously proposed may still be considered given the operational failure of the original routing structure.

I also respectfully reiterate the serious medical urgency associated with this matter, documentation of which has

previously been provided.

Thank you again for your attention and assistance. I remain fully available to cooperate and provide any further information required.

Sincerely,
Evgeniy Ilin
Attorney-in-Fact for JSC "SEQUOIA"
Director of the Branch of JSC "SEQUOIA" in the Kyrgyz Republic
Phone: +971 50 167 1872
Email: ieasky017@gmail.com

вт, 19 мая 2026 г. в 17:56, Chase CreditCardExecutiveOffice <chase.creditcardexecutiveoffice@chase.com>:

> Dear Evgeniy Ilin:
>
> [Цитируемый текст скрыт]
> [Цитируемый текст скрыт]

---

**Evgeniy Ilin** <ieasky017@gmail.com>                                                              20 мая 2026 г. в 13:26
Кому: Chase CreditCardExecutiveOffice <chase.creditcardexecutiveoffice@chase.com>
Копия: "Shulman, Ilya" <ilya.shulman@jpmorgan.com>, krista.santoro@jpmchase.com, executive.office@chase.com, Chase Executive Office <chase.executive.office@chase.com>

**Request for Return of Funds and Re-Execution of OFAC-Licensed Transaction – Case ECW260309-01584-R1**

Dear Executive Office,

Thank you for your prior correspondence regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 and case number ECW260309-01584-R1.

I am compelled to contact you again because the transfer sent by JPMorgan Chase on May 8, 2026 through BNY Mellon remains unresolved, and the funds have not reached the final beneficiary.

**Following your recommendation that I contact BNY Mellon directly, I made good-faith attempts to do so. However, today I received an official response from BNY Mellon stating that they are unable to communicate with me because I am not their direct client and that my bank must contact them directly through authenticated interbank communication. I am attaching BNY Mellon's response for your reference.**

**Accordingly, JPMorgan Chase remains the only institution capable of operationally coordinating with BNY Mellon regarding the status and further handling of the funds.**

I would also like to emphasize that JPMorgan Chase was timely informed by me that if the funds were not received by May 15, 2026, the corporate account of the Branch of JSC "SEQUOIA" at OJSC ELDIK BANK would be closed. Unfortunately, that account has now been closed, which makes completion of the transfer through the original payment instructions objectively impossible.

**In light of the above, I respectfully request that JPMorgan Chase:**

**— immediately contact BNY Mellon through authenticated interbank channels;**
**— request return of the funds back to JPMorgan Chase due to the objective impossibility of completing the transfer through the original route;**
**— upon return of the funds, re-execute the already licensed OFAC transaction using the new payment instructions and supporting documentation previously provided by me to JPMorgan Chase;**
**— and provide me with updates regarding the actions taken and the current status of communications with BNY Mellon.**

I would also like to note that, in selecting a new execution route for the licensed transaction, I proposed the most transparent, operationally feasible, and fully documented structure available.

**Moreover, Emirates NBD Bank maintains correspondent banking relations and a correspondent account with JPMorgan Chase, meaning that the re-executed transfer would move within JPMorgan Chase's existing correspondent banking infrastructure without the need to rely on unstable or unknown external intermediary routes.**

Accordingly, the proposed new route is objectively a far more predictable, technically executable, and commercially reasonable mechanism for completing the already authorized OFAC transaction.

I would also respectfully emphasize that:
— the transaction has already been expressly authorized by OFAC;
— all requested compliance documentation and confirmations have been fully provided by me;
— beneficial ownership of the funds does not change;
— and the matter concerns solely the lawful completion of an already licensed OFAC transaction through an alternative commercially reasonable execution method.

I also respectfully reiterate the critical medical urgency of my situation related to ongoing treatment for Stage IV cancer.

Thank you again for your attention and assistance. I remain fully available to provide any further documentation or confirmations necessary to facilitate prompt resolution of this matter.

Respectfully,

Evgeniy Ilin
Attorney-in-Fact for JSC "SEQUOIA"

Phone: +971 50 167 1872
Email: ieasky017@gmail.com

вт, 19 мая 2026 г. в 17:56, Chase CreditCardExecutiveOffice <chase.creditcardexecutiveoffice@chase.com>:

> Dear Evgeniy Ilin:
>
> [Цитируемый текст скрыт]
> [Цитируемый текст скрыт]

---

📄 **Gmail - RE: Support Inquiry | Wire Transfer:SWIFT CRM:CAS-30917892-H8D9Z.pdf**
221K

 Gmail

# Urgent Request for Assistance Regarding Failure to Execute OFAC-Licensed Transaction and Critical Medical Circumstances

1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                                    20 мая 2026 г. в 10:25
Кому: "Schumer,Casework (Schumer)" <Casework_Schumer@schumer.senate.gov>
Копия: "Shulman, Ilya" <ilya.shulman@jpmorgan.com>, krista.santoro@jpmchase.com
Скрытая: Chase Executive Office <chase.executive.office@chase.com>, Chase CreditCardExecutiveOffice <chase.creditcardexecutiveoffice@chase.com>, executive.office@chase.com

**Dear Senator Schumer, Joyce Chang**

I am writing to request your assistance regarding a situation that, in my view, demonstrates a systemic failure in the mechanism for executing OFAC-licensed transactions within the U.S. banking system.

**Before anything else, I would like to express my sincere gratitude for the assistance previously provided by your office in connection with obtaining the OFAC license. Your office — and especially Ms. Joyce Chang involvement and efforts — played a critically important role in facilitating communication with OFAC during an extremely difficult period of my life. I deeply appreciate the human compassion, professionalism, and genuine willingness to help an ordinary person facing life-threatening medical circumstances.**

OFAC issued Specific License No. RUSSIA-EO14024-2023-1033893-1 authorizing JPMorgan Chase to release and transfer my funds in the amount of $206,712.21.

**Transaction identifiers:**
— OFAC License: RUSSIA-EO14024-2023-1033893-1
— **Chase case number: ECW260309-01584-R1**
— Chase transfer date: May 8, 2026
— Chase's correspondent bank: BNY Mellon

**However, as it has become clear in practice, the existence of an OFAC license does not at all guarantee the actual delivery of funds to the ultimate beneficiary.**

JPMorgan Chase initiated the transfer through its correspondent bank BNY Mellon, after which BNY Mellon placed the funds on hold, despite JPMorgan having provided a valid OFAC license. The funds remain blocked within the correspondent banking chain without any reasonable timeline for resolution.

**At the same time, JPMorgan Chase has taken the position that it no longer controls the funds and has suggested that I deal directly with BNY Mellon, despite the fact that:**
**— I have no relationship whatsoever with BNY Mellon;**
**— BNY Mellon is exclusively JPMorgan's correspondent bank;**
**— I have no access to interbank communication or information regarding the status**

Gmail - Urgent Request for Assistance Regarding Failure to Execute OFAC-Licensed Transaction and Critical Medical Circumstances                    21.05.2026, 18:18

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 49 of 167

**of the funds.**

In practice, this has created a situation where a transaction already licensed by the U.S. government has become effectively impossible to execute.

According to OFAC guidance (FAQ 1106), the bank processing a licensed transaction has the right and the obligation to determine a reasonable means of executing it, relying on documents provided by the customer in the absence of any reason to believe that the transaction falls outside the scope of the license.

Furthermore, UCC Article 4A provides for the use of commercially reasonable alternative execution methods when the original transfer route becomes technically impossible or non-functional.

Despite this:
— JPMorgan Chase refuses to coordinate resolution of the hold with BNY Mellon;
— refuses to provide complete information regarding the status of the transfer;
— and, in fact, takes no action to seek an alternative lawful mechanism for executing the license or obtaining the return of the funds.

My situation is made more urgent by the fact that I am undergoing treatment for stage IV cancer, and the prolonged inability to access funds that have already been licensed by OFAC directly affects my ability to continue treatment.

In light of the above, I respectfully request your office to:
— initiate a congressional inquiry regarding the actual non-execution of an already OFAC-licensed transaction;
— request explanations from JPMorgan Chase and the relevant regulators;
— send an official inquiry to JPMorgan Chase with the following question: why did Chase, as the originating bank and holder of the OFAC license, fail to complete the transaction to the ultimate beneficiary, and why has it not requested the return of the funds from BNY Mellon for transmission through a different correspondent bank;
— and assist in ensuring the lawful completion of this already OFAC-authorized transfer.

Respectfully,

Evgeniy Ilin
Tel.: +971 50 167 1872

+1 (201) 502-8422
Email: ieasky017@gmail.com

---

**Приложений: 4**

📄 **Illin,Evgeniy.Final Letter.5.19.26.pdf**
119K

📄 **OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf**
174K

📄 **Original translation medical report by Evgeny Ilyin.pdf**
169K

Gmail - Urgent Request for Assistance Regarding Failure to Execute OFAC-Licensed Transaction and Critical Medical Circumstances

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 50 of 167    21.05.2026, 18:18

 **POWER OF ATTORNEY JP-OFAK.pdf**
468K

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 51 of 167

Gmail - URGENT TRACE REQUEST: UETR 44531299-1ad8-4ddb-a50f-0...termediary for 10 Days – Life-Threatening Medical Emergency          21.05.2026, 18:17

 Gmail

# URGENT TRACE REQUEST: UETR 44531299-1ad8-4ddb-a50f-0f1e186c2100 – Stuck at Intermediary for 10 Days – Life-Threatening Medical Emergency

1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                                                    12 мая 2026 г. в 19:52
Кому: gts.client.services@jpmchase.com
Копия: executive.office@chase.com, Chase Executive Office <chase.executive.office@chase.com>, "Shulman, Ilya" <ilya.shulman@jpmorgan.com>, krista.santoro@jpmchase.com

Dear GTS Client Services Team,

I am writing to request your immediate assistance with an urgent payment investigation.

**Case References:**

- **ECW260430-03517** (current)
- **ECW260312-02429-R1** (previous)
- **ECW260309-01584** (initial)
- **JPM221111-002281**
- **JPO221019-000407**
- **OFAC License No. RUSSIA-EO14024-2023-1033893-1**

**Payment Details:**

- **UETR:** 44531299-1ad8-4ddb-a50f-0f1e186c2100
- **Amount:** USD 206,712.21
- **Sender:** JPMorgan Chase (CHASUS33)
- **Beneficiary Bank:** OJSC "Eldik Bank" (SESVKG22), Kyrgyzstan
- **Status:** ACSP (stuck since May 2, 2026 — 10 days)
- **Current Case Number:** ECW260430-03517
- **OFAC License:** RUSSIA-EO14024-2023-1033893-1

**Issue:**

The payment has been stuck with the status ACSP since May 2, 2026. The beneficiary bank (OJSC "Eldik Bank") has confirmed that the funds have not been received. An external analysis of the SWIFT GPI tracking data indicates that the payment is being held at an intermediary bank in the correspondent chain and has not yet reached the final beneficiary.

**Request:**

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 52 of 167

We urgently request that you:

1. **Initiate a formal trace** on UETR 44531299-1ad8-4ddb-a50f-0f1e186c2100.
2. **Identify the intermediary bank** currently holding the funds using the gCCT Tracker or MT103 fields (Block 2 header, field 56a).
3. If the payment is stuck, **send an MT199 inquiry** to that intermediary to demand the immediate release or return of the funds.

**Urgency:**

This payment is required for **life-saving cancer treatment** (Stage IV). The beneficiary bank has also initiated forced closure of our corporate accounts, making it critical to resolve this matter before the funds are returned into the correspondent chain.

This request has also been escalated to the JPMorgan Executive Office (Angela Shelton, case ECW260430-03517) and Ms. Krista Santoro.

Please confirm receipt and advise on the next steps at your earliest convenience.

Respectfully,
Evgeniy Ilin
Director of the Branch of JSC "Sequoia" in the Kyrgyz Republic
Authorized Representative of JSC "Sequoia"
Phone: +1 (201) 502-84-22
Email: ieasky017@gmail.com

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 53 of 167

Gmail - Urgent Follow-Up Regarding Unresolved International Wire Transfer Case ECW260430-03517 – UETR 44531299    21.05.2026, 18:16



# Urgent Follow-Up Regarding Unresolved International Wire Transfer Case ECW260430-03517 – UETR 44531299

1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                                                13 мая 2026 г. в 12:52
Кому: executive.office@chase.com, Chase Executive Office <chase.executive.office@chase.com>, "Shulman, Ilya"
<ilya.shulman@jpmorgan.com>, krista.santoro@jpmchase.com, "Clark, Andrea M" <andrea.m.clark@jpmorgan.com>

## Case References:

- **ECW260430-03517** (current)
- **ECW260312-02429-R1** (previous)
- **ECW260309-01584** (initial)
- **JPM221111-002281**
- **JPO221019-000407**
- **OFAC License No. RUSSIA-EO14024-2023-1033893-1**

Dear Executive Office,

I am writing once again regarding the unresolved international USD payment previously released by JPMorgan under an OFAC-authorized process.



Since May 2, 2026, I have repeatedly attempted to contact JPMorgan Chase regarding this payment and requested assistance in understanding the routing and current location of the funds.

I have also repeatedly requested MT103 payment documentation in order to better understand the status and movement of the transfer through the correspondent banking chain.

However, despite multiple communications, I have not received any meaningful clarification regarding:
- where the funds are currently located;
- which correspondent/intermediary bank currently holds or processes the payment;
- whether the payment is under review, delayed, or pending return.

In addition, several of my communications were not acknowledged, and I did not receive confirmation that the information and requests had been received and reviewed.

As of today, nearly two weeks have passed since the last meaningful payment update dated May 2, 2026, while the transaction continues to remain in "In Progress" status.

At the same time, the beneficiary bank relationship in Kyrgyzstan is currently undergoing closure procedures, creating a serious risk of failed settlement and additional complications.

I respectfully request urgent assistance and clarification regarding:
- **the current location/status of the funds;**
- **the last correspondent/intermediary institution handling the payment;**
- **whether JPMorgan has contacted the intermediary bank regarding the delay;**
- **and provision of available MT103 / MT199 trace documentation related to this transf**er.

The funds remain unresolved, and I currently do not have access to them despite the extended period of time that has passed since release of the payment.

Thank you for your urgent attention to this matter.

Respectfully,

Evgeniy Ilin
Director of the Branch of JSC "Sequoia" in the Kyrgyz Republic
+971 50 167 1872
Email: ieasky017@gmail.com

Gmail - Request for Personal Assistance and Escalation — Case ECW260430-03517

 Gmail

Evgeniy Ilin <ieasky017@gmail.com>

## Request for Personal Assistance and Escalation – Case ECW260430-03517

1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                                          15 мая 2026 г. в 12:46
Кому: "Shulman, Ilya" <ilya.shulman@jpmorgan.com>, krista.santoro@jpmchase.com, "Clark, Andrea M"
<andrea.m.clark@jpmorgan.com>

Dear Krista, Dear Ilya,

I have submitted an updated comprehensive submission to the Executive Office regarding
Case ECW260430-03517 and payment UETR 44531299-1ad8-4ddb-a50f-0f1e186c2100.

**I want to be completely honest with you: at this point, my only remaining hope rests
with you.** I have exhausted every other avenue. I have no other bank accounts, no other
financial resources, and no other way to access these funds.

Unfortunately, the situation has now become critical. My medical treatment has already
been delayed beyond the expected timeline. The clinic in Germany was expecting the
funds before May 11, but treatment still cannot begin. Every additional day of delay
worsens my medical condition.

During my phone conversation with SaKiea, I learned that JPMorgan Chase made at least
three routing attempts, all rejected by intermediary banks. This confirms that the original
corporate route is no longer capable of completing the payment.

The situation worsened when Eldik Bank reviewed the OFAC-related documents. Following
this review, the bank chose to close all accounts of the Branch of JSC "Sequoia" to avoid
compliance risks. Opening a new corporate USD account is practically impossible due to
regional restrictions.

For this reason, I have requested that JPMorgan Chase consider completing the payment
through my personal account at Emirates NBD as the only remaining executable settlement
route.

**This is not a demand — it is a plea for help.** I am asking you, as fellow human beings, to
do whatever is within your power to help bring this matter to a resolution.

I respectfully draw your attention to UCC § 4-A-302, which permits a bank to use a
reasonable alternative route where the original is not feasible. I believe this provides a solid
legal foundation for approving the alternative settlement.

I kindly ask for your personal support in ensuring that a decision is reached within the next
three business days. Any further delay will have severe and potentially irreversible
consequences for my health.

Sincerely,
Evgeniy Ilin

Phone: +971 50 167 1872
Email: ieasky017@gmail.com

 Gmail

Evgeniy Ilin <ieasky017@gmail.com>

---

# URGENT: Discrepancy in License Status – Confirmation of Issued License RUSSIA-EO14024-2023-1033893-1 Needed by JPMorgan Chase

1 письмо

---

**Evgeniy Ilin** <ieasky017@gmail.com>                    24 апреля 2026 г. в 17:18
Кому: O_F_A_C@treasury.gov



To the OFAC Licensing Division,

I am writing to urgently request your assistance in resolving a critical discrepancy involving OFAC License No. **RUSSIA-EO14024-2023-1033893-1.**

On **April 23, 2026**, I received an official letter signed by **Heather Smith, Acting Chief of the Licensing Division**, stating: *"OFAC has carefully reviewed the information presented... and has determined that JPMorgan is authorized to return the funds."* A copy of this license is attached to this message.

However, JPMorgan Chase (case number ECW260312-02429) has informed me today, April 24, 2026, that they are unable to release the funds because, according to their check, the OFAC application status portal still shows this application as "pending" and that no

final determination has been made.

This situation is creating a life-threatening delay. The funds are required for **immediate, urgent cancer treatment**. Every day of waiting is critical.

I respectfully request that you:

1. Confirm the final, current status of this license.
2. If the license has been issued (as the attached document indicates), please urgently update the public portal and, most importantly, notify JPMorgan Chase directly that the license is valid and must be executed.
3. If possible, provide me with a brief confirmation by email that I can forward to the bank.

**Critical Contact Information:**

- **OFAC License Number:** RUSSIA-EO14024-2023-1033893-1
- **Applicant:** Evgeniy Ilin
- **Contact Email:** ieasky017@gmail.com
- **Contact Phone:** +1 (201) 502-84-22
- **Bank's Point of Contact:** Angela Shelton, JPMorgan Chase Executive Office
- **Bank's Case Number:** ECW260312-02429

Thank you for your urgent attention to this life-or-death matter.

Sincerely,
Evgeniy Ilin

---

 **OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf**
174K

 **Gmail**

# Case ECW260312-02429-R1 – Request for official confirmation of transfer (UETR provided)

1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                                        1 мая 2026 г. в 13:56
Кому: executive.office@chase.com, Chase Executive Office <chase.executive.office@chase.com>, "Shulman, Ilya" <ilya.shulman@jpmorgan.com>

### Case ECW260312-02429-R1

Dear Executive Office Team,

Thank you for releasing the wire transfer. I have received the UETR: **44531299-1ad8-4ddb-a50f-0f1e186c2100** and can see the payment is in progress.

To complete my records and for coordination with the receiving bank (OJSC «Eldik Bank»), I kindly request:

1. Official confirmation that the transfer has been executed.
2. A copy of the SWIFT MT103 or equivalent payment confirmation, if available.

The funds are urgently awaited for medical treatment. I appreciate your assistance in providing this documentation.

Sincerely,
Evgeniy Ilin
Phone: +971 50 167 1872
Email: ieasky017@gmail.com

# M Gmail

## A Message from Chase Executive Office

Писем: 6

**Chase Executive Office** <chase.executive.office@chase.com>                    26 марта 2026 г. в 20:36
Кому: "ieasky017@gmail.com" <ieasky017@gmail.com>

Dear Evgeniy Anatolievich Ilin:

We are writing to acknowledge receipt of your complaint with the Consumer Financial Protection Bureau (CFPB). Thank you for sharing your concerns. Once we have researched the matter, we will provide a response directly to you in the CFPB Portal.

If you have questions, please call us at 1-877-805-8049 and reference case number ECW260309-01584. We accept operator relay calls. We're here Monday through Friday from 8 a.m. to 9 p.m. and Saturday from 9 a.m. to 6 p.m. Eastern Time.

Sincerely,

Executive Office

1-877-805-8049

212-270-9300 International Executive Office

405-272-9935 International Customer Service

1-866-535-3403 Fax; it's free from any Chase branch

executive.office@chase.com

chase.com

This message is confidential and subject to terms at: https://www.jpmorgan.com/emaildisclaimer including on confidential, privileged or legal entity information, malicious content and monitoring of electronic messages. If you are not the intended recipient, please delete this message and notify the sender immediately. Any unauthorized use is strictly prohibited.

---

**Evgeniy Ilin** <ieasky017@gmail.com>                                               26 марта 2026 г. в 20:45
Кому: Chase Executive Office <chase.executive.office@chase.com>

**Follow-up on CFPB Complaint – Case ECW260309-01584**

Dear Sir or Madam,

Thank you for your acknowledgment of my complaint submitted through the CFPB.

Please note that I had previously contacted your office regarding this matter. I would appreciate it if you could provide an update based on your current review.

**For your reference, this inquiry relates to case number ECW260309-01584.**

**If you are unable to provide a direct response at this stage, kindly indicate the expected timeframe for your response through the CFPB portal.**

Additionally, I would be grateful if you could clarify how much longer your review is expected to take.

Thank you for your attention to this matter.

Kind regards,
Evgeniy Ilin

чт, 26 мар. 2026 г. в 20:36, Chase Executive Office <chase.executive.office@chase.com>:
[Цитируемый текст скрыт]

---

**Evgeniy Ilin** <ieasky017@gmail.com>                                              23 апреля 2026 г. в 01:21
Кому: Chase Executive Office <chase.executive.office@chase.com>

**case number ECW260309-01584**

Dear Pasqual,
Please find attached the OFAC license (License No. RUSSIA-EO14024-2023-1033893-1) authorising JPMorgan Chase to return the blocked funds in the amount of USD 206,712.21 to the originator, Joint Stock Company SEQUOIA.
As specified in the license, the funds are authorised to be returned to the originator at a non-blocked financial institution where the originator maintains an account.
JPMorgan Case References (as per your records):

- ECW260309-01584
- JPM221111-002281
- JPO221019-000407Щафс

Transaction Reference:

- 0606420292FC

## Originator Account Details (Non-Blocked Financial Institution)
We confirm that the originator, Joint Stock Company "SEQUOIA", maintains an account through its duly registered branch in the Kyrgyz Republic, which operates as part of the same legal entity structure.
Beneficiary:
Branch of Joint Stock Company "SEQUOIA"
Account No:
1299003150040461
Bank:
OJSC Eldik Bank (Kyrgyz Republic)
SWIFT: SESVKG22
Intermediary bank (for USD):
Zhejiang Chouzhou Commercial Bank Co., Ltd.
SWIFT: CZCBCN2X (for Mainland China use only)
This account is maintained in a fully compliant, non-sanctioned financial institution and is suitable for execution of the OFAC license.

## Supporting Documentation
The attached package includes all documents confirming:

- Legal structure and registration of the SEQUOIA branch in Kyrgyzstan
- Authority of representation (Power of Attorney)
- Relationship between the originator and the Kyrgyz branch
- Bank account details and payment instructions
- Corporate documents (EGRUL, tax certificates, etc.)
- SWIFT MT103 and transaction history
- Medical documentation (diagnosis, clinic readiness, patient program)

## Communication Note
Communication with the originating bank (Maritime Bank JSC, Russia) is not feasible due to its disconnection from the SWIFT network and its own sanctions status. Therefore, execution via the originator's alternative non-blocked account is the only viable option.

## Humanitarian Context – Extreme Urgency
I am the patient – Evgeniy Ilin – diagnosed with colon cancer (C18.2). My medical condition has been deteriorating, and I have

already waited over three years for this resolution. Every additional day directly threatens my life.

As you may recall, I filed a complaint with the Consumer Financial Protection Bureau (CFPB) on March 12, 2026 (Complaint ID 260312-29888941). In your formal response to the CFPB on March 27, 2026, you confirmed that:

"Once OFAC authorises the unblocking of the funds and provides a license, the unblocking process will take approximately 60 to 90 business days to complete."

I have now obtained the OFAC license. However, the additional 60–90 business days required by JPMorgan Chase for the actual release only heighten the urgency. The German clinic that is ready to treat me requires an advance payment of EUR 20,000 before starting diagnostics and therapy (see attached clinic letter and patient program).

## Request

In light of the above, I kindly request JPMorgan Chase to:

1. Proceed with the return of the blocked funds to the originator's account in Kyrgyzstan in accordance with the OFAC license without any further delay.
2. Confirm once the payment has been initiated and provide the expected completion date.

Please do not hesitate to contact me directly if any additional information is required.

Thank you for your prompt attention to this life-saving matter.

| No. | Document Description |
|-----|---------------------|
| 1 | OFAC License No. RUSSIA-EO14024-2023-1033893-1 |
| 2 | Power of Attorney from JSC Sequoia to Evgeniy Ilin |
| 3 | Passport of Evgeniy Ilin |
| 4 | Bank account details of the Kyrgyz branch (OJSC Eldik Bank) |
| 5 | Certificate of state registration of the branch (English translation) |
| 6 | Resolution appointing Evgeniy Ilin as Director of the branch |
| 7 | Resolution to establish the branch in Kyrgyzstan |
| 8 | Extract from the Unified State Register of Legal Entities (EGRLE) – JSC Sequoia |
| 9 | Federal Tax Service certificate (new location) |
| 10 | Amendments to the EGRLE (change of address) |
| 11 | Medical certificate (colon cancer diagnosis, original Russian + English translation) |
| 12 | Letter from German clinic confirming readiness to treat |
| 13 | Patient admission program with advance payment of EUR 20,000 (English) |
| 14 | SWIFT MT103 and transaction documentation (proof of blocking) |
| 15 | CFPB complaint (ID 260312-29888941) and JPMorgan's response (for reference) |

Kind regards,
Evgeniy Ilin
Attorney-in-Fact for JSC SEQUOIA
(acting under Power of Attorney valid until 31 December 2026)
Email: ieasky017@gmail.com
Phone: +971 50 167 1872

чт, 26 мар. 2026 г. в 20:36, Chase Executive Office <chase.executive.office@chase.com>:

Dear Evgeniy Anatolievich Ilin:

[Цитируемый текст скрыт]
[Цитируемый текст скрыт]
[Цитируемый текст скрыт]

---

**Приложений: 24**

 **letter from the clinic with readiness to accept Ilin Evgeniy.pdf**
326K

**Amendments to the Unified State Register of Legal Entities (location).pdf**
204K

**Branch_Registration_SEQUOIA_Official_EN signed.pdf**
43K

**Реквизиты в долларах США.docx**
30K

**MT-103.pdf**
110K

**Decision on the appointment of the director of the branch of JSC SEQUOYA.pdf**
704K

**Details of the Branch of JSC Sequoia in dollars (in English).pdf**
3K

**Decision on the establishment of a JSC and the election of the President.pdf**
1671K

**Decision to establish a branch of JSC SEQUOYA.pdf**
854K

**Federal Tax Service Certificate (new location).pdf**
220K

**Medical report by Evgeniy Ilyin.pdf**
268K

**Message from the Bank.pdf**
110K

**Passport Ilin Evgeniy.pdf**
752K

**Original translation medical report by Evgeny Ilyin.pdf**
169K

**Patient Program Ilyin E 2025 English.pdf**
303K

**Passport of V.P. Dyatlov.pdf**
930K

**POWER OF ATTORNEY JP-OFAK.docx**
18K

**POWER OF ATTORNEY JP-OFAK.pdf**
468K

**SEQUOIA_Branch_Registration signed.pdf**
1087K

**Resolution-scan (1).pdf**
2149K

**SEQUOIA_Branch_Registration.pdf**
1310K

**Unified State Register of Legal Entities (EGRLE) entry sheet.pdf**
12341K

**xhibit_I_CFPB_Full_Correspondence.pdf**
105K

📄 **OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf**
174K

---

**Chase Executive Office** <chase.executive.office@chase.com>                    23 апреля 2026 г. в 20:21
Кому: "ieasky017@gmail.com" <ieasky017@gmail.com>

Dear Evgeniy Anatolievich Ilin:

We are writing to acknowledge receipt of your complaint with the Consumer Financial Protection Bureau (CFPB). Thank you for sharing your concerns. Once we have researched the matter, we will provide a response directly to you in the CFPB Portal.

If you have questions, please call us at 1-877-805-8049 and reference case number ECW260309-01584-R1. We accept operator relay calls. We're here Monday through Friday from 8 a.m. to 9 p.m. and Saturday from 9 a.m. to 6 p.m. Eastern Time.

Sincerely,

Executive Office

1-877-805-8049

212-270-9300 International Executive Office

405-272-9935 International Customer Service

1-866-535-3403 Fax; it's free from any Chase branch

executive.office@chase.com

chase.com

[Цитируемый текст скрыт]

---

**Evgeniy Ilin** <ieasky017@gmail.com>                    23 апреля 2026 г. в 20:48
Кому: Chase Executive Office <chase.executive.office@chase.com>

**Urgent: OFAC Licensed Transaction – Medical Necessity & Request for Priority Handling (Case ECW260309-01584-R1)**

Dear Executive Office,

Thank you for your message and for acknowledging receipt of my CFPB complaint.

I would like to kindly clarify that the OFAC license (No. RUSSIA-EO14024-2023-1033893-1), authorizing the return of the blocked funds, has already been issued and previously provided, together with the full set of supporting documents and payment instructions.

I respectfully request confirmation that the OFAC license and all related documentation have been forwarded to the appropriate sanctions processing team for execution.

**I must emphasize that these funds are critically required for urgent medical treatment. Due to the prolonged waiting period associated with the OFAC process, I have been unable to begin my treatment, and the continued delay is directly impacting my health. In light of these circumstances, I kindly but strongly request that my case be treated with the highest possible priority and that expedited processing be applied.**

If feasible, I would also greatly appreciate the opportunity to communicate directly **with Ms. SaKiea (** or the responsible officer

overseeing this matter), should this be possible, in order to ensure timely coordination and avoid any further delays.

Please let me know if any additional information or documentation is required from my side to facilitate immediate execution.

**For ease of reference:**
**Current case number: ECW260309-01584-R1**
**Previous case number: ECW260309-01584**

Thank you in advance for your urgent attention to this matter.

Sincerely,
Evgeniy Ilin

Чт, 23 апр. 2026 г. в 19:21, Chase Executive Office <chase.executive.office@chase.com>:
[Цитируемый текст скрыт]

---

**Evgeniy Ilin** <ieasky017@gmail.com>                                                    24 апреля 2026 г. в 16:50
Кому: Chase Executive Office <chase.executive.office@chase.com>

**Confirmation of OFAC License Processing – Case ECW260309-01584-R1**

Dear Ms. Sakiea,

I hope you are well.

I am writing regarding my **case ECW260309-01584-R1** and to follow up on the documentation I recently submitted, including the OFAC license and full supporting package.

Could you please confirm:

1. That all submitted documents have been received and accepted for processing;
2. That the OFAC license and related documentation have been forwarded to the appropriate sanctions/compliance or payments team for execution.

If any additional information, clarification, or documentation is required from my side, I kindly ask you to inform me as soon as possible. I am ready to provide any requested documents immediately to avoid any delay.

Thank you in advance for your assistance and prompt attention to this matter.

Kind regards,
Evgeniy Ilin

чт, 23 апр. 2026 г. в 20:21, Chase Executive Office <chase.executive.office@chase.com>:
[Цитируемый текст скрыт]

 Gmail

---

## Subject: URGENT LIFE/DEATH EMERGENCY: JPMorgan Chase Bank N.A. – Non-Compliance with OFAC License No. RUSSIA-EO14024-2023-1033893-1, Deliberate Delay in Releasing Funds for Cancer Treatment – CFPB Complaint 260422-31717414 Pending

1 письмо

---

**Evgeniy Ilin** <ieasky017@gmail.com>                                      23 апреля 2026 г. в 16:44
Кому: Consumer Complaints <Consumercomplaints@occ.treas.gov>

**Subject: URGENT LIFE/DEATH EMERGENCY: JPMorgan Chase Bank N.A. – Non-Compliance with OFAC License No. RUSSIA-EO14024-2023-1033893-1, Deliberate Delay in Releasing Funds for Cancer Treatment – CFPB Complaint 260422-31717414 Pending**

To the Office of the Comptroller of the Currency (OCC),
Customer Assistance Group.

I, Evgeniy Anatolievich Ilin, acting under a legally valid Power of Attorney from Joint Stock Company "SEQUOIA" (OGRN 1207700261317, TIN 9703014733), file this formal complaint against **JPMorgan Chase Bank, N.A.** (hereinafter the "Bank") for gross violations of U.S. sanctions compliance procedures, specifically: failure to execute a valid OFAC license and deliberate obstruction of the return of blocked funds under circumstances that pose a direct threat to human life.

## 1. FACTUAL BACKGROUND

1.1. In October 2022, JSC SEQUOIA initiated an international wire transfer in the amount of **USD 207,162.00** through a chain of correspondent banks. The transfer was blocked by JPMorgan Chase Bank, N.A. as part of sanctions screening under Executive Order 14024 (Russia-related sanctions) and placed in a segregated, interest-bearing account.

1.2. In February 2023, JSC SEQUOIA submitted an application to the Office of Foreign Assets Control (OFAC), U.S. Department of the Treasury, requesting a specific license authorizing the release and return of the blocked funds.

1.3. On **April 23, 2026**, OFAC issued License **No. RUSSIA-EO14024-2023-1033893-1**, explicitly authorizing JPMorgan Chase to return the funds in the amount of **USD 206,712.21** to the originator at a non-blocked financial institution where the originator maintains an account (copy attached).

1.4. Despite having received the OFAC license, and despite multiple written and telephonic requests, the Bank has:

- Refused to confirm receipt of the license;
- Failed to provide any timeline for execution;

- **Completely ceased all communication** with the authorized representative for the past 2–3 weeks, ignoring all inquiries.

1.5. The only channel through which the Bank has responded at all is the federal regulator, the Consumer Financial Protection Bureau (CFPB). A prior CFPB complaint (ID **260312-29888941**) compelled the Bank to issue a formal response, after which communication was again severed. A new CFPB complaint (ID **260422-31717414**) was filed on April 22, 2026, and is currently pending. However, the time remaining for the patient is rapidly running out.

## 2. URGENT MEDICAL NECESSITY

2.1. The funds unlawfully withheld by the Bank represent the sole source for payment of life-saving medical treatment for **Mr. Evgeniy Anatolievich Ilin** (date of birth: January 17, 1985), who is both the authorized representative of JSC SEQUOIA and the individual in dire need of medical intervention.

2.2. According to the attached medical report from the Republican Clinical Hospital named after G.G. Kuvatov (Ufa, Russian Federation), the patient has been diagnosed with **malignant neoplasm of the descending colon (ICD-10 code C18.2), high-grade adenocarcinoma with regional lymphadenopathy (Stage 4)**. The patient's condition is assessed as severe, with an extremely high risk of disease progression and the development of life-threatening complications, including intestinal obstruction, hemorrhage, and cachexia.

2.3. Professor Dr. Elke Jäger, Head of the Oncology Department at Krankenhaus Nordwest (Frankfurt am Main, Germany), has confirmed in an official letter the clinic's readiness to admit the patient for immediate diagnostic assessment and treatment initiation. Per clinic policy, an advance payment of **EUR 20,000** is required (copy attached).

2.4. Every day of delay caused by the Bank's inaction directly diminishes the patient's chances of survival and contradicts fundamental humanitarian principles.

## 3. VIOLATIONS BY JPMORGAN CHASE BANK, N.A.

3.1. Based on the foregoing, the Bank is in violation of:

- A direct order from OFAC, embodied in License No. RUSSIA-EO14024-2023-1033893-1;
- The principles of fair dealing with consumers of financial services as established by the Consumer Financial Protection Act;
- Its own stated standards of corporate responsibility and ethical conduct.

3.2. The Bank is deliberately employing a "radio silence" tactic, calculating that the applicant cannot effectively protect his rights absent intervention by federal agencies. Such conduct is unacceptable, particularly in the context of a humanitarian crisis.

## 4. REQUESTED RELIEF

Gmail - Subject: URGENT LIFE/DEATH EMERGENCY: JPMorgan Chas... Cancer Treatment — CFPB Complaint 260422-31717414 Pending      21.05.2026, 18:00

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 68 of 167

I respectfully request that the Office of the Comptroller of the Currency:

1. **Find that JPMorgan Chase Bank, N.A.'s inaction violates consumer rights and OFAC's directives.**

2. **Order the Bank to resume communication within 24 hours, confirm receipt of the OFAC license, and designate a responsible point of contact.**

3. **Order the Bank to complete the transfer of USD 206,712.21 to the designated account of the Branch of JSC SEQUOIA at OJSC "Eldik Bank" (Kyrgyz Republic) within no more than 5 (five) business days from receipt of this complaint.**

4. **Apply enforcement measures against the Bank in the event of continued non-compliance with the OFAC license.**


## 5. ATTACHMENTS

- Copy of OFAC License No. RUSSIA-EO14024-2023-1033893-1;

- Copy of CFPB Complaint ID 260422-31717414 and the Bank's prior response to Complaint ID 260312-29888941;

- Power of Attorney from JSC SEQUOIA to Evgeniy Ilin;

- Medical report confirming Stage 4 colon cancer diagnosis (original and English translation);

- Letter from Krankenhaus Nordwest confirming urgent medical need and advance payment requirement.

Respectfully submitted,

Evgeniy Anatolievich Ilin
Authorized Attorney-in-Fact for JSC SEQUOIA
Phone: **+1 (201) 502-84-22**
Email: **ieasky017@gmail.com**
Date: April 23, 2026

---

**Приложений: 5**



**POWER OF ATTORNEY JP-OFAK.pdf**
468K

**Original translation medical report by Evgeny Ilyin.pdf**
169K

**letter from the clinic with readiness to accept Ilin Evgeniy.pdf**
326K

**260422-31717414.pdf**
140K

**260312-29888941.pdf**
105K

 **Gmail**

# Thank you for contacting J.P.Morgan RE:[Subject: Inquiry regarding blocked correspondent funds and OFAC license implementation], Case ID [C20260315BYPPC1]

1 письмо

---

**no-reply-payments client service** <no.reply.payments.client.service@jpmorgan.com>          15 марта 2026 г. в 14:44
Кому: "ieasky017@gmail.com" <ieasky017@gmail.com>

Dear Valued Client,

Thank you for contacting J.P. Morgan. We acknowledge receipt of your inquiry and we will provide a response as soon as possible.

A Case number has been assigned and is listed in the subject line of this email. Please ensure Case Number is included in the subject line of any subsequent email communication.

*As J.P. Morgan continues to enhance our digital client experience, we are pleased to announce that we have launched J.P. Morgan **Trade Express Inquiry** tool, enabling you to determine the status of your trade transactions using an intuitive, near real-time, open-source self-service tool, online, and on demand.*

*Click on the following link to access Trade Express Inquiry:* https://tradeexpressinquiry.jpmorgan.com/tradeinq

*You can also access the new tool and find other Trade & Working Capital products and services here:* https://www.jpmorgan.com/payments/solutions/trade-and-working-capital

Thank you,

**Trade & Working Capital | Payments Solution Center | J.P. Morgan Payments | J.P. Morgan|**
**gts.client.services@jpmorgan.com**

**Data Privacy:** For your protection, please remember to mask sensitive data, such as account numbers and tax identification numbers on all emails (e.g. for TIN xx-xxx-1234, or account xxxxx5789)

**From:** ieasky017@gmail.com
**Subject:** Subject: Inquiry regarding blocked correspondent funds and OFAC license implementation

**Dear JPMorgan Chase Team,**

**I respectfully request your guidance regarding funds that were blocked during USD correspondent processing through JPMorgan Chase Bank.**

**Transaction Reference**
**REF 0606420292FC**

**Correspondent Bank SWIFT**
**CHASUS33**

**Amount**
**USD 207162**

**The matter has been internally registered within JPMorgan Chase under the following sanctions**

investigation references:

**JPM221111 002281**
**JP0221019 000407**

**An application for a specific license has been submitted to the U.S. Department of the Treasury Office of Foreign Assets Control.**

**OFAC Case Reference**
**RUSSIA EO14024 2023 1033893 1**

**The application is currently under review.**

**In order to ensure that the OFAC license can be implemented without delay once issued, I would be grateful if you could kindly advise which department or contact within JPMorgan Chase is responsible for handling OFAC licenses related to blocked correspondent funds.**

**Your assistance in directing this inquiry to the appropriate team would be greatly appreciated.**

**Kind regards**
**Evgeniy Ilin**

This message is confidential and subject to terms at: https://www.jpmorgan.com/emaildisclaimer including on confidential, privileged or legal entity information, malicious content and monitoring of electronic messages. If you are not the intended recipient, please delete this message and notify the sender immediately. Any unauthorized use is strictly prohibited.

 **Gmail**

Evgeniy Ilin <ieasky017@gmail.com>

## A Message from Chase Executive Office
Писем: 4

**Chase Executive Office** <chase.executive.office@chase.com>    21 марта 2026 г. в 02:02
Кому: "ieasky017@gmail.com" <ieasky017@gmail.com>

Dear Evgeniy D Ilin:

Thank you for contacting us about your concerns. I am the point of contact for your case number ECW260312-02429 and will respond to you by phone or in writing when our research is complete.

If you have questions, please call SaKiea at 1-877-805-8049, extension 105-007-3788. We accept operator relay calls. Our office is available Monday through Friday from 8 a.m. to 9 p.m. and Saturday 9 a.m. to 6 p.m. Eastern Time. I am in the office Monday through Friday from 9 a.m. to 6 p.m. Eastern Time.

Sincerely,

Executive Office

1-877-805-8049

1-866-535-3403 Fax; it's free from any Chase branch

chase.com

This message is confidential and subject to terms at: https://www.jpmorgan.com/emaildisclaimer including on confidential, privileged or legal entity information, malicious content and monitoring of electronic messages. If you are not the intended recipient, please delete this message and notify the sender immediately. Any unauthorized use is strictly prohibited.

**Evgeniy Ilin** <ieasky017@gmail.com>    23 марта 2026 г. в 11:32
Кому: Chase Executive Office <chase.executive.office@chase.com>

OFAC License Status Alignment

Dear SaKiea,

I wanted to briefly align on the current status of the OFAC license.

OFAC Case Reference: RUSSIA EO14024 2023 1033893 1
JPMorgan Case Reference: ECW260312-02429

Given the timeline and the current stage of the case, I wanted to check whether there have been any recent updates from OFAC.

It may also make sense to reconfirm the current status from the bank's side, just to ensure everything is progressing as expected.

Please let me know if there is anything further required from my side.

Kind regards,
Evgeniy Ilin

сб, 21 мар. 2026 г. в 02:02, Chase Executive Office <chase.executive.office@chase.com>:

[Цитируемый текст скрыт]

---

**Evgeniy Ilin** <ieasky017@gmail.com>                                                    9 апреля 2026 г. в 11:46
Кому: Chase Executive Office <chase.executive.office@chase.com>

**Urgent Follow-Up Request – OFAC Blocked Funds Status and Verification
case number ECW260312-02429**

Dear SaKiea,

I hope you are doing well.

I am writing to follow up regarding the funds currently blocked in connection with OFAC case No. RUSSIA-EO14024 2023 1033893, related to the transaction dated October 12, 2022, in the amount of USD 207,162.00.

For your reference, the relevant cases and identifiers are as follows:
OFAC Case No.: RUSSIA-EO14024 2023 1033893
CFPB Case No.: 260312-29888941
JPMorgan Case: **ECW260312-02429**

As confirmed in the response provided by JPMorgan Chase, the funds remain held in a segregated, interest-bearing account in accordance with U.S. sanctions regulations under Russia EO14024, and JPMorganChase acts solely as the intermediary bank in this transaction.

It was also indicated that all updates regarding the status of the funds should be communicated through the sending bank or the beneficiary bank to their respective clients.

**At the same time, I would like to clarify that the sending bank is currently disconnected from the SWIFT system, which significantly limits direct communication channels. For this reason, I am acting as the primary point of contact and have previously provided a power of attorney to facilitate communication and coordination regarding this matter.**

The case has now been pending for approximately 99 working days, including 49 working days in Pending Management Review 2, and remains unresolved with no recent updates.

**Given the extended delay, I would kindly ask whether your team could review the status of this matter from your side and confirm:**

**- whether any updates or communications have been received from OFAC, including with respect to a potential license decision;**
**- whether there has been any internal communication or inquiry initiated with OFAC regarding this case;**
**- and whether any additional steps may be required from your side or mine to facilitate progress.**

Additionally, if possible, I would greatly appreciate any follow-up your team may be able to initiate with OFAC to clarify the current status of the case, particularly in light of the prolonged timeline and the circumstances described above.

This matter has become critically urgent for me due to medical reasons, and access to these funds is essential for proceeding with necessary treatment.

Please let me know if any further information or documentation is required from my side.

Thank you very much for your time, attention, and support.

Kind regards,
Evgeniy Ilin
+1 201 502 -8422
+971 50 167 1872

сб, 21 мар. 2026 г. в 02:02, Chase Executive Office <chase.executive.office@chase.com>:


Dear Evgeniy D Ilin:

[Цитируемый текст скрыт]
[Цитируемый текст скрыт]

---

**Evgeniy Ilin** <ieasky017@gmail.com>                                    23 апреля 2026 г. в 01:38
Кому: Chase Executive Office <chase.executive.office@chase.com>

# MEDICAL URGENCY – OFAC License obtained – Release of funds for cancer treatment (JPM221111-002281 / JPO221019-000407)

**case number ECW260309-01584**

Dear SaKieal,
Please find attached the OFAC license (License No. RUSSIA-EO14024-2023-1033893-1) authorising JPMorgan Chase to return the blocked funds in the amount of USD 206,712.21 to the originator, Joint Stock Company SEQUOIA.
As specified in the license, the funds are authorised to be returned to the originator at a non-blocked financial institution where the originator maintains an account.
JPMorgan Case References (as per your records):

- ECW260309-01584
- JPM221111-002281
- JPO221019-000407Щафс

Transaction Reference:

- 0606420292FC

## Originator Account Details (Non-Blocked Financial Institution)

**We confirm that the originator, Joint Stock Company "SEQUOIA", maintains an account through its duly registered branch in the Kyrgyz Republic, which operates as part of the same legal entity structure.**
**Beneficiary:**
**Branch of Joint Stock Company "SEQUOIA"**
**Account No:**
**1299003150040461**
**Bank:**
**OJSC Eldik Bank (Kyrgyz Republic)**
**SWIFT: SESVKG22**
**Intermediary bank (for USD):**
**Zhejiang Chouzhou Commercial Bank Co., Ltd.**
**SWIFT: CZCBCN2X**
**This account is maintained in a fully compliant, non-sanctioned financial institution and is suitable for execution of the OFAC license.**

## Supporting Documentation
The attached package includes all documents confirming:

- Legal structure and registration of the SEQUOIA branch in Kyrgyzstan
- Authority of representation (Power of Attorney)
- Relationship between the originator and the Kyrgyz branch
- Bank account details and payment instructions
- Corporate documents (EGRUL, tax certificates, etc.)
- SWIFT MT103 and transaction history
- Medical documentation (diagnosis, clinic readiness, patient program)

## Communication Note
Communication with the originating bank (Maritime Bank JSC, Russia) is not feasible due to its disconnection from the SWIFT network and its own sanctions status. Therefore, execution via the originator's alternative non-blocked account is the only viable option.

## Humanitarian Context – Extreme Urgency
I am the patient – Evgeniy Ilin – diagnosed with colon cancer (C18.2). My medical condition has been deteriorating, and I have

already waited over three years for this resolution. Every additional day directly threatens my life.

As you may recall, I filed a complaint with the Consumer Financial Protection Bureau (CFPB) on March 12, 2026 (Complaint ID 260312-29888941). In your formal response to the CFPB on March 27, 2026, you confirmed that:

"Once OFAC authorises the unblocking of the funds and provides a license, the unblocking process will take approximately 60 to 90 business days to complete."

I have now obtained the OFAC license. However, the additional 60–90 business days required by JPMorgan Chase for the actual release only heighten the urgency. The German clinic that is ready to treat me requires an advance payment of EUR 20,000 before starting diagnostics and therapy (see attached clinic letter and patient program).

## Request

In light of the above, I kindly request JPMorgan Chase to:

1. Proceed with the return of the blocked funds to the originator's account in Kyrgyzstan in accordance with the OFAC license without any further delay.
2. Confirm once the payment has been initiated and provide the expected completion date.

Please do not hesitate to contact me directly if any additional information is required.
Thank you for your prompt attention to this life-saving matter.

| No. | Document Description |
|---|---|
| 1 | OFAC License No. RUSSIA-EO14024-2023-1033893-1 |
| 2 | Power of Attorney from JSC Sequoia to Evgeniy Ilin |
| 3 | Passport of Evgeniy Ilin |
| 4 | Bank account details of the Kyrgyz branch (OJSC Eldik Bank) |
| 5 | Certificate of state registration of the branch (English translation) |
| 6 | Resolution appointing Evgeniy Ilin as Director of the branch |
| 7 | Resolution to establish the branch in Kyrgyzstan |
| 8 | Extract from the Unified State Register of Legal Entities (EGRLE) – JSC Sequoia |
| 9 | Federal Tax Service certificate (new location) |
| 10 | Amendments to the EGRLE (change of address) |
| 11 | Medical certificate (colon cancer diagnosis, original Russian + English translation) |
| 12 | Letter from German clinic confirming readiness to treat |
| 13 | Patient admission program with advance payment of EUR 20,000 (English) |
| 14 | SWIFT MT103 and transaction documentation (proof of blocking) |
| 15 | CFPB complaint (ID 260312-29888941) and JPMorgan's response (for reference) |

Kind regards,
Evgeniy Ilin
Attorney-in-Fact for JSC SEQUOIA
(acting under Power of Attorney valid until 31 December 2026)
Email: ieasky017@gmail.com
Phone: +971 50 167 1872

сб, 21 мар. 2026 г. в 02:02, Chase Executive Office <chase.executive.office@chase.com>:

Dear Evgeniy D Ilin:

[Цитируемый текст скрыт]
[Цитируемый текст скрыт]

---

**Приложений: 24**

 **Реквизиты в долларах США.docx**
30K

**MT-103.pdf**
110K

**Branch_Registration_SEQUOIA_Official_EN signed.pdf**
43K

** letter from the clinic with readiness to accept Ilin Evgeniy.pdf**
326K

**Amendments to the Unified State Register of Legal Entities (location).pdf**
204K

**Details of the Branch of JSC Sequoia in dollars (in English).pdf**
3K

**Decision on the appointment of the director of the branch of JSC SEQUOYA.pdf**
704K

**Federal Tax Service Certificate (new location).pdf**
220K

**Decision to establish a branch of JSC SEQUOYA.pdf**
854K

**Decision on the establishment of a JSC and the election of the President.pdf**
1671K

**Message from the Bank.pdf**
110K

**Medical report by Evgeniy Ilyin.pdf**
268K

**Original translation medical report by Evgeny Ilyin.pdf**
169K

**Passport Ilin Evgeniy.pdf**
752K

**Passport of V.P. Dyatlov.pdf**
930K

**Patient Program Ilyin E 2025 English.pdf**
303K

**POWER OF ATTORNEY JP-OFAK.docx**
18K

**POWER OF ATTORNEY JP-OFAK.pdf**
468K

**Resolution-scan (1).pdf**
2149K

**SEQUOIA_Branch_Registration signed.pdf**
1087K

**OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf**
174K

**SEQUOIA_Branch_Registration.pdf**
1310K

**Unified State Register of Legal Entities (EGRLE) entry sheet.pdf**
12341K

**xhibit_I_CFPB_Full_Correspondence.pdf**
105K

 Gmail

## Chase Executive Office - Please Call Us

Писем: 3

**Chase Executive Office** <chase.executive.office@chase.com>                28 апреля 2026 г. в 20:32
Кому: "ieasky017@gmail.com" <ieasky017@gmail.com>

Dear Evgeniy Ilin,

We are trying to reach you to discuss your recent email that was escalated to our office but haven't been able to reach you.

Please call SaKiea at 1-877-805-8049, extension 105-007-3788 at your earliest convenience. We accept operator relay calls. We're here Monday through Friday from 8 a.m. to 9 p.m., and Saturday from 9 a.m. to 6 p.m. Eastern Time.

We look forward to hearing from you!

Sincerely,

Chase Executive Office

1-877-805-8049

Chase.com

Reference Number: ECW260312-02429-R1

This message is confidential and subject to terms at: https://www.jpmorgan.com/emaildisclaimer including on confidential, privileged or legal entity information, malicious content and monitoring of electronic messages. If you are not the intended recipient, please delete this message and notify the sender immediately. Any unauthorized use is strictly prohibited.

**Evgeniy Ilin** <ieasky017@gmail.com>                28 апреля 2026 г. в 20:45
Кому: Chase Executive Office <chase.executive.office@chase.com>

**Urgent – OFAC Licensed Payment Execution – Case ECW260309-01584-R1/ ECW260312-02429-R1**

**Reference Number: ECW260312-02429-R1**

Dear SaKiea,

Thank you for your call requesting payment instructions.

Please find below the wire transfer details for USD 206,712.21:

**Beneficiary:**
Branch of Joint Stock Company "SEQUOIA"
Account Number: 1299003150040461

**Beneficiary Bank:**
OJSC "Eldik Bank"
SWIFT: SESVKG22
Address: 80/1, Moscow St., Bishkek, Kyrgyzstan

**Intermediary Bank (if required for USD routing):**
Zhejiang Chouzhou Commercial Bank Co., Ltd.
SWIFT: CZCBCN2X

For your reference, I am attaching the following documents:

1. Official payment instructions from OJSC "Eldik Bank" (Details of the Branch of JSC Sequoia in dollars - in English)

2. OFAC License No. RUSSIA-EO14024-2023-1033893-1

Please confirm the expected execution date. The receiving bank will be closed for holidays from May 1 to May 10, so prompt processing is critical.

Sincerely,
Evgeniy Ilin
Phone: +7 917 432 42 42

вт, 28 апр. 2026 г. в 20:32, Chase Executive Office <chase.executive.office@chase.com>:
[Цитируемый текст скрыт]

**Приложений: 3**

📄 **POWER OF ATTORNEY JP-OFAK.pdf**
468K

📄 **Details of the Branch of JSC Sequoia in dollars (in English).pdf**
3K

📄 **OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf**
174K

---

**Evgeniy Ilin** <ieasky017@gmail.com>                                    29 апреля 2026 г. в 13:36
Кому: Chase Executive Office <chase.executive.office@chase.com>

**Follow-up – Payment Status – Case ECW260312-02429-R1**

Dear SaKiea,

Dear Team,

I would kindly like to confirm whether the payment for case ECW260312-02429-R1 has been initiated today.

**This is very time-sensitive due to the upcoming banking holidays in Kyrgyzstan.**

Thank you very much for your assistance.

Kind regards,
Evgeniy Ilin

вт, 28 апр. 2026 г. в 20:32, Chase Executive Office <chase.executive.office@chase.com>:

Dear Evgeniy Ilin,

[Цитируемый текст скрыт]
[Цитируемый текст скрыт]

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 80 of 167

Gmail - URGENT ESCALATION: JPMorgan Chase ignores issued OFAC ...tening delay due to Kyrgyz bank holidays May 1–30 (Follow-up)    21.05.2026, 17:56

 Gmail

Evgeniy Ilin <ieasky017@gmail.com>

# URGENT ESCALATION: JPMorgan Chase ignores issued OFAC license – All documents confirmed – Life-threatening delay due to Kyrgyz bank holidays May 1–10 (Follow-up)

1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                                         28 апреля 2026 г. в 11:19
Кому: Consumer Complaints <Consumercomplaints@occ.treas.gov>

To the Office of the Comptroller of the Currency, Customer Assistance Group,
I am writing to urgently escalate my previously filed complaint against JPMorgan Chase Bank, N.A.
Since filing my initial complaint, the following has occurred:

1. OFAC License Confirmed: License No. RUSSIA-EO14024-2023-1033893-1 was officially issued on April 22, 2026, authorizing the return of $206,712.21.
2. **Bank Acknowledged Receipt: During a phone call on Monday, April 27, a JPMorgan Chase Executive Office representative confirmed they have received all required documents, including the OFAC license, my Power of Attorney, the non-sanctioned account details, and medical records confirming Stage4 colon cancer and urgent need for treatment.**
3. **No Execution or Timeline: Despite this confirmation, the bank refuses to provide a transfer date. The only remaining step is internal processing of the transfer, yet the bank continues to delay without explanation.**
4. Kyrgyz bank holidays (Critical): The receiving bank in Kyrgyzstan will be closed from May 1 through May 10. If the transfer is not executed by April 30, the funds will not be credited until May 11 at the earliest. This additional delay will be life-threatening, as the German clinic requires an immediate advance payment to begin my cancer treatment.

**I respectfully but firmly request that the OCC immediately intervene and compel JPMorgan Chase to:**

- **Confirm within 24 hours that the transfer will be executed.**
- **Complete the transfer of $206,712.21 within 3 to 5 business days, and absolutely no later than April 29, so that the funds are received before the long banking holiday.**

This is not a routine matter. A valid federal license has been issued, all documents are with the bank, and any further delay risks irreversible harm.
Thank you for your urgent attention.
Sincerely,
Evgeniy Ilin
Phone: +1 (201) 502-84-22
Email: ieasky017@gmail.com
CFPB Complaint ID: 260422-31717414
OFAC License: RUSSIA-EO14024-2023-1033893-1
JPMorgan Chase Case Numbers: ECW260312-02429 / ECW260309-01584-R1

 Gmail

Evgeniy Ilin <ieasky017@gmail.com>

# JPMorgan Case Number: ECW260309-01584.

1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                                      16 апреля 2026 г. в 11:47
Кому: Chase Executive Office <chase.executive.office@chase.com>

Dear JPMorgan Chase Team,

I am writing to follow up regarding the status of the OFAC license associated with my blocked funds.

Could you please confirm whether JPMorgan has received any communication or license from the Office of Foreign Assets Control (OFAC) in relation to my case?

For reference:
CFPB Complaint Number: 260312-29888941
JPMorgan Case Number: **ECW260309-01584.**

**Given the extended timeline and the critical nature of this matter, I would also appreciate if you could proactively check the status of the license directly with OFAC, if it has not yet been received.**

Please let me know if any additional information is required from my side.

I would appreciate your prompt response.

Sincerely,
Evgeniy Ilin

 Gmail

Evgeniy Ilin <ieasky017@gmail.com>

# JPMorgan Case Number: ECW260309-01584.

1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                    16 апреля 2026 г. в 11:46
Кому: executive.office@chase.com

Dear JPMorgan Chase Team,

I am writing to follow up regarding the status of the OFAC license associated with my blocked funds.

Could you please confirm whether JPMorgan has received any communication or license from the Office of Foreign Assets Control (OFAC) in relation to my case?

For reference:
CFPB Complaint Number: 260312-29888941
JPMorgan Case Number: **ECW260309-01584.**

Given the extended timeline and the critical nature of this matter, I would also appreciate if you could proactively check the status of the license directly with OFAC, if it has not yet been received.

Please let me know if any additional information is required from my side.

I would appreciate your prompt response.

Sincerely,
Evgeniy Ilin

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 83 of 167

**M Gmail**

Evgeniy Ilin <ieasky017@gmail.com>

---

## MEDICAL URGENCY – OFAC License obtained – Release of funds for cancer treatment (JPM221111-002281 / JPO221019-000407)

1 письмо

---

**Evgeniy Ilin** <ieasky017@gmail.com>
Кому: Chase Executive Office <chase.executive.office@chase.com>

чт, 23 апр.,

Evgeniy Ilin <ieasky017@gmail.com>

## MEDICAL URGENCY – OFAC License obtained – Release of funds for cancer treatment (JPM221111-00228

#### case number ECW260312-02429-R1

Dear SaKieal,
Please find attached the OFAC license (License No. RUSSIA-EO14024-2023-1033893-1) authorising JPMorgan Chase to return the blocked funds in the amount of USD 206,712.21 to the or
As specified in the license, the funds are authorised to be returned to the originator at a non-blocked financial institution where the originator maintains an account.
JPMorgan Case References (as per your records):

- ECW260309-01584
- JPM221111-002281
- JPO221019-000407

Transaction Reference:

- 0606420292FC

#### Originator Account Details (Non-Blocked Financial Institution)

**We confirm that the originator, Joint Stock Company "SEQUOIA", maintains an account through its duly registered branch in the Kyrgyz Republic, which operates as part of the s**

**Beneficiary:**
**Branch of Joint Stock Company "SEQUOIA"**
**Account No:**
**1299003150040461**
**Bank:**
**OJSC Eldik Bank (Kyrgyz Republic)**
**SWIFT: SESVKG22**
**Intermediary bank (for USD):**
**Zhejiang Chouzhou Commercial Bank Co., Ltd.**
**SWIFT: CZCBCN2X**
**This account is maintained in a fully compliant, non-sanctioned financial institution and is suitable for execution of the OFAC license.**

#### Supporting Documentation

The attached package includes all documents confirming:

- Legal structure and registration of the SEQUOIA branch in Kyrgyzstan
- Authority of representation (Power of Attorney)
- Relationship between the originator and the Kyrgyz branch
- Bank account details and payment instructions
- Corporate documents (EGRUL, tax certificates, etc.)
- SWIFT MT103 and transaction history
- Medical documentation (diagnosis, clinic readiness, patient program)

#### Communication Note

Communication with the originating bank (Maritime Bank JSC, Russia) is not feasible due to its disconnection from the SWIFT network and its own sanctions status. Therefore, execution via
is the only viable option.

#### Humanitarian Context – Extreme Urgency

I am the patient – Evgeniy Ilin – diagnosed with colon cancer (C18.2). My medical condition has been deteriorating, and I have already waited over three years for this resolution. Every addit
As you may recall, I filed a complaint with the Consumer Financial Protection Bureau (CFPB) on March 12, 2026 (Complaint ID 260312-29888941). In your formal response to the CFPB on M
"Once OFAC authorises the unblocking of the funds and provides a license, the unblocking process will take approximately 60 to 90 business days to complete."
I have now obtained the OFAC license. However, the additional 60–90 business days required by JPMorgan Chase for the actual release only heighten the urgency. The German clinic that is
of EUR 20,000 before starting diagnostics and therapy (see attached clinic letter and patient program).

#### Request

In light of the above, I kindly request JPMorgan Chase to:

1. Proceed with the return of the blocked funds to the originator's account in Kyrgyzstan in accordance with the OFAC license without any further delay.
2. Confirm once the payment has been initiated and provide the expected completion date.

Please do not hesitate to contact me directly if any additional information is required.
Thank you for your prompt attention to this life-saving matter.

| No. | Document Description |
|---|---|
| 1 | OFAC License No. RUSSIA-EO14024-2023-1033893-1 |
| 2 | Power of Attorney from JSC Sequoia to Evgeniy Ilin |
| 3 | Passport of Evgeniy Ilin |

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 84 of 167

4        Bank account details of the Kyrgyz branch (OJSC Eldik Bank)

5        Certificate of state registration of the branch (English translation)

6        Resolution appointing Evgeniy Ilin as Director of the branch

7        Resolution to establish the branch in Kyrgyzstan

8        Extract from the Unified State Register of Legal Entities (EGRLE) – JSC Sequoia

9        Federal Tax Service certificate (new location)

10       Amendments to the EGRLE (change of address)

11       Medical certificate (colon cancer diagnosis, original Russian + English translation)

12       Letter from German clinic confirming readiness to treat

13       Patient admission program with advance payment of EUR 20,000 (English)

14       SWIFT MT103 and transaction documentation (proof of blocking)

15       CFPB complaint (ID 260312-29888941) and JPMorgan's response (for reference)

Kind regards,
Evgeniy Ilin
Attorney-in-Fact for JSC SEQUOIA
(acting under Power of Attorney valid until 31 December 2026)
Email: ieasky017@gmail.com
Phone: +971 50 167 1872

---

**Приложений: 22**

📄 **MT-103.pdf**
110K

📄 **Amendments to the Unified State Register of Legal Entities (location).pdf**
204K

📄 **letter from the clinic with readiness to accept Ilin Evgeniy.pdf**
326K

📄 **Branch_Registration_SEQUOIA_Official_EN signed.pdf**
43K

📄 **Decision on the appointment of the director of the branch of JSC SEQUOYA.pdf**
704K

📄 **Details of the Branch of JSC Sequoia in dollars (in English).pdf**
3K

📄 **Federal Tax Service Certificate (new location).pdf**
220K

📄 **Decision to establish a branch of JSC SEQUOYA.pdf**
854K

📄 **Decision on the establishment of a JSC and the election of the President.pdf**
1671K

📄 **Medical report by Evgeniy Ilyin.pdf**
268K

📄 **Message from the Bank.pdf**
110K

📄 **OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf**
174K

📄 **Original translation medical report by Evgeny Ilyin.pdf**
169K

📄 **Passport Ilin Evgeniy.pdf**
752K

📄 **Passport of V.P. Dyatlov.pdf**
930K

📄 **Patient Program Ilyin E 2025 English.pdf**
303K

📄 **POWER OF ATTORNEY JP-OFAK.pdf**
468K

📄 **SEQUOIA_Branch_Registration signed.pdf**
1087K

📄 **Resolution-scan (1).pdf**
2149K

📄 **SEQUOIA_Branch_Registration.pdf**
1310K

📄 **xhibit_I_CFPB_Full_Correspondence.pdf**
105K

**Unified State Register of Legal Entities (EGRLE) entry sheet.pdf**
12341K

Gmail - MEDICAL URGENCY – OFAC License obtained – Release of ...s for cancer treatment (JPM221111-002281 / JPO221019-000407)        21.05.2026, 17:53

**M** Gmail                                                                    Evgeniy Ilin <ieasky017@gmail.com>

---

## MEDICAL URGENCY – OFAC License obtained – Release of funds for cancer treatment (JPM221111-002281 / JPO221019-000407)
1 письмо

---

**Evgeniy Ilin** <ieasky017@gmail.com>
Кому: executive.office@chase.com

**Evgeniy Ilin** <ieasky017@gmail.com>

**case number ECW260309-01584**

Dear Pasqual,
Please find attached the OFAC license (License No. RUSSIA-EO14024-2023-1033893-1) authorising JPMorgan Chase to return the blocked funds in the amount of USD 206,712.21 to the or
As specified in the license, the funds are authorised to be returned to the originator at a non-blocked financial institution where the originator maintains an account.
JPMorgan Case References (as per your records):

- ECW260309-01584
- JPM221111-002281
- JPO221019-000407Щафс

Transaction Reference:

- 0606420292FC

### Originator Account Details (Non-Blocked Financial Institution)
We confirm that the originator, Joint Stock Company "SEQUOIA", maintains an account through its duly registered branch in the Kyrgyz Republic, which operates as part of the same legal en
Beneficiary:
Branch of Joint Stock Company "SEQUOIA"
Account No:
1299003150040461
Bank:
OJSC Eldik Bank (Kyrgyz Republic)
SWIFT: SESVKG22
Intermediary bank (for USD):
Zhejiang Chouzhou Commercial Bank Co., Ltd.
SWIFT: CZCBCN2X (for Mainland China use only)
This account is maintained in a fully compliant, non-sanctioned financial institution and is suitable for execution of the OFAC license.

### Supporting Documentation
The attached package includes all documents confirming:

- Legal structure and registration of the SEQUOIA branch in Kyrgyzstan
- Authority of representation (Power of Attorney)
- Relationship between the originator and the Kyrgyz branch
- Bank account details and payment instructions
- Corporate documents (EGRUL, tax certificates, etc.)
- SWIFT MT103 and transaction history
- Medical documentation (diagnosis, clinic readiness, patient program)

### Communication Note
Communication with the originating bank (Maritime Bank JSC, Russia) is not feasible due to its disconnection from the SWIFT network and its own sanctions status. Therefore, execution via
is the only viable option.

### Humanitarian Context – Extreme Urgency
I am the patient – Evgeniy Ilin – diagnosed with colon cancer (C18.2). My medical condition has been deteriorating, and I have already waited over three years for this resolution. Every additio
As you may recall, I filed a complaint with the Consumer Financial Protection Bureau (CFPB) on March 12, 2026 (Complaint ID 260312-29888941). In your formal response to the CFPB on M
"Once OFAC authorises the unblocking of the funds and provides a license, the unblocking process will take approximately 60 to 90 business days to complete."
I have now obtained the OFAC license. However, the additional 60–90 business days required by JPMorgan Chase for the actual release only heighten the urgency. The German clinic that is
of EUR 20,000 before starting diagnostics and therapy (see attached clinic letter and patient program).

### Request
In light of the above, I kindly request JPMorgan Chase to:

1. Proceed with the return of the blocked funds to the originator's account in Kyrgyzstan in accordance with the OFAC license without any further delay.
2. Confirm once the payment has been initiated and provide the expected completion date.

Please do not hesitate to contact me directly if any additional information is required.
Thank you for your prompt attention to this life-saving matter.

| No. | Document Description |
|---|---|
| 1 | OFAC License No. RUSSIA-EO14024-2023-1033893-1 |
| 2 | Power of Attorney from JSC Sequoia to Evgeniy Ilin |
| 3 | Passport of Evgeniy Ilin |
| 4 | Bank account details of the Kyrgyz branch (OJSC Eldik Bank) |
| 5 | Certificate of state registration of the branch (English translation) |

---

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 87 of 167

| | |
|---|---|
| 6 | Resolution appointing Evgeniy Ilin as Director of the branch |
| 7 | Resolution to establish the branch in Kyrgyzstan |
| 8 | Extract from the Unified State Register of Legal Entities (EGRLE) – JSC Sequoia |
| 9 | Federal Tax Service certificate (new location) |
| 10 | Amendments to the EGRLE (change of address) |
| 11 | Medical certificate (colon cancer diagnosis, original Russian + English translation) |
| 12 | Letter from German clinic confirming readiness to treat |
| 13 | Patient admission program with advance payment of EUR 20,000 (English) |
| 14 | SWIFT MT103 and transaction documentation (proof of blocking) |
| 15 | CFPB complaint (ID 260312-29888941) and JPMorgan's response (for reference) |

Kind regards,
Evgeniy Ilin
Attorney-in-Fact for JSC SEQUOIA
(acting under Power of Attorney valid until 31 December 2026)
Email: ieasky017@gmail.com
Phone: +971 50 167 1872

---

**Приложений: 24**

**OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf**
174K

**Реквизиты в долларах США.docx**
30K

**MT-103.pdf**
110K

**letter from the clinic with readiness to accept Ilin Evgeniy.pdf**
326K

**Branch_Registration_SEQUOIA_Official_EN signed.pdf**
43K

**Amendments to the Unified State Register of Legal Entities (location).pdf**
204K

**Details of the Branch of JSC Sequoia in dollars (in English).pdf**
3K

**Decision on the appointment of the director of the branch of JSC SEQUOYA.pdf**
704K

**Decision on the establishment of a JSC and the election of the President.pdf**
1671K

**Decision to establish a branch of JSC SEQUOYA.pdf**
854K

**Federal Tax Service Certificate (new location).pdf**
220K

**Medical report by Evgeniy Ilyin.pdf**
268K

**Message from the Bank.pdf**
110K

**Original translation medical report by Evgeny Ilyin.pdf**
169K

**Passport of V.P. Dyatlov.pdf**
930K

**Passport Ilin Evgeniy.pdf**
752K

**POWER OF ATTORNEY JP-OFAK.docx**
18K

**Patient Program Ilyin E 2025 English.pdf**
303K

**POWER OF ATTORNEY JP-OFAK.pdf**
468K

**Resolution-scan (1).pdf**
2149K

**SEQUOIA_Branch_Registration signed.pdf**
1087K

**SEQUOIA_Branch_Registration.pdf**
1310K

**xhibit_I_CFPB_Full_Correspondence.pdf**
105K

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 88 of 167

Gmail - MEDICAL URGENCY — OFAC License obtained — Release of ...s for cancer treatment (JPM22/H1-00/2201 / JPO230319-000407)    21.05.2026, 17:53

📄 **Unified State Register of Legal Entities (EGRLE) entry sheet.pdf**
12341K

**Executive Office (Mail Code OH4-7120)**
3415 Vision Drive
Columbus, OH 43219

CHASE ⬡

May 19, 2026

Evgeniy Ilin
ieasky017@gmail.com

**Update regarding re-submitted wire**

Dear Evgeniy Ilin:

We are responding to your additional correspondences regarding a wire transaction involving JSC SEQUOIA, for which you indicated you are serving as power of attorney and/or a company representative.

The Executive Office is the single point of contact at Chase for this matter. Accordingly, we respectfully ask that you refrain from contacting our individual employees and our General Counsel, directly. The Executive Office will respond to your concerns and will coordinate any outreach to other departments as needed. Several related cases were opened in the Executive Office and have now been consolidated under a single case number ECW260309-01584-R1.

As noted in our initial letter dated May 1, 2026, pursuant to the OFAC unblocking license you shared, we remitted the wire in accordance with the alternative bank instructions you provided. Please be advised that the beneficiary bank you provided rejected the wire and returned the funds.

On Friday, May 8, we resubmitted payment pursuant to the additional alternative instructions you provided. Specifically, we sent payment via BNY Mellon to credit the U.S. correspondent bank AKTIF YATIRIM BANKASI A.S., further credit the beneficiary bank OJSC ELDIK BANK, and to credit the final beneficiary, Branch of Joint Stock Company SEQUOIA.

We subsequently learned that the intermediary bank, BNY Mellon, placed a hold on the funds and requested a copy of the OFAC license, which we have already provided. JPMC no longer holds the funds and cannot direct or control the actions of downstream financial institutions, and we are unable to reinitiate a new payment at this time. Accordingly, we must decline your request to trace and redirect the funds to Evgeniy Ilin's individual account. For further information, please contact BNY Mellon directly.

If you have questions, please call us at 1-877-805-8049 and reference case number ECW260309-01584-R1. We accept operator relay calls. We're available Monday through Friday from 8 a.m. to 9 p.m. and Saturday from 9 a.m. to 6 p.m. Eastern Time.

Sincerely,

Executive Office
1-877-805-8049
212-270-9300 International Executive Office
405-272-9935 International Customer Service
1-866-535-3403 Fax; it's free from any Chase branch
executive.office@chase.com
chase.com

cc:    The Consumer Financial Protection Bureau, Complaint ID 260422-31717414

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-877-805-8049, de lunes a viernes de 8 a.m. a 9 p.m. y sábados de 9 a.m. a 6 p.m., hora del Este.

ID Q8dz1UsO2y
ECN32

I am writing regarding a funds transfer currently being held at BNY Mellon in connection with an OFAC-licensed transaction involving JSC SEQUOIA.
According to the attached correspondence received from JPMorgan Chase Executive Office dated May 19, 2026, JPMorgan Chase confirmed that:

- the wire transfer was processed pursuant to OFAC Specific License No. RUSSIA-EO14024-2023-1033893-1;
- the payment was routed through BNY Mellon;
- BNY Mellon subsequently placed the funds on hold and requested a copy of the OFAC license, which JPMorgan has already provided.

I am the duly authorized Attorney-in-Fact and representative of JSC SEQUOIA with respect to this matter and the underlying OFAC-licensed transaction.
I respectfully request clarification regarding:

- the current status of the funds;
- whether the funds are blocked, pending review, or otherwise restricted;
- whether any additional documentation or clarification is required from my side;
- and whether BNY Mellon is able to coordinate with JPMorgan Chase regarding completion or resolution of the licensed transaction.

As previously documented to JPMorgan Chase, the original corporate payment route became operationally non-executable due to repeated correspondent failures and closure of the original receiving corporate banking channel.
A substitute fiduciary/custodial structure through Emirates NBD was therefore proposed solely as a transparent mechanism for completion of the already licensed transaction without any change in beneficial ownership or underlying economic purpose.
I remain fully available to provide any additional supporting documentation, OFAC materials, corporate documents, or confirmations that may assist your review.
Given the critical medical urgency of my ongoing oncological treatment, I would be sincerely grateful for any assistance or clarification regarding the status of this matter.
Thank you for your time and consideration.

Sincerely,
Evgeniy Ilin
Attorney-in-Fact for JSC "SEQUOIA"
Email: ieasky017@gmail.com
Phone: +971 50 167 1872

---

Прикрепленные файлы: 5 · Проверено на вирусы системой Gmail ⓘ   ⬇   🅰 Добавить все на Диск

    

📄 Illin,Evgeniy.Final ...   📄 260422-31717414....   📄 Original translati...   📄 POWER OF ATTO ...   📄 OFAC License No...

---

 **Mail Delivery Subsystem** <mailer-daemon@googlemail.com>                                    20:31 (1 минуту назад)  ☆  ☺  ↩  ⋮
кому: мне ▾

 **Адрес не найден**

Сообщение не доставлено, так как адрес **executive.office@bnymellon.com** не найден или не принимает входящие письма.

Ответ удаленного сервера:

550 5.1.1 User Unknown

# Request for Clarification Regarding Held Funds and OFAC Licensed Transaction  Входящие ✕



 **Evgeniy Ilin**                                                                                    20:25 (2 часа назад)    ☆

Dear BNY Mellon Compliance / Sanctions Review Team, I am writing regarding a funds transfer currently being held at BNY Mellon in connection with an OFAC-licens

(3)

 **Mail Delivery Subsystem**                                                                  20:29 (2 часа назад)    ☆

Адрес не найден Сообщение не доставлено, так как адрес investigations@bnymellon.com не найден или не принимает входящие письма. Ответ удаленного сервера: 550 5.

 **Mail Delivery Subsystem** <mailer-daemon@googlemail.com>              20:29 (2 часа назад)    ☆   ☺   ↩   ⋮

кому: мне ▾

 ### Адрес не найден

Сообщение не доставлено, так как адрес
**executive.office@bnymellon.com** не найден или не
принимает входящие письма.

Ответ удаленного сервера:

```
550 5.1.1 User Unknown
```

Case 1:26-cv-04816-AT    Document 1-12    Filed 06/06/26    Page 93 of 167

 **Gmail**

Evgeniy Ilin <ieasky017@gmail.com>

---

## RE: Support Inquiry | Wire Transfer/SWIFT CRM:CAS-30917892-H8D9Z

1 письмо

---

**ECRM Payments Investigations Inquiries** <paymentsinvestigations.inquiries@bny.com>    20 мая 2026 г. в 11:07
Кому: "ieasky017@gmail.com" <ieasky017@gmail.com>

Hello,

We are unable to assist as you are not a direct client. Pls have your Bank contact us direct via authenticated message.

Regards
BNY Mellon

------------------ Original Message ------------------
**From:** BNY Corporate Marketing <contactus@e.bny.com>;
**Received:** Tue May 19 2026 23:39:46 GMT+0530 (India Standard Time)
**To:** Payments Investigations Inquiries <paymentsinvestigations.inquiries@bny.com>;
**Subject:** Support Inquiry | Wire Transfer/SWIFT

### INFORMATION CLASSIFICATION: CONFIDENTIAL

## Support Inquiry - Wire Transfer/SWIFT

An inquiry was recently submitted through the Support form on bny.com. This submission is being directed to you to address, and below are the details.

**Region**: US
**Category**: Wire Transfer/SWIFT
**BNY Mellon Client**: No

**First Name**: Evgeniy
**Last Name**: Ilin
**Email Address**: ieasky017@gmail.com

**Message**: Dear BNY Mellon Compliance / Sanctions Review Team, I am writing regarding a funds transfer currently being held at BNY Mellon in connection with an OFAC-licensed transaction involving JSC SEQUOIA. According to the attached correspondence received from JPMorgan Chase Executive Office dated May 19, 2026, JPMorgan Chase confirmed that: the

wire transfer was processed pursuant to OFAC Specific License No. RUSSIA-EO14024-2023-1033893-1; the payment was routed through BNY Mellon; BNY Mellon subsequently placed the funds on hold and requested a copy of the OFAC license, which JPMorgan has already provided. I am the duly authorized Attorney-in-Fact and representative of JSC SEQUOIA with respect to this matter and the underlying OFAC-licensed transaction. I respectfully request clarification regarding: the current status of the funds; whether the funds are blocked, pending review, or otherwise restricted; whether any additional documentation or clarification is required from my side; and whether BNY Mellon is able to coordinate with JPMorgan Chase regarding completion or resolution of the licensed transaction. As previously documented to JPMorgan Chase, the original corporate payment route became operationally non-executable due to repeated correspondent failures and closure of the original receiving corporate banking channel. A substitute fiduciary/custodial structure through Emirates NBD was therefore proposed solely as a transparent mechanism for completion of the already licensed transaction without any change in beneficial ownership or underlying economic purpose. I remain fully available to provide any additional supporting documentation, OFAC materials, corporate documents, or confirmations that may assist your review. Given the critical medical urgency of my ongoing oncological treatment, I would be sincerely grateful for any assistance or clarification regarding the status of this matter. Thank you for your time and consideration. Sincerely, Evgeniy Ilin Attorney-in-Fact for JSC "SEQUOIA" Email: ieasky017@gmail.com Phone: +971 50 167 1872

**Submission Date**: May 19, 2026

If this does not apply to you, refer to the **contact form routing document** and direct it to the appropriate group or person.

*This is an automatically generated message. Please do not reply to this email.*

The information contained in this e-mail, and any attachment, is confidential and is intended solely for the use of the intended recipient. Access, copying or re-use of the e-mail or any attachment, or any information contained therein, by any other person is not authorized. If you are not the intended recipient please return the e-mail to the sender and delete it from your computer. Although we attempt to sweep e-mail and attachments for viruses, we do not guarantee that either are virus-free and accept no liability for any damage sustained as a result of viruses.

Please refer to http://disclaimer.bny.com/eu.htm for certain disclosures relating to European legal entities.

**Notice: We've simplified our company umbrella brand to BNY. While we're making updates to our channels to reflect this change, you may still see emails from bnymellon.com. For more information on our brand evolution please read about it in our Newsroom.**

Notice: The information contained in this e-mail, and any attachment, is confidential and is intended solely for the use of the intended recipient. Access, copying, or re-use of the e-mail or any attachment, or any information contained therein, by any other person is not authorized. If you are not the intended recipient, please return the e-mail to the sender and delete it from your computer. Emails may be interfered with and may contain viruses or other defects. We provide no warranties in relation to these matters. For information on how to help protect yourself from fraud, including cyberfraud and other fraudulent activity, please visit our Information Security and Protection Page. Please refer to https://www.bny.com/corporate/emea/en/disclaimers/eu-disclosures.html for certain disclosures relating to European legal entities. Please note that we may use tracking pixels to monitor your interaction with reports and data delivered via this email. To learn how BNY Mellon uses personal information, please read our Data Privacy Notice.

 **Gmail**

# A Message from Chase Executive Office, {Evgeniy Ilin}, (ECW260309-01584-R1}

**Evgeniy Ilin** <ieasky017@gmail.com>                                          20 мая 2026 г. в 13:26
Кому: Chase CreditCardExecutiveOffice <chase.creditcardexecutiveoffice@chase.com>
Копия: "Shulman, Ilya" <ilya.shulman@jpmorgan.com>, krista.santoro@jpmchase.com, executive.office@chase.com,
Chase Executive Office <chase.executive.office@chase.com>

**Request for Return of Funds and Re-Execution of OFAC-Licensed Transaction – Case ECW260309-01584-R1**

Dear Executive Office,

Thank you for your prior correspondence regarding OFAC License No. RUSSIA-EO14024-2023-1033893-1 and case number ECW260309-01584-R1.

I am compelled to contact you again because the transfer sent by JPMorgan Chase on May 8, 2026 through BNY Mellon remains unresolved, and the funds have not reached the final beneficiary.

**Following your recommendation that I contact BNY Mellon directly, I made good-faith attempts to do so. However, today I received an official response from BNY Mellon stating that they are unable to communicate with me because I am not their direct client and that my bank must contact them directly through authenticated interbank communication. I am attaching BNY Mellon's response for your reference.**

**Accordingly, JPMorgan Chase remains the only institution capable of operationally coordinating with BNY Mellon regarding the status and further handling of the funds.**

I would also like to emphasize that JPMorgan Chase was timely informed by me that if the funds were not received by May 15, 2026, the corporate account of the Branch of JSC "SEQUOIA" at OJSC ELDIK BANK would be closed. Unfortunately, that account has now been closed, which makes completion of the transfer through the original payment instructions objectively impossible.

**In light of the above, I respectfully request that JPMorgan Chase:**

**— immediately contact BNY Mellon through authenticated interbank channels;**
**— request return of the funds back to JPMorgan Chase due to the objective impossibility of completing the transfer through the original route;**
**— upon return of the funds, re-execute the already licensed OFAC transaction using the new payment instructions and supporting documentation previously provided by me to JPMorgan Chase;**
**— and provide me with updates regarding the actions taken and the current status of communications with BNY Mellon.**

I would also like to note that, in selecting a new execution route for the licensed transaction, I proposed the most transparent, operationally feasible, and fully documented structure available.

**Moreover, Emirates NBD Bank maintains correspondent banking relations and a correspondent account with JPMorgan Chase, meaning that the re-executed transfer would move within JPMorgan Chase's existing correspondent banking infrastructure without the need to rely on unstable or unknown external intermediary routes.**

Accordingly, the proposed new route is objectively a far more predictable, technically executable, and commercially reasonable mechanism for completing the already authorized OFAC transaction.

I would also respectfully emphasize that:
— the transaction has already been expressly authorized by OFAC;

— all requested compliance documentation and confirmations have been fully provided by me;
— beneficial ownership of the funds does not change;
— and the matter concerns solely the lawful completion of an already licensed OFAC transaction through an alternative commercially reasonable execution method.

I also respectfully reiterate the critical medical urgency of my situation related to ongoing treatment for Stage IV cancer.

Thank you again for your attention and assistance. I remain fully available to provide any further documentation or confirmations necessary to facilitate prompt resolution of this matter.

Respectfully,

Evgeniy Ilin
Attorney-in-Fact for JSC "SEQUOIA"

Phone: +971 50 167 1872
Email: ieasky017@gmail.com

вт, 19 мая 2026 г. в 17:56, Chase CreditCardExecutiveOffice <chase.creditcardexecutiveoffice@chase.com>:

Dear Evgeniy Ilin:

Chase Executive Office has resolved your inquiry. See our response below.

We are responding to your additional correspondences regarding a wire transaction involving JSC SEQUOIA, for which you indicated you are serving as power of attorney and/or a company representative.

The Executive Office is the single point of contact at Chase for this matter. Accordingly, we respectfully ask that you refrain from contacting our individual employees and our General Counsel, directly. The Executive Office will respond to your concerns and will coordinate any outreach to other departments as needed. Several related cases were opened in the Executive Office and have now been consolidated under a single case number ECW260309-01584-R1.

As noted in our initial letter dated May 1, 2026, pursuant to the OFAC unblocking license you shared, we remitted the wire in accordance with the alternative bank instructions you provided. Please be advised that the beneficiary bank you provided rejected the wire and returned the funds.

On Friday, May 8, we resubmitted payment pursuant to the additional alternative instructions you provided. Specifically, we sent payment via BNY Mellon to credit the U.S. correspondent bank AKTIF YATIRIM BANKASI A.S., further credit the beneficiary bank OJSC ELDIK BANK, and to credit the final beneficiary, Branch of Joint Stock Company SEQUOIA.

We subsequently learned that the intermediary bank, BNY Mellon, placed a hold on the funds and requested a copy of the OFAC license, which we have already provided. JPMC no longer holds the funds and cannot direct or control the actions of downstream financial institutions, and we are unable to reinitiate a new payment at this time. Accordingly, we must decline your request to trace and redirect the funds to Evgeniy Ilin's individual account. For further information, please contact BNY Mellon directly.

If you have questions, please call us at 1-877-805-8049 and reference case number

ECW260309-01584-R1. We accept operator relay calls. We're available Monday through Friday from

8 a.m. to 9 p.m. and Saturday from 9 a.m. to 6 p.m. Eastern Time.

Sincerely,

Executive Office

1-877-805-8049

212-270-9300 International Executive Office

405-272-9935 International Customer Service

1-866-535-3403 Fax; it's free from any Chase branch

executive.office@chase.com

chase.com

cc:     The Consumer Financial Protection Bureau, Complaint ID 260422-31717414

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-877-805-8049, de lunes a viernes de 8 a.m. a 9 p.m. y sábados de 9 a.m. a 6 p.m., hora del Este.

ID Q8dz1UsO2y

ECN32

This message is confidential and subject to terms at: https://www.jpmorgan.com/emaildisclaimer including on confidential, privileged or legal entity information, malicious content and monitoring of electronic messages. If you are not the intended recipient, please delete this message and notify the sender immediately. Any unauthorized use is strictly prohibited.

**Gmail - RE: Support Inquiry | Wire Transfer:SWIFT CRM:CAS-30917892-H8D9Z.pdf**
221K



Start a new complaint

# Your complaints

| COMPLAINT ID | PRIMARY CONSUMER | PRODUCT AND ISSUE | CONSUMER-IDENTIFIED COMPANY | SUBMITTED ▼ | STATUS |
|---|---|---|---|---|---|
| 260520-32917189 | Evgeniy Ilin | Domestic (US) money transfer Money was not available when promised | JP Morgan Chase Bank | 05/20/2026 | Closed Marked as a duplicate complaint on 5/20/2026 |
| 260519-32890649 | Evgeniy Ilin | International money transfer Other transaction problem | JP Morgan Chase Bank | 05/19/2026 | Closed Marked as a duplicate complaint on 5/19/2026 |
| 260519-32881680 | Evgeniy Ilin | International money transfer Other transaction problem | BANK OF NEW YORK MELLON | 05/19/2026 | Open Sent to Company |
| 260519-32877392 | Evgeniy Ilin | International money transfer Other transaction problem | JP Morgan Chase | 05/19/2026 | Closed Marked as a duplicate complaint on 5/19/2026 |
| 260513-32606578 | Evgeniy Ilin | International money transfer Other transaction problem | JP Morgan Chase Bank | 05/13/2026 | Closed Marked as a duplicate complaint on 5/13/2026 |
| 260422-31717414 | Evgeniy Ilin | International money transfer Confusing or missing disclosures | JPMorgan Chase Bank, N.A. | 04/22/2026 | Closed Feedback provided |
| 260312-29888941 | Evgeniy Ilin | International money transfer Confusing or missing disclosures | JP Morgan Chase | 03/12/2026 | Closed Feedback provided |

‹ | Previous        Page [1 ⌄] of 1  Go        Next | ›

# Learn more

Visit our Consumer Tools to see guides for financial decisions, answers to common financial questions, and more.

 An official website of the United States Government

 Consumer Financial Protection Bureau

(https://www.consumerfinance.gov/)

Start a new complaint

‹  All complaints (.)

# 260312-29888941

**CLOSED**

✔  Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/12/2026 | Money transfer, virtual currency, or money service | Confusing or missing disclosures |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or

- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or

- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Subject: Complaint regarding blocked funds and lack of communication from JPMorgan Chase Bank

To the Consumer Financial Protection Bureau,

I respectfully submit this complaint regarding JPMorgan Chase Bank, N.A. concerning funds that have been blocked for an extended period of time without meaningful communication from the bank.

The funds originate from a lawful international transaction involving JSC Sequoia. The payment was executed on October 12, 2022 in the

amount of USD 207,162.00 and was subsequently blocked by JPMorgan Chase Bank as part of sanctions compliance procedures.

The matter has been internally registered within JPMorgan Chase under the following sanctions investigation references:

• JPMorgan Case Reference: JPM221111-002281
• JPMorgan Case Reference: JP0221019-000407
• Transaction Reference: REF 0606420292FC
• Correspondent Bank SWIFT: CHASUS33

These references were confirmed in a formal letter issued by Morskoy Bank dated January 19, 2023.

In order to resolve this matter in accordance with U.S. sanctions regulations, I submitted an application to the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC) requesting a specific license to authorize the release of the blocked funds. This application was submitted in February 2023.

The OFAC case reference is:

RUSSIA-EO14024-2023-1033893-1

The application is currently reflected in the OFAC portal as "Pending Management Review."

While I understand that sanctions compliance reviews may require time, I have repeatedly attempted to contact JPMorgan Chase in order to clarify how the bank will process the OFAC license once it is issued.

Specifically, I have requested clarification regarding:

• the department responsible for the sanctions case
• the appropriate contact point for OFAC licensing matters
• the procedure required to submit and process the OFAC license once issued

Despite sending multiple inquiries to various JPMorgan Chase contact addresses and departments, I have not received any response from the bank.

As a result, the lack of communication from JPMorgan Chase is preventing any clarity regarding how the OFAC authorization will be implemented once granted.

Given that the funds have now been blocked since 2022 and the OFAC licensing process has been ongoing since February 2023, the absence of communication from the bank has created significant uncertainty and has prevented progress toward resolving this matter.

I respectfully request the assistance of the Consumer Financial

Protection Bureau in helping facilitate communication with
JPMorgan Chase so that the appropriate contact and procedure for
processing the OFAC license can be identified.

Sincerely,

Evgeniy Ilin

OFAC Case Reference: RUSSIA-EO14024-2023-1033893-1
Company involved: JSC Sequoia

Email: ieasky017@gmail.com
Phone: +971 50 167 18 72

### ATTACHMENTS

Passport Ilin
Evgeniy.pdf
(751.2 KB)

POWER OF
ATTORNEY
JP-
OFAK.pdf
(467.9 KB)

MT-103.pdf
(109.8 KB)

View full complaint ➕

 Sent to
company

### STATUS

Sent to
company on
3/12/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their
response is in progress and provide a final response in 60 days.

 Company responded

**STATUS**

Company responded on 3/27/2026

**RESPONSE TYPE**

Closed with explanation

## Company's Response

Thank you for expressing concerns to the Consumer Financial Protection Bureau. We appreciate the opportunity to address concerns about the funds associated with the international transaction involving JSC Sequoia and the status of communication related to the sanctions process. Our review is complete, and the details of our response are below. • Our research confirmed that the funds in the amount of $207,162.00, originating from the transaction executed on October 12, 2022, remain held in a segregated, interest-bearing account maintained by JPMorganChase in accordance with U.S. sanctions regulations. • The funds were blocked pursuant to the Russian Harmful Foreign Activities Sanctions Regulations, Title 31 Code of Federal Regulations Part 587, under sanctions program Russia EO14024. The blocking report was filed with the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC) on November 15, 2022. • Records show that JPMorganChase is the intermediary bank for this wire transaction. All updates about the status of the funds should be provided by either the sending bank or the beneficiary bank to their respective clients. • Should OFAC contact JPMorganChase about the status of the blocked funds, a response will be provided. However, JPMorganChase is unable to communicate directly with the inquirer about the status of the blocked funds beyond what is required by regulations. • The department responsible for sanctions compliance at JPMorganChase will process the OFAC license upon receipt. Once OFAC authorizes the unblocking of the funds and provides a license, the unblocking process will take approximately 60 to 90 business days to complete. • Our research indicates that JPMorganChase cannot take any further action until an OFAC unblocking license is received. Guidance about the application for an OFAC license and next steps must be obtained directly from OFAC, as JPMorganChase is unable to provide sanctions advice or direct the application process. • The information about the blocked funds and the sanctions program was communicated to the sending bank through SWIFT communication on November 15, 2022.• We did not find evidence to support any action by JPMorganChase that would allow for the release of the funds prior to receipt of the required OFAC license. The funds will remain blocked until such authorization is granted. • Should OFAC authorize the unblocking of the account after application submission, a license will be supplied

to both JPMorganChase and the interested party who applied for the license. The appropriate department within JPMorganChase will then proceed with the unblocking process in accordance with regulatory requirements. • We trust this information clarifies the current status of the funds and the procedures that will be followed once the OFAC license is issued.

 Feedback provided

### STATUS

Feedback provided on 4/3/2026

## Your feedback

**ОТВЕТ КОМПАНИИ РАССМАТРИВАЛ ВСЕ МОИ ПРОБЛЕМЫ**

No

**Я ПОНИМАЮ ОТВЕТ КОМПАНИИ НА МОЮ ЖАЛОБУ**

Yes

**КОМПАНИЯ СДЕЛАЛА ТО, ЧТО ОБЕЩАЛА СДЕЛАТЬ С МОЕЙ ЖАЛОБОЙ**

Yes

**ADDITIONAL COMMENTS**

Response to CFPB – Complaint ID 260312-29888941 Thank you for the opportunity to provide feedback regarding the company's response. I acknowledge JPMorgan Chase's explanation that the funds were blocked pursuant to U.S. sanctions regulations (Russia EO14024) and are currently held in a segregated account pending authorization from the Office of Foreign Assets Control (OFAC). However, I would like to respectfully highlight the following concerns: 1. The transaction in question appears to have been blocked on a precautionary basis, without any confirmed involvement of a sanctioned individual or entity. Despite this, the funds have remained frozen for a prolonged period of time. 2. As stated in the company's response, JPMorgan Chase is acting solely as an intermediary bank and is unable to provide meaningful updates regarding the status of the funds or any expected timeline. As a result, I, as the affected party, have no access to information or clarity. 3. Due to the fact that the originating bank has been disconnected from the SWIFT system, communication through the sending bank is not feasible. Under these circumstances, I believe it is reasonable for JPMorgan Chase to communicate directly with me as the beneficial owner of the funds, as

I am the only available and interested party in resolving this matter. 4. The process is entirely dependent on OFAC licensing procedures, which are outside of my control and may take a significant amount of time. Meanwhile, my funds remain inaccessible. 5. Importantly, these funds are required for urgent personal purposes, including medical-related expenses. The continued inability to access or use these funds creates significant hardship. While I understand that JPMorgan Chase must comply with applicable regulations, I respectfully request that the CFPB consider whether additional transparency, communication, or procedural support could be provided in such cases, particularly where individuals are adversely affected despite no confirmed wrongdoing. I would also appreciate guidance on whether there are mechanisms to improve coordination between financial institutions and regulatory authorities in order to avoid prolonged financial restrictions in similar situations. Thank you for your attention to this matter. Sincerely, Evgeniy Ilin

## What happens now?

The complaint process is complete and your complaint is now closed.

We have taken the following additional actions on your complaint:

- We added your complaint to the CFPB's Consumer Complaint Database (http://www.consumerfinance.gov/data-research/consumer-complaints).

- Your feedback, and feedback from others, helps us understand how companies are addressing concerns raised by consumers in their complaints. We will also share your feedback with the company.

- We have also shared your complaint with the Federal Trade Commission, which will add your complaint to its database for state and federal law enforcement agencies.

We appreciate your participation in the complaint process and your feedback on the company's response. Both are important to us and consumers who may have similar issues and concerns.

 Closed

The CFPB has closed your complaint.

Privacy Act Statement

OMB #3170-0011

Note on user experience

> Have a question?
>
> (855) 411-2372
>
> TTY/TTD: (855) 729-2372
>
> 9 a.m. to 6 p.m. ET, Monday through Friday
> (except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

---

 An official website of the United States Government

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

‹ All complaints (.)

# 260520-32917189

**OPEN**

✔ **Submitted**

| **STATUS** | **PRODUCT** | **ISSUE** |
|---|---|---|
| Submitted to the CFPB on 5/20/2026 | Money transfer, virtual currency, or money service | Money was not available when promised |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or

- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or

- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

This is a NEW complaint. It is NOT a duplicate.

Prior complaints for reference: #260422-31717414 (closed by CFPB on May 19, 2026), #260519-32877392 (marked as duplicate), #260519-32890649 (marked as duplicate).

This complaint addresses conduct by JPMorgan Chase that occurred AFTER prior complaint #260422-31717414 was closed.

UNDISPUTED FACTS

OFAC issued Specific License No. RUSSIA-EO14024-2023-

1033893-1 to JPMorgan Chase authorizing release of $206,712.21.
On May 8, 2026, JPMorgan Chase transmitted the funds through
BNY Mellon as correspondent bank.
BNY Mellon placed a hold on the funds and requested the OFAC
license. JPMorgan Chase provided it.
As of May 20, 2026, BNY Mellon continues to hold the funds. No
release date or timeline has been provided.
I have no direct banking, contractual, or legal relationship with BNY
Mellon. I am not their customer.
NEW FACTS — NOT PREVIOUSLY REVIEWED BY CFPB

NEW FACT 1 — Chase refuses to provide MT103/SWIFT trace
information

In its letter dated May 19, 2026, JPMorgan Chase declined my
request to trace the funds. The bank has refused to provide:

MT103 (payment instruction details)
MT199 (message trace)
UETR (Unique End-to-End Transaction Reference)
Current hold status from BNY Mellon
Why this is new: My prior complaint addressed Chase's failure to
complete the transfer. This refusal to provide basic transaction
documentation occurred AFTER that complaint was closed. CFPB
has never reviewed this refusal.

NEW FACT 2 — Chase directed me to BNY Mellon, a bank with
which I have no relationship

The May 19, 2026 letter states: "For further information, please
contact BNY Mellon directly."

However:

I have no account at BNY Mellon
I have no contract or legal relationship with BNY Mellon
BNY Mellon acted solely as JPMorgan Chase's correspondent bank
BNY Mellon has no legal obligation to communicate with me
Why this is new: Chase is attempting to shift its statutory and
contractual responsibility to a third-party correspondent bank. This
legal position was first stated in the May 19, 2026 letter — AFTER
my prior complaint was closed.

NEW FACT 3 — Chase officially refuses to request return of funds
from BNY Mellon

The May 19, 2026 letter states: "JPMC no longer holds the funds
and cannot direct or control the actions of downstream financial
institutions, and we are unable to reinitiate a new payment at this
time."

Chase has made clear it will NOT:

Request return of the funds from BNY Mellon
Coordinate with BNY Mellon to resolve the hold
Select an alternative correspondent bank
Why this is new: This outright refusal to request return of its own funds from its chosen correspondent — even though those funds remain frozen under an OFAC license that Chase itself holds — occurred AFTER my prior complaint was closed.

WHY THIS IS NOT A DUPLICATE

Prior complaints This complaint
Addressed Chase's failure to complete transfer Addresses NEW refusals (no trace information, improper shifting to BNY Mellon, refusal to request return of funds)
Filed before Chase's May 19, 2026 letter Filed AFTER Chase's May 19, 2026 letter
Did not address Chase's position on requesting return of funds
Directly addresses Chase's refusal to request return
SPECIFIC REQUESTS FOR RELIEF

I respectfully request that CFPB require JPMorgan Chase to take the following specific actions:

1. Provide transaction documentation within 5 business days:

MT103 or equivalent SWIFT payment instruction
MT199 or trace message
UETR (Unique End-to-End Transaction Reference)
Current hold status communicated by BNY Mellon
2. Formally request return of funds from BNY Mellon:

Chase must send a written request to BNY Mellon demanding return of $206,712.21 to Chase's account
This request must be copied to me
3. Cease improperly shifting responsibility:

Chase must stop directing me to BNY Mellon, a bank with which I have no relationship
Chase must acknowledge its continuing responsibility as the originating bank and OFAC license holder
4. Keep this complaint open until:

Chase provides the documentation requested in #1, AND
Chase either (a) completes the licensed transfer, or (b) returns funds to its account and selects an alternative correspondent, or (c) provides a written timeline from BNY Mellon for release
MEDICAL URGENCY — REQUEST EXPEDITED REVIEW

I am a stage 4 colon cancer patient. Medical documentation has been provided to CFPB and to JPMorgan Chase in prior complaints. Each day of delay directly threatens my life. I respectfully request that CFPB expedite review of this complaint.

DECLARATION

I declare under penalty of perjury that the facts stated above are true and correct to the best of my knowledge. This complaint addresses conduct that occurred AFTER my prior complaint was closed and is not a duplicate.

Sincerely,

Evgeniy Ilin
Phone: +971 50 167 1872
Email: ieasky017@gmail.com

Attachments to include:

OFAC License No. RUSSIA-EO14024-2023-1033893-1
JPMorgan Chase letter dated May 19, 2026
Power of Attorney from JSC Sequoia
Medical documentation (stage 4 cancer)

**ATTACHMENTS**

Illin,Evgeniy.Final Letter.5.19.26.pdf (118.2 KB)

POWER OF ATTORNEY JP-OFAK.pdf (467.9 KB)

Original translation medical report by Evgeny Ilyin.pdf (168.6 KB)

OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf (173.9 KB)

View full complaint ⊕

 ## Sent to company

**STATUS**

Sent to company on 5/20/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

An official website of the United States Government

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260519-32881680
**OPEN**

✔ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 5/19/2026 | Money transfer, virtual currency, or money service | Other transaction problem |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Complaint text:

This is a formal complaint against The Bank of New York Mellon Corporation ("BNY Mellon").

1. The situation is life-threatening.

I am a stage-4 colon cancer patient. My life depends on receiving funds that have been cleared for release by the U.S. Office of Foreign Assets Control (OFAC) under Specific License No. RUSSIA-EO14024-2023-1033893-1.

2. BNY Mellon has unreasonably held my funds for more than 11 days despite a valid OFAC license.

On or about May 8, 2026, the originating bank (JPMorgan Chase Bank, N.A.) transmitted the funds via BNY Mellon as an intermediary correspondent bank. BNY Mellon then placed a hold on the funds and requested a copy of the OFAC license. A copy of the license was promptly provided by JPMorgan Chase.

As of today, May 19, 2026, BNY Mellon has been holding my funds for 11 days without completing the transfer, without returning them to the originating bank, and without providing any meaningful update or timeline.

Attached is a letter from JPMorgan Chase (May 19, 2026) confirming that:

the transfer was sent through BNY Mellon;
BNY Mellon has placed the funds on hold and received the OFAC license;
JPMorgan Chase no longer controls the funds and has declined further action.
3. BNY Mellon's delay has caused direct financial harm – the receiving bank closed my

corporate account.

Because BNY Mellon failed to process the licensed transfer in a timely manner, the intended receiving bank – OJSC ELDIK BANK – has now closed the corporate account that was to receive these funds. The account was closed solely as a direct result of BNY Mellon's unreasonable delay.

This is not speculation; it is a documented fact. The closure of this banking channel is a direct and quantifiable loss caused by BNY Mellon's failure to act on a legally authorized OFAC license.

4. BNY Mellon has failed to complete the licensed transaction or communicate a resolution.

Despite acknowledging the OFAC license, BNY Mellon has not completed the transfer, nor has it returned the funds to the originating bank. BNY Mellon has not contacted me, has not provided any timeline, and has effectively abandoned the transaction. I have no direct banking relationship with BNY Mellon and cannot compel it to act.

5. Legal basis for the complaint – unreasonable delay under U.S. banking law.

A delay of 11 days in processing a transaction that has been fully authorized by an OFAC specific license is presumptively unreasonable. Under UCC § 4-A-204 and § 4-A-302, BNY Mellon has a legal duty to either complete the transfer or return the funds to the sending bank. Its unexplained inaction violates these provisions.

6. Fair resolution requested.

I respectfully request that the CFPB require BNY Mellon to take the following specific actions:

Option A (preferred): Immediately release the hold and complete the transfer by sending the funds to my designated bank account at Emirates NBD, Dubai, UAE (IBAN: AE360260000315830248703, SWIFT: EBILAEAD), which is being used solely as a temporary fiduciary account for JSC "SEQUOIA" under a notarized fiduciary agreement; or Option B (alternative): Immediately return the full amount of the funds to the originating bank JPMorgan Chase (account CHASUS33) so that JPMorgan Chase may complete the licensed transaction through a commercially reasonable alternative route.
7. Additional request for investigation of damages.

I further request that the CFPB investigate the financial harm caused by BNY Mellon's delay, including the closure of my corporate banking channel at OJSC ELDIK BANK, and recommend appropriate remedies.

8. Medical urgency.

Each day of delay worsens my health and directly threatens my life. I am prepared to provide any additional supporting documentation upon request.

Attachments:

OFAC Specific License No. RUSSIA-EO14024-2023-1033893-1.
JPMorgan Chase letter dated May 19, 2026 (confirming BNY Mellon hold).
Fiduciary and custodial agreements (showing that the beneficiary account is used solely as a temporary fiduciary account for JSC "SEQUOIA").
Corporate resolution (Resolution No. 5) and power of attorney.
Medical documentation (stage-4 cancer diagnosis and clinic letter).
Documentation confirming the closure of the corporate account at OJSC ELDIK BANK as a result of the delay.
Sincerely,
Evgeniy Ilin

**ATTACHMENTS**

| | | | | | |
|---|---|---|---|---|---|
| Illin,Evgeniy.Final Letter.5.19.26.pdf (118.2 KB) | OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf (173.9 KB) | A screenshot confirming the sending and return of emails.png (237.2 KB) | 260422-31717414.pdf (92.6 KB) | PASSPORT EVGENIY ILIN.pdf (305.2 KB) | POWER OF ATTORNEY JP-OFAK.pdf (467.9 KB) | Original translation medical report by Evgeny Ilyin.pdf (168.6 KB) |

View full complaint ⊕

✔ **Sent to company**

**STATUS**

Sent to company on 5/19/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday (except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

  An official website of the United States Government

 An official website of the United States Government


Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

❮  All complaints (.)

# 260519-32890649

**CLOSED**

✔ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 5/19/2026 | Money transfer, virtual currency, or money service | Other transaction problem |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or

- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or

- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

I am filing this complaint against JPMorgan Chase Bank, N.A. regarding its continuing failure to complete an OFAC-authorized transfer, its refusal to properly resolve the failed transaction it initiated, and its ongoing attempts to improperly shift responsibility to BNY Mellon despite remaining the originating bank responsible for the transfer.

This complaint should NOT be treated as a duplicate complaint because it concerns ongoing and continuing conduct by JPMorgan Chase that remains unresolved.

My prior complaint was closed with a response from the bank that

does not reflect the actual facts or the current status of the transaction. The underlying issue itself remains unresolved to this day.

UNDISPUTED FACTS

* OFAC issued Specific License No. RUSSIA-EO14024-2023-1033893-1 authorizing JPMorgan Chase to release my blocked funds.
* JPMorgan Chase initiated and processed the transfer under this license through a correspondent chain involving BNY Mellon.
* The transfer remains incomplete and unresolved.
* The funds have not reached the lawful recipient.
* JPMorgan Chase remains the originating bank and sender of the transfer.
* BNY Mellon acted solely as JPMorgan Chase's correspondent/intermediary bank.
* I have absolutely no banking, contractual, or legal relationship with BNY Mellon.
* JPMorgan Chase nevertheless continues attempting to improperly shift responsibility to Mellon and directs me to contact Mellon directly, despite the fact that I am not Mellon's customer and have no ability to resolve this matter with Mellon.

JPMORGAN CHASE'S CONTINUING FAILURE

JPMorgan Chase has failed to perform its fundamental banking function by either:

* completing the OFAC-authorized transfer to the lawful recipient; or
* properly recovering and resolving the failed transfer.

Instead, JPMorgan Chase:

* refuses to coordinate resolution efforts with BNY Mellon;
* refuses to provide MT103, MT199, SWIFT trace information, or current hold status;
* refuses to provide transparency regarding the exact location and status of the funds;
* attempts to formally close the matter while the licensed transaction remains unresolved;
* and refuses to meaningfully consider commercially reasonable alternative lawful execution mechanisms despite extensive supporting documentation.

I again emphasize that this complaint is NOT merely dissatisfaction with a prior response.

This complaint concerns NEW and ongoing conduct by JPMorgan Chase after the prior complaint, including continued refusal to resolve the transaction and continued refusal to accept responsibility as the originating bank.

IMPROPER DUPLICATE CLASSIFICATION

I strongly object to CFPB's prior decision to classify Complaint No. 260519-32877392 as a duplicate complaint.

At present, it appears that the duplicate classification mechanism is being used to avoid substantive review of an unresolved and ongoing banking failure.

My issue has NOT been resolved.

The transfer remains incomplete.
The funds have not reached the lawful recipient.
JPMorgan Chase continues refusing to properly resolve the matter.

Accordingly, I respectfully request that CFPB:

* not close this complaint merely by labeling it as a duplicate;
* conduct a substantive review of JPMorgan Chase's conduct;
* require JPMorgan Chase to provide full SWIFT documentation and transaction trace information;
* require JPMorgan Chase to coordinate directly with BNY Mellon rather than improperly referring me to a bank with which I have no relationship;
* and keep this complaint open until the underlying issue is actually resolved.

I further request that CFPB recognize that JPMorgan Chase, as the originating bank, remains responsible for the transfer it initiated and cannot evade responsibility simply because a correspondent/intermediary bank became involved in the transaction chain.

The issue remains ongoing, unresolved, and continues causing severe financial and personal harm.

Sincerely,
Evgeniy Ilin

**ATTACHMENTS**

260519-32877392.pdf (86 KB)

Illin.Evgeniy.Final Letter.5.19.26.pdf (118.2 KB)

A screenshot confirming the sending and return of emails.png (237.2 KB)

260422-31717414.pdf (92.6 KB)

View full complaint ⊕



# Sent to company

**STATUS**

Sent to company on 5/19/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.



# Marked as duplicate

**STATUS**

Marked as a duplicate complaint on 5/19/2026

This complaint appears to be a duplicate of a complaint we've already received. We've included a reference to this complaint on that record.

---

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

---

An official website of the United States Government

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

  All complaints (.)

# 260519-32877392

**CLOSED**

## ✔ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 5/19/2026 | Money transfer, virtual currency, or money service | Other transaction problem |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or

- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or

- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Complaint text:

I am filing this new complaint against JPMorgan Chase Bank, N.A. for its continuing failure to complete an OFAC-authorized transfer despite a valid specific license, its unreasonable refusal to consider a documented alternative execution mechanism, and its improper attempt to shift responsibility to its correspondent bank, BNY Mellon.

UNDISPUTED FACTS

OFAC issued Specific License No. RUSSIA-EO14024-2023-

1033893-1 authorizing JPMorgan Chase to release my blocked funds.

JPMorgan Chase initiated and processed the transfer under this license through a correspondent chain including BNY Mellon.

BNY Mellon placed the funds on hold and requested a copy of the OFAC license, which was provided.

The licensed transaction remains unresolved and incomplete.

I have no banking relationship with BNY Mellon; BNY Mellon acted solely as JPMorgan Chase's intermediary.

I have been trying to obtain release of these funds for more than three years.

I am currently undergoing stage 4 cancer treatment. Every day of delay directly worsens my prognosis and threatens my life. Medical documentation has been provided to the bank.

JPMORGAN CHASE WAS EXPLICITLY WARNED

No later than May 15, 2026, I formally notified JPMorgan Chase in writing that:

The original corporate USD payment route was collapsing due to repeated correspondent failures.

If the transfer was not completed by May 15, 2026, the corporate payment channel would become permanently impossible to use.

Despite this explicit warning, JPMorgan Chase continued using the same failing correspondent route (through BNY Mellon and Eldik Bank) instead of switching to a commercially reasonable alternative.

As a direct result of the bank's inaction, the original payment channel is now operationally dead.

JPMORGAN CHASE'S UNREASONABLE CONDUCT

Instead of taking responsibility for completing the transaction it initiated under the OFAC license, JPMorgan Chase:

Refuses to continue coordinating with BNY Mellon to resolve the hold.

Refuses to provide me with basic transaction information (MT103, MT199, trace details, or current hold status), making it impossible for me to understand where the funds are located.

Improperly shifts responsibility to BNY Mellon, a bank with which I have no relationship, claiming it "no longer holds the funds" and "cannot reinitiate a new payment."

Attempts to formally close the matter while the licensed transaction remains unresolved.

VIOLATION OF LAW AND REGULATORY GUIDANCE

JPMorgan Chase's conduct violates:

UCC § 4-A-204 and § 4-A-302, which require a receiving bank to complete a payment order or return the funds, and permit the use of commercially reasonable alternative means when the original route becomes infeasible or unduly delayed.

OFAC FAQ 1106, which explicitly permits financial institutions to

reasonably rely on customer-provided documentation (which I have provided extensively, including fiduciary agreements, powers of attorney, and corporate resolutions).
UNREASONABLE REFUSAL TO CONSIDER A DOCUMENTED ALTERNATIVE

After the original route collapsed, I provided JPMorgan Chase with a fully documented, legally permissible alternative execution structure, supported by:

fiduciary agreements;
powers of attorney;
corporate resolutions;
confirmation that no change in beneficial ownership or economic purpose is involved.
The bank refused to meaningfully consider this alternative mechanism and instead attempted to terminate its involvement by referring me to its own correspondent bank. This is particularly unreasonable given that:

the OFAC license remains valid;
the transfer itself has already been authorized;
the original route is now objectively impossible to use;
and the alternative mechanism is the only practical means of completing the licensed transaction.
MY REQUEST FOR RELIEF (WHAT I ASK THE CFPB TO DO)

I respectfully request that the CFPB investigate JPMorgan Chase's conduct and REQUIRE the bank to:

A. Provide Immediate Transparency:
Within 5 business days, supply all SWIFT and transaction status documentation, including MT103, MT199, trace details, and current hold status.

B. Coordinate Resolution with BNY Mellon:
Immediately contact BNY Mellon and take all necessary steps to either complete the transfer to my last lawful instructions or return the funds to JPMorgan Chase's account.

C. Complete the Licensed Transfer:
Once the funds are under JPMorgan Chase's control (or if they still hold them), complete the OFAC-authorized transfer through a commercially reasonable and documented mechanism without further delay.

D. Stop Shifting Responsibility:
Cease referring me to BNY Mellon and accept its continuing legal responsibility as the originating bank under the OFAC license.

E. Refrain from Prematurely Closing the Matter:
Keep the case open until the licensed transaction is fully and successfully completed.

MEDICAL URGENCY – REQUEST FOR EXPEDITED REVIEW

Due to my life-threatening stage 4 cancer, I respectfully and urgently request that the CFPB expedite its review of this complaint. Each day of delay causes direct and irreversible harm to my health.

Sincerely,
Evgeniy Ilin

### ATTACHMENTS



Illin,Evgeniy.Final Letter.5.19.26.pdf (118.2 KB)

OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf (173.9 KB)

View full complaint ⊕



## Sent to company

### STATUS

Sent to company on 5/19/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## Marked as duplicate

### STATUS

Marked as a duplicate complaint on 5/19/2026

This complaint appears to be a duplicate of a complaint we've already received. We've included a reference to this complaint on that record.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

 An official website of the United States Government

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

  **‹  All complaints (.)**

# 260422-31717414

**CLOSED**

## ✓ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 4/22/2026 | Money transfer, virtual currency, or money service | Confusing or missing disclosures |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or

- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or

- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Subject: LIFE-THREATENING EMERGENCY – JPMorgan Chase ignores OFAC license, refuses to release funds for cancer treatment – bank responds ONLY when CFPB intervenes – originating bank disconnected from SWIFT – I hold valid Power of Attorney

Complaint:

This is a NEW complaint against JPMorgan Chase Bank, N.A. It is separate from my previous complaint (ID 260312-29888941), which was closed after the bank responded. The situation has now become critical and life-threatening.

BACKGROUND:

On October 12, 2022, JPMorgan Chase blocked a wire transfer of USD 206,712.21 from my company, JSC Sequoia. I have been fighting to release these funds for over three years to pay for my life-saving cancer treatment (colon cancer, C18.2, stage 4).

CRITICAL FACTS THE BANK IGNORES:

1. The originating bank (Maritime Bank JSC, Russia) has been disconnected from the SWIFT network. It cannot communicate or correspond regarding this transaction. Therefore, JPMorgan Chase cannot receive any instructions or clarifications from the originator's bank.

2. I hold a valid, notarized Power of Attorney from JSC Sequoia (valid until December 31, 2026), authorising me to act as Attorney-in-Fact for the company in all matters related to the blocked funds, including direct communication with JPMorgan Chase and execution of the OFAC license. I am the only authorised representative who can lawfully provide instructions.

Despite knowing these facts, JPMorgan Chase continues to ignore me.

THE PATTERN OF NON-RESPONSE – BANK ONLY ACTS WHEN CFPB INTERVENES:

- After I filed my first CFPB complaint (March 12, 2026), JPMorgan Chase finally responded (March 27, 2026). Without the CFPB's involvement, the bank ignored all my previous inquiries.
- Now, after receiving the OFAC license, I have contacted JPMorgan Chase again. They are once again refusing to respond. I have sent multiple requests to their sanctions compliance department and their executive office. They remain completely silent.
- The only times JPMorgan Chase has ever responded to me was directly as a result of CFPB intervention. This pattern shows that the bank deliberately ignores customers unless a federal regulator forces them to act.

OFAC LICENSE HAS BEEN OBTAINED – BUT BANK REFUSES TO ACT:

On April 23, 2026, OFAC issued a specific license (No. RUSSIA-EO14024-2023-1033893-1) authorising JPMorgan Chase to release the blocked funds. A copy is attached.

Despite having a clear, binding legal mandate from OFAC, the bank refuses to take any action. They do not respond to my letters, do not confirm receipt of the license, and do not provide any timeline for releasing my funds.

EXTREME MEDICAL URGENCY – I DO NOT HAVE TIME TO

WAIT:

- I am the patient. I have stage 4 colon cancer. My condition is deteriorating rapidly.
- The German clinic that is ready to treat me requires an advance payment of EUR 20,000 immediately. Every day of delay directly threatens my life.
- I have already waited over three years. I cannot wait any longer.

REQUESTED RELIEF:

I respectfully request that the CFPB intervene IMMEDIATELY and order JPMorgan Chase to:

1. Respond to me within 24 hours.
2. Confirm that they have received the OFAC license and will execute the release of the blocked funds.
3. Complete the transfer of USD 206,712.21 to my designated non-blocked account within 5 business days.

SUPPORTING DOCUMENTS ATTACHED:

- OFAC License No. RUSSIA-EO14024-2023-1033893-1
- Power of Attorney from JSC Sequoia to Evgeniy Ilin
- Medical diagnosis confirming stage 4 colon cancer (original + translation)
- Letter from German clinic confirming urgent need for treatment and advance payment

**ATTACHMENTS**

Original translation medical report by Evgeny Ilyin.pdf (168.6 KB)

OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf (173.9 KB)

letter from the clinic with readiness to accept Ilin Evgeniy.pdf (325.7 KB)

POWER OF ATTORNEY JP-OFAK.pdf (467.9 KB)

View full complaint ⊕

 Sent to company

**STATUS**

Sent to company on 4/22/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

# ✅ Company still working

**STATUS**

Company response is in progress as of 5/7/2026

## The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

---

**COMPANY'S INTERIM RESPONSE**

We're still working on your request and will send you a letter as soon as we complete our research. Thank you for your patience.

# ✅ Company responded

**STATUS**

Company responded on 5/19/2026

**RESPONSE TYPE**

Closed with explanation

## Company's Response

We are responding to your additional correspondences regarding a wire transaction involving JSC SEQUOIA, for which you indicated you are serving as power of attorney and/or a company

representative. The Executive Office is the single point of contact at Chase for this matter. Accordingly, we respectfully ask that you refrain from contacting our individual employees and our General Counsel, directly. The Executive Office will respond to your concerns and will coordinate any outreach to other departments as needed. Several related cases were opened in the Executive Office and have now been consolidated under a single case number ECW260309-01584-R1. As noted in our initial letter dated May 1, 2026, pursuant to the OFAC unblocking license you shared, we remitted the wire in accordance with the alternative bank instructions you provided. Please be advised that the beneficiary bank you provided rejected the wire and returned the funds. On Friday, May 8, we resubmitted payment pursuant to the additional alternative instructions you provided. Specifically, we sent payment via BNY Mellon to credit the U.S. correspondent bank AKTIF YATIRIM BANKASI A.S., further credit the beneficiary bank OJSC ELDIK BANK, and to credit the final beneficiary, Branch of Joint Stock Company SEQUOIA. We subsequently learned that the intermediary bank, BNY Mellon, placed a hold on the funds and requested a copy of the OFAC license, which we have already provided. JPMC no longer holds the funds and cannot direct or control the actions of downstream financial institutions, and we are unable to reinitiate a new payment at this time. Accordingly, we must decline your request to trace and redirect the funds to Evgeniy Ilin's individual account. For further information, please contact BNY Mellon directly.

**ATTACHMENTS**

Illin.Evgeniy.Final
Letter.5.19.26.pdf
(118.2 KB)

 # Feedback requested

| STATUS | FEEDBACK DUE |
|---|---|
| Feedback requested on 5/19/2026 | 7/18/2026 |

## Provide feedback about the company's response

We welcome your feedback on how the company responded to your complaint. You will have 60 days from when the company responded to share your feedback. The CFPB will share your feedback responses with the company and use the information to help the CFPB's work with consumer complaints.

Submit your feedback

 **Closed**

The CFPB has closed your complaint.



Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

🇺🇸    An official website of the United States Government

# Бланк жалобы клиента

Контрольный номер OMB: 1557-0232. Срок действия: 30.09.2027.

Office of the
Comptroller of the Currency

# HelpWithMyBank.gov

Дом

Справочные темы  /  Контакт  /  О  /  Глоссарий    **Подать жалобу**

## Спасибо за вашу заявку.

Если дело будет создано, вы получите электронное письмо с подтверждением, содержащее присвоенный вам номер дела.

Если ваша заявка связана с мошенничеством, вы можете подать жалобу в Федеральную торговую комиссию (FTC) по адресу https://reportfraud.ftc.gov . Если ваша жалоба касается мошенничества, совершенного через Интернет, вы также можете подать жалобу в Центр по рассмотрению жалоб на интернет-преступления (IC3) по адресу  https://www.ic3.gov . IC3 — это партнерство между Федеральным бюро расследований (FBI) и Национальным центром по борьбе с преступлениями в сфере экономики (NW3C).

Вы также можете связаться с Федеральной торговой комиссией (FTC) по почте и телефону. Их контактная информация указана ниже.

Центр по работе с потребителями Федеральной торговой комиссии,

Пенсильвания-авеню, северо-запад, 600,

Вашингтон, округ Колумбия, 20580

, (202) 326-2222

*Поскольку потребители ежедневно сталкиваются с многочисленными мошенническими схемами, вы можете ознакомиться с информацией о мошенничестве и аферах на сайте Бюро по защите прав потребителей финансовых услуг (Consumer Financial Protection Bureau) по адресу* https://www.consumerfinance.gov/consumer-tools/fraud/ *, где представлена полезная информация о потенциальном вреде, таком как кража личных данных, который может возникнуть в результате противодействия мошенничеству. Часто задаваемые вопросы о мошенничестве можно найти по адресу* https://www.helpwithmybank.gov/help-topics/fraud-scams/index-fraud-and-scams.html *.*

An official website of the United States government    Here's how you know ⌄



**Federal Reserve Consumer Help**

Español

Thanks for using the complaint filing system.

**Return Home**

Announcements        Contact Us        Other Resources        Accessibility Statement        Disclaimers        Privacy Act Statement

**Federal Reserve Consumer Help (FRCH)**

    

**Federal Reserve System**



**KATHY HOCHUL**
Governor

**KAITLIN ASROW**
Acting Superintendent

May 21, 2026

Evgeniy Ilin
306 West 21st Street, Apt. 11
New York, NY 10011

Re: CAU Complaint File No. BKC-2026-01711596
    Complaint against JPMorgan Chase Bank, N.A. [CFPB]

Dear Evgeniy Ilin:

The New York State Department of Financial Services has received your complaint against the federally chartered institution noted above.  While we are not the primary regulator of this institution, we have forwarded a copy of your complaint to the institution with a request to respond directly to you about the issues you raised.

In addition, you may wish to file a complaint with the federally chartered institution's primary federal consumer protection regulator, the Consumer Financial Protection Bureau (CFPB) which has jurisdiction over the subject matter of your complaint.   The contact information for the CFPB is:

Consumer Financial Protection Bureau (CFPB)
P.O. Box 27170
Washington, DC  20038
Telephone:  1-855-411-2372
Website:  https://www.consumerfinance.gov/complaint

Should you receive a resolution to your complaint through the efforts of the CFPB, please notify us so we can update your file.

Sincerely,

Carmen Janssen
Consumer Representative 1
Consumer Assistance Unit
212-480-4704
212-480-6282 (Fax)

THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES
• EQUITABLE • INNOVATIVE • COLLABORATIVE • TRANSPARENT
One Commerce Plaza, Albany NY 12257 | One State Street Plaza, New York NY 10004

 Gmail

# Urgent Request for Assistance Regarding Failure to Execute OFAC-Licensed Transaction and Critical Medical Circumstances

1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                                      20 мая 2026 г. в 10:25
Кому: "Schumer,Casework (Schumer)" <Casework_Schumer@schumer.senate.gov>
Копия: "Shulman, Ilya" <ilya.shulman@jpmorgan.com>, krista.santoro@jpmchase.com
Скрытая: Chase Executive Office <chase.executive.office@chase.com>, Chase CreditCardExecutiveOffice
<chase.creditcardexecutiveoffice@chase.com>, executive.office@chase.com

### Dear Senator Schumer, Joyce Chang

I am writing to request your assistance regarding a situation that, in my view, demonstrates a systemic failure in the mechanism for executing OFAC-licensed transactions within the U.S. banking system.

**Before anything else, I would like to express my sincere gratitude for the assistance previously provided by your office in connection with obtaining the OFAC license. Your office — and especially Ms. Joyce Chang involvement and efforts — played a critically important role in facilitating communication with OFAC during an extremely difficult period of my life. I deeply appreciate the human compassion, professionalism, and genuine willingness to help an ordinary person facing life-threatening medical circumstances.**

OFAC issued Specific License No. RUSSIA-EO14024-2023-1033893-1 authorizing JPMorgan Chase to release and transfer my funds in the amount of $206,712.21.

**Transaction identifiers:**
— OFAC License: RUSSIA-EO14024-2023-1033893-1
— **Chase case number: ECW260309-01584-R1**
— Chase transfer date: May 8, 2026
— Chase's correspondent bank: BNY Mellon

**However, as it has become clear in practice, the existence of an OFAC license does not at all guarantee the actual delivery of funds to the ultimate beneficiary.**

JPMorgan Chase initiated the transfer through its correspondent bank BNY Mellon, after which BNY Mellon placed the funds on hold, despite JPMorgan having provided a valid OFAC license. The funds remain blocked within the correspondent banking chain without any reasonable timeline for resolution.

**At the same time, JPMorgan Chase has taken the position that it no longer controls the funds and has suggested that I deal directly with BNY Mellon, despite the fact that:**
**— I have no relationship whatsoever with BNY Mellon;**
**— BNY Mellon is exclusively JPMorgan's correspondent bank;**
**— I have no access to interbank communication or information regarding the status**

## of the funds.

In practice, this has created a situation where a transaction already licensed by the U.S. government has become effectively impossible to execute.

According to OFAC guidance (FAQ 1106), the bank processing a licensed transaction has the right and the obligation to determine a reasonable means of executing it, relying on documents provided by the customer in the absence of any reason to believe that the transaction falls outside the scope of the license.

Furthermore, UCC Article 4A provides for the use of commercially reasonable alternative execution methods when the original transfer route becomes technically impossible or non-functional.

Despite this:
— JPMorgan Chase refuses to coordinate resolution of the hold with BNY Mellon;
— refuses to provide complete information regarding the status of the transfer;
— and, in fact, takes no action to seek an alternative lawful mechanism for executing the license or obtaining the return of the funds.

My situation is made more urgent by the fact that I am undergoing treatment for stage IV cancer, and the prolonged inability to access funds that have already been licensed by OFAC directly affects my ability to continue treatment.

In light of the above, I respectfully request your office to:
— initiate a congressional inquiry regarding the actual non-execution of an already OFAC-licensed transaction;
— request explanations from JPMorgan Chase and the relevant regulators;
— send an official inquiry to JPMorgan Chase with the following question: why did Chase, as the originating bank and holder of the OFAC license, fail to complete the transaction to the ultimate beneficiary, and why has it not requested the return of the funds from BNY Mellon for transmission through a different correspondent bank;
— and assist in ensuring the lawful completion of this already OFAC-authorized transfer.

Respectfully,

Evgeniy Ilin
Tel.: +971 50 167 1872

+1 (201) 502-8422
Email: ieasky017@gmail.com

---

**Приложений: 4**

**Illin,Evgeniy.Final Letter.5.19.26.pdf**
119K

**OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf**
174K

**Original translation medical report by Evgeny Ilyin.pdf**
169K

Gmail - Urgent Request for Assistance Regarding Failure to Execute OFAC-Licensed Transaction and Critical Medical Circumstances 20.05.2026, 10:33

Case 1:26-cv-04816-AT   Document 1-12   Filed 06/06/26   Page 137 of 167

 **POWER OF ATTORNEY JP-OFAK.pdf**
468K



Evgeniy Ilin <ieasky017@gmail.com>

# Urgent Request for Assistance Regarding Failure to Execute OFAC-Licensed Transaction and Critical Medical Circumstances

1 письмо

**Evgeniy Ilin** <ieasky017@gmail.com>                                   20 мая 2026 г. в 10:25
Кому: "Geiser, Lauren" <Lauren.Geiser@mail.house.gov>
Копия: "Shulman, Ilya" <ilya.shulman@jpmorgan.com>, krista.santoro@jpmchase.com
Скрытая: Chase Executive Office <chase.executive.office@chase.com>, Chase CreditCardExecutiveOffice <chase.creditcardexecutiveoffice@chase.com>, executive.office@chase.com

**Dear  Congressman Nadler, Lauren Geiser**

I am writing to request your assistance regarding a situation that, in my view, demonstrates a systemic failure in the mechanism for executing OFAC-licensed transactions within the U.S. banking system.

**Before anything else, I would like to express my sincere gratitude for the assistance previously provided by your office in connection with obtaining the OFAC license. Your office — and especially Ms. Lauren Geiser involvement and efforts — played a critically important role in facilitating communication with OFAC during an extremely difficult period of my life. I deeply appreciate the human compassion, professionalism, and genuine willingness to help an ordinary person facing life-threatening medical circumstances.**

OFAC issued Specific License No. RUSSIA-EO14024-2023-1033893-1 authorizing JPMorgan Chase to release and transfer my funds in the amount of $206,712.21.

**Transaction identifiers:**
— OFAC License: RUSSIA-EO14024-2023-1033893-1
— **Chase case number: ECW260309-01584-R1**
— Chase transfer date: May 8, 2026
— Chase's correspondent bank: BNY Mellon

**However, as it has become clear in practice, the existence of an OFAC license does not at all guarantee the actual delivery of funds to the ultimate beneficiary.**

JPMorgan Chase initiated the transfer through its correspondent bank BNY Mellon, after which BNY Mellon placed the funds on hold, despite JPMorgan having provided a valid OFAC license. The funds remain blocked within the correspondent banking chain without any reasonable timeline for resolution.

**At the same time, JPMorgan Chase has taken the position that it no longer controls the funds and has suggested that I deal directly with BNY Mellon, despite the fact that:**
**— I have no relationship whatsoever with BNY Mellon;**
**— BNY Mellon is exclusively JPMorgan's correspondent bank;**
**— I have no access to interbank communication or information regarding the status**

**of the funds.**

In practice, this has created a situation where a transaction already licensed by the U.S. government has become effectively impossible to execute.

**According to OFAC guidance (FAQ 1106), the bank processing a licensed transaction has the right and the obligation to determine a reasonable means of executing it, relying on documents provided by the customer in the absence of any reason to believe that the transaction falls outside the scope of the license.**

Furthermore, UCC Article 4A provides for the use of commercially reasonable alternative execution methods when the original transfer route becomes technically impossible or non-functional.

Despite this:
— JPMorgan Chase refuses to coordinate resolution of the hold with BNY Mellon;
— refuses to provide complete information regarding the status of the transfer;
— and, in fact, takes no action to seek an alternative lawful mechanism for executing the license or obtaining the return of the funds.

**My situation is made more urgent by the fact that I am undergoing treatment for stage IV cancer, and the prolonged inability to access funds that have already been licensed by OFAC directly affects my ability to continue treatment.**

In light of the above, I respectfully request your office to:

— initiate a congressional inquiry regarding the actual non-execution of an already OFAC-licensed transaction;
— request explanations from JPMorgan Chase and the relevant regulators;
— send an official inquiry to JPMorgan Chase with the following question: why did Chase, as the originating bank and holder of the OFAC license, fail to complete the transaction to the ultimate beneficiary, and why has it not requested the return of the funds from BNY Mellon for transmission through a different correspondent bank;
— and assist in ensuring the lawful completion of this already OFAC-authorized transfer.

Respectfully,

Evgeniy Ilin
Tel.: +971 50 167 1872

+1 (201) 502-8422
Email: ieasky017@gmail.com

---

**Приложений: 4**

📄 **Illin,Evgeniy.Final Letter.5.19.26.pdf**
119K

📄 **OFAC License No. RUSSIA-EO14024-2023-1033893-1pdf.pdf**
174K

📄 **Original translation medical report by Evgeny Ilyin.pdf**
169K



**POWER OF ATTORNEY JP-OFAK.pdf**
468K



SEQUOIA Joint Stock Company
OGRN 1207700261317 / TIN 9703014733
Moscow, 42 Boulevard, building 1, office
1101/5
Tel.: +7 (800) 301-41-81
info@sequoia.holdings
www.sequoia.holdings

## POWER OF ATTORNEY

**For Representation before JPMorgan Chase Bank, N.A.**

---

**PRINCIPAL:**

Joint Stock Company **SEQUOIA**
OGRN: 1207700261317
TIN (INN): 9703014733

**Registered Address:**
**42 Bolshoy Boulevard, Building 1, Office 1101/5,**
**Moscow, Russian Federation**

Represented by:
**Mr. Vasily Pavlovich Dyatlov**
President of JSC SEQUOIA
Acting under the Charter

---

**ATTORNEY-IN-FACT:**

**Mr. Evgeniy Anatolievich ILIN**
Passport No. **77 6972801**, issued 15.08.2025
Date of Birth: **17 January 1985**
Citizenship: Russian Federation

**Contact Email: ieasky017@gmail.com**

---

**LEGAL BASIS (Branch Information)**

According to the **Resolution of the Sole Executive Body of SEQUOIA Joint Stock Company dated October 31, 2023**,
Mr. Evgeniy A. Ilin is appointed as:



**Director of the Branch of SEQUOIA Joint Stock Company in the Kyrgyz Republic**

This status grants the Attorney full authority to act on behalf of both the Parent Company and its Branch.

---

## 1. SCOPE OF AUTHORIZATION

The Principal hereby authorizes the Attorney to fully represent **JSC SEQUOIA** and its **Branch in the Kyrgyz Republic** before **JPMorgan Chase Bank, N.A.**, including but not limited to the following matters:

**Blocked Transaction Details**

- **Case Ref: JPM221111-002281**
- **Case Ref: JPO221019-000407**
- Transaction Ref: **0606420292FC**

**The Attorney is authorized to:**

1. Submit to JPMorgan the OFAC License authorizing the release of blocked funds.
2. Provide all necessary corporate, identification, and transaction-related documents.
3. Communicate directly with JPMorgan OFAC Compliance, Sanctions, and Global Investigations units.
4. Request and obtain official information regarding the blocked transactions.
5. Receive decisions, letters, instructions, and confirmations from JPMorgan.
6. Sign and submit any documentation required to process or execute the OFAC License.
7. Perform any and all actions necessary to release, return, reroute, or otherwise resolve the blocked funds.

---

## 2. BACKGROUND CONFIRMATION

The Principal confirms that:

- Funds related to the above transaction were blocked by **JPMorgan Chase Bank, N.A. (CHASUS33)** following sanctions screening identifying OFAC SDN-interest.
- JPMorgan notified that the transaction is blocked and requires a valid OFAC License before any release of funds.



- JSC SEQUOIA authorizes its Attorney to act in all matters related to this process.

## 3. TERM OF POWER OF ATTORNEY

This Power of Attorney is valid until:

**31 December 2026,**

unless revoked earlier in writing.

## 4. SIGNATURES

**For JSC SEQUOIA**
President
**Mr. Vasily Pavlovich Dyatlov**

Signature
Date: 12/01/2025

**Corporate Seal (if applicable)**

## 5. ACCEPTANCE BY ATTORNEY

I, **Evgeniy Anatolievich Ilin**, hereby accept this authorization.

Signature
Date: 12/01/2025

# Ministry of Justice of the Kyrgyz Republic

# Certificate of State Registration

# Branch of Joint Stock Company "SEQUOIA"

## I. Name and Legal Form

| | |
|---|---|
| Full name (state language) | Branch of Joint Stock Company "SEQUOIA" |
| Full name (official language) | Branch of Joint Stock Company "SEQUOIA" |
| Short name (state language) | SEQUOIA Branch |
| Short name (official language) | SEQUOIA Branch |
| Legal form | Branch |
| Foreign participation | Yes |

## II. Foreign Participation

| | |
|---|---|
| Founder (participant) | Joint Stock Company "SEQUOIA", Russia |

## III. Registration Details

| | |
|---|---|
| State registration number | 224301-3301-■-■ |
| OKPO code | 32315076 |
| Tax Identification Number (INN) | 01611202310090 |

## IV. Address of the Branch

| | |
|---|---|
| Region | Bishkek City |
| District | Oktyabrsky District |
| Street | Baytik Baatyr St. 70, Office 604 |

## V. Contact Information

| | |
|---|---|
| Phone | — |
| Fax | — |
| Email | — |

## VI. State Registration

| | |
|---|---|
| Type of registration | Initial registration |
| Date of registration order | 16.11.2023 |

## VII. Method of Establishment

| Method | Created by a foreign legal entity (JSC "SEQUOIA") |
|---|---|

## VIII. Form of Ownership

| Ownership type | Private |
|---|---|

## IX. Head of the Branch

| Full name | Evgeny Anatolyevich Ilin |
|---|---|

## X. Main Activity

| Type of activity | Wholesale non-specialized trade |
|---|---|
| Activity code | 46.90.0 |

## XI. Founders (Participants)

| Number of individual founders | 0 |
|---|---|
| Number of legal entity founders | 1 |
| Total number of founders | 1 |
| Founder | Joint Stock Company "SEQUOIA" |

Seal: _____

Signature: _____

This document is a true and accurate English translation of the official registration certificate issued by the Ministry of Justice of the Kyrgyz Republic.

**RESOLUTION No. 5**
**of the Sole Shareholder**
**of JOINT STOCK COMPANY "SEQUOIA"**

Moscow
May 15, 2026

I, Vasily Pavlovich Dyatlov, passport 80 10 173045, issued by the DEPARTMENT OF THE FEDERAL MIGRATION SERVICE OF RUSSIA FOR THE REPUBLIC OF BASHKORTOSTAN IN THE OCTYABRSKY DISTRICT OF THE CITY OF UFA on 25.11.2010, division code 020-006, registered at: Republic of Bashkortostan, Ufa, Oktyabrya Ave., 70, bldg. 1, apt. 6, being the sole shareholder of JOINT STOCK COMPANY "SEQUOIA" and the holder of 100% of the shares of the Company,

hereby adopt this resolution as follows:

In connection with the factual impossibility of executing OFAC License No. RUSSIA-EO14024-2023-1033893-1 through the existing corporate banking routes of JSC "SEQUOIA", including repeated rejections of international payments by correspondent banks, restricted access to international banking infrastructure, and the closure of the bank accounts of the Branch of JSC "SEQUOIA" at OJSC "Eldik Bank", in order to ensure the proper and lawful execution of the said OFAC license,

I HEREBY RESOLVE:

1. To establish that the funds subject to return and/or transfer under OFAC License No. RUSSIA-EO14024-2023-1033893-1 are and shall remain the property of JOINT STOCK COMPANY "SEQUOIA".
2. To authorize Evgeniy Ilin, Director of the Branch of JSC "SEQUOIA", acting as the legal representative of the Company, to temporarily accept the said funds into his personal bank account exclusively in the interests, on behalf, and for the benefit of JOINT STOCK COMPANY "SEQUOIA" as a temporary technical mechanism for the execution of the OFAC license.
3. To establish that:
   — the acceptance of funds into the personal bank account of Evgeniy Ilin does not alter the economic beneficiary of the funds;
   — does not entail the transfer of ownership of the funds from JSC "SEQUOIA" to Evgeniy Ilin;
   — does not grant Evgeniy Ilin the right to freely dispose of the funds in his personal interests;
   — does not constitute a payment of income, dividends, remuneration, or any other personal economic benefit to Evgeniy Ilin;
   — Evgeniy Ilin shall carry out exclusively the temporary holding, administration, and targeted use of the funds in the interests of JSC "SEQUOIA" without acquiring any independent proprietary interest.
4. To establish that the said funds shall be used exclusively for:
   — medical treatment and related expenses corresponding to the purposes and conditions of the OFAC license;
   — fulfillment of the obligations and support of the activities of JSC "SEQUOIA";
   — or shall be subject to subsequent transfer to a corporate bank account of JSC "SEQUOIA" once a technical possibility to open and use such an account arises.

JSC «Sequoia»                                                                                          1

5. To establish that Evgeniy Ilin undertakes to maintain full and unconditional separate accounting of the said funds.

6. To confirm that this resolution is adopted exclusively in connection with the objective impossibility of executing the OFAC license through standard corporate banking iufrastructure and is not aimed at:
   — circumventing sanctions restrictions;
   — concealing the beneficial owner of the funds;
   — altering the economic purpose of the funds;
   — violating the requirements of OFAC, U.S. law, or the laws of other applicable jurisdictions.

7. JSC "SEQUOIA" and Evgeniy Ilin confirm their readiness to provide banks, regulators, OFAC, or other authorized persons with documents and explanations confirming the nature and purposes of this temporary mechanism.

8. To establish that this mechanism is temporary and shall remain in effect exclusively until:
   — the funds have been fully used for their designated purpose;
   — or a technical possibility to use a corporate bank account of JSC "SEQUOIA" arises.

Sole Shareholder
of JSC "SEQUOIA"

_____ / V.P. Dyatlov /

seal

## FIDUCIARY AGREEMENT
## On the Temporary Acceptance and Administration of Funds of JSC "Sequoia" in Execution of OFAC License No. RUSSIA-EO14024-2023-1033893-1

Moscow
May 15, 2026

**JOINT STOCK COMPANY "SEQUOIA"**, represented by its President, Vasily Pavlovich Dyatlov, acting on the basis of the Charter and Resolution No. 4 of the Sole Shareholder of JSC "SEQUOIA" dated September 12, 2023, hereinafter referred to as the **"Company"**, on the one hand, and **Evgeniy Ilin**, Director of the Branch of JSC "Sequoia", hereinafter referred to as the **"Branch Director"**, on the other hand, jointly referred to as the **"Parties"**, have entered into this Agreement as follows:

1. In connection with the factual impossibility of executing OFAC License No. RUSSIA-EO14024-2023-1033893-1 through the existing corporate banking routes and/or corporate bank accounts of the Company, the Parties have agreed on a temporary procedure for the receipt of funds into the personal bank account of Evgeniy Ilin.
2. The Parties confirm that the use of the personal bank account is of an exceptional, temporary, and compelled nature.
3. The Parties confirm that the funds received in execution of the said OFAC license are the funds of JSC "Sequoia" and do not become the personal property of Evgeniy Ilin.
4. Evgeniy Ilin accepts the said funds exclusively in connection with the performance of his duties as Director of the Branch of JSC "Sequoia", as the legal representative of the Company and temporary holder of the Company's funds with the obligation of their targeted administration.
5. Evgeniy Ilin acquires no right of ownership, right of disposal in his personal interest, or any independent economic interest with respect to the said funds.
6. Evgeniy Ilin undertakes to use the received funds exclusively for:
   - payment for medical treatment and related expenses provided for or permitted under the OFAC license;
   - fulfillment of the obligations and purposes of JSC "Sequoia";
   - or to ensure the subsequent transfer of the remaining funds to the corporate bank account of JSC "Sequoia" once a technical possibility for the use of such account arises.
7. Evgeniy Ilin undertakes, upon the removal of restrictions or the emergence of a technical possibility, to ensure the transfer of the unused balance of the funds to the corporate bank account of JSC "Sequoia".
8. The Parties confirm that this temporary arrangement does not alter the economic beneficiary of the funds, is not aimed at transferring the funds into the personal ownership of Evgeniy Ilin, is not a means of circumventing sanctions restrictions, and is not intended to violate the requirements of OFAC, U.S. law, or the applicable laws of other jurisdictions.

1

9. This Agreement is concluded exclusively as a temporary technical mechanism for the execution of OFAC License No. RUSSIA-EO14024-2023-1033893-1 in circumstances where the use of standard corporate banking infrastructure is factually impossible.

10. Evgeniy Ilin undertakes, upon reasonable request of the Company, to provide supporting documents, statements, payment documents, and other information confirming the targeted administration and use of the said funds.

11. The Parties confirm that the receipt of funds into the personal bank account of Evgeniy Ilin is carried out exclusively for the purpose of executing OFAC License No. RUSSIA-EO14024-2023-1033893-1 and does not create for Evgeniy Ilin any personal income, profit, property benefit, or tax basis unrelated to the activities of JSC "Sequoia".

12. Evgeniy Ilin undertakes to maintain separate accounting of the receipt, holding, and disbursement of the said funds, and to retain supporting documents, including bank statements, payment orders, invoices, medical documents, and other documents confirming the targeted use of the funds.

13. The Parties confirm their readiness to provide banks, compliance departments, auditors, and authorized bodies with documents and explanations confirming the legality of the origin, movement, and targeted use of the funds.

14. This Agreement shall enter into force on the date of its signing by the Parties and shall remain in effect until the funds have been fully used for their designated purpose or transferred to the corporate bank account of JSC "Sequoia".

**Signatures of the Parties:**

**JSC "SEQUOIA"**

President
Vasily Pavlovich Dyatlov

_____ / V.P. Dyatlov /

**Evgeniy Ilin**

Director of the Branch of JSC "Sequoia"

_____ / Evgeniy Ilin /

2

**TEMPORARY CUSTODIAL AND
FIDUCIARY ADMINISTRATION AGREEMENT No. 01/2026**

Dubai
May 16, 2026

JOINT STOCK COMPANY "SEQUOIA" (OGRN: 1207700261317, INN: 9703014733, legal address: 121205, Moscow, Bolshoy Blvd., 42, bldg. 1, floor/office/workplace 3/1101/5), acting on the basis of the Charter, represented by its President Vasily Pavlovich Dyatlov, acting on the basis of the Charter and Resolution No. 4 of the Sole Shareholder of the Company dated September 12, 2023 (hereinafter — the "Principal"), on the one hand, and

Ilin Evgeniy (ILIN EVGENIY), passport of the Russian Federation series 776 No. 9728019, issued 08.03.2015, date of birth 17.01.1985, Emirates ID No. 784-1985-3584267-1 (hereinafter — the "Fiduciary Administrator"), on the other hand,

jointly referred to as the "Parties",

have entered into this Agreement as follows:

Article 1. Subject of the Agreement

1.1. The Principal instructs, and the Fiduciary Administrator undertakes, to ensure the temporary receipt, custodial holding, and fiduciary administration of funds through his personal bank account opened with Emirates NBD in relation to the funds due to the Principal in execution of OFAC License No. RUSSIA-EO14024-2023-1033893-1.

Account Details of the Fiduciary Administrator:

• Name: Evgeniy Ilin
• Bank: Emirates NBD
• Address: Dubai, Emirates Towers Branch
• IBAN: AE360260000315830248703
• Account number: 0315830248703
• Currency: USD
• Swift code: EBILAEAD
• Routing number: 202620103

1.2. The Parties confirm that the economic beneficiary (Beneficial Owner) of all funds received into the Account under this Agreement is the Principal (JSC "SEQUOIA"). The Fiduciary Administrator does not acquire ownership rights, beneficial ownership, or any independent economic interest in relation to the said funds.

1.3. This Agreement is concluded exclusively as a temporary, technical, and compelled mechanism for the receipt, custodial holding, and fiduciary administration of funds in circumstances where the use of standard corporate banking infrastructure is factually impossible.

1.4. The Parties confirm that this temporary arrangement does not alter the economic beneficiary of the funds, does not constitute a transfer of beneficial ownership, is not aimed at transferring the funds into the personal ownership of the Fiduciary Administrator, is not a means of circumventing sanctions restrictions, and is not intended to violate the requirements of OFAC, U.S. law, or the applicable laws of other jurisdictions.

16.05.2026                                                                                             1

Article 2. Rights and Obligations of the Fiduciary Administrator

2.1. The Fiduciary Administrator undertakes:

2.1.1. To ensure full and unconditional separate accounting of the funds received into the Account from the Principal, and under no circumstances to commingle the said funds with personal funds or any other funds not related to this designated purpose.

2.1.2. To use the received funds exclusively upon written instructions of the Principal for the purposes permitted by the OFAC License:

— medical treatment and related expenses;
— fulfillment of the obligations of JSC "SEQUOIA";
— or return to the Principal's corporate account.

2.1.3. To provide bank statements for the Account and payment documents at the Principal's first request.

2.1.4. To immediately notify the Principal of any blocks, claims, or inquiries from Emirates NBD or other regulators regarding the funds in the Account.

2.1.5. To provide a copy of this Agreement to Emirates NBD at the bank's first request.

2.1.6. To maintain separate records of the receipt, holding, and disbursement of the said funds, and to retain supporting documents, including bank statements, payment orders, invoices, medical documents, and other documents confirming the targeted use of the funds.

2.2. The Fiduciary Administrator is prohibited from:

2.2.1. Using the funds in the Account for personal purposes.

2.2.2. Transferring the funds to third parties without the Principal's written consent.

2.2.3. Placing the funds on deposit or in other accounts for the purpose of obtaining personal gain.

Article 3. Rights and Obligations of the Principal

3.1. The Principal undertakes not to give the Fiduciary Administrator instructions that contradict the requirements of the OFAC License and the applicable laws of the UAE.

3.2. The Principal undertakes to reimburse the Fiduciary Administrator for documented bank fees associated with the servicing of the funds under this Agreement.

3.3. The Principal shall have the right at any time to demand that the Fiduciary Administrator transfer the balance of the funds to an account designated by the Principal or return them in another lawful manner.

Article 4. Liability and Allocation of Risks

16.05.2026                                                                                                      2

4.1. The Fiduciary Administrator shall not be liable for the refusal of correspondent banks or other financial intermediaries to process a payment to the Principal.

4.2. In the event of arrest, freezing, or write-off of funds from the Account at the initiative of third parties (tax authorities, bailiffs, bank) for obligations of the Fiduciary Administrator, the Fiduciary Administrator undertakes to immediately notify the Principal and provide all documents confirming that the funds belong to the Principal in order to protect them in court.

4.3. The Fiduciary Administrator shall not be liable for losses caused to the Principal as a result of actions of Emirates NBD or other financial institutions, including delays, blocks, or refusals to process payments.

Article 5. Term and Termination Procedure

5.1. This Agreement shall enter into force upon its signing by the Parties and shall remain in effect until the funds have been fully used for their designated purpose or until a technical possibility to use the Principal's corporate bank account arises.

5.2. Either Party shall have the right to unilaterally terminate this Agreement by notifying the other Party 30 (thirty) business days in advance.

5.3. Upon termination of the Agreement, the Fiduciary Administrator undertakes, within 60 (sixty) business days, to transfer the balance of the funds to the account designated by the Principal or to return them to the Principal in another lawful manner.

Article 6. Applicable Law

6.1. This Agreement shall be governed by the law of the UAE (Emirate of Dubai) to the extent not inconsistent with the requirements of the OFAC License and applicable U.S. sanctions law.

6.2. The Parties confirm that this Agreement is not aimed at circumventing sanctions restrictions and is concluded exclusively in connection with the objective impossibility of executing the OFAC License through standard corporate banking channels.

Article 7. Signatures and Details

Principal:

JSC "SEQUOIA"
OGRN: 1207700261317
INN: 9703014733
KPP: 773101001
Legal address: 121205, Moscow, Bolshoy Blvd., 42, bldg. 1, floor/office/workplace 3/1101/5

Sole Shareholder
of JSC "SEQUOIA"

/ V.P. Dyatlov /

Seal

Fiduciary Administrator:
16.05.2026

3

Ilin Evgeniy (ILIN EVGENIY)
Passport of the Russian Federation: series 776 No. 9728019, issued 08.03.2015
Emirates ID: 784-1985-3584267-1

Account with Emirates NBD:

IBAN: AE360260000315830248703
Account number: 0315830248703
Swift code: EBILAEAD
Routing number: 202620103

_____ / E. Ilin /

16.05.2026                                                                                 4

**Ministry of Justice of the Kyrgyz Republic**

**Certificate of State Registration**

**Branch of Joint Stock Company "SEQUOIA)**

| I. | Name and Legal Form | |
| --- | --- | --- |
| Full name (*state* language) | | Branch of Joint Stock Company "SEQUOIA" |
| Full name (*official* language) | | Branch of Joint Stock Company "SEQUOIA" |
| Short name (*state* language) | | SEQUOIA Branch |
| Legal form | | Branch |
| II. | Foreign Participation | |
| Founder (participant) | | Joint Stock Company "SEQUOIA", Russia |
| III. | Registration Details | |
| State registration number | | 234301-3301-■1-■ |
| OKPO code | | 3255076 |
| Tax Identification Number (INN) | | 01611202310090 |
| IV. | Address of the Branch | |
| Region | | Bishkek City |
| District | | Oklyzbrsky District |
| Street | | Baylik Baatyr St., '70, Office 604 |
| V. | Contact Information | |
| Phone | | — |
| Fax | | — |
| VI. | State Registration | Initial registration |
| Date of registration order | | 16.11.2023 |
| VII. | Method of Establishment | |
| Method | | Created by a foreign legal entity (JSC "SEQUOIA") |
| VIII. | Form of Ownership | Private |
| IX. | Head of the Branch | Evgeny Anatolejevich Ilin |
| X. | Main Activity | |
| Type of activity | | Wholesale non-specialized trade |
| Activity code | | 46.90.0 |

*This document is a true and accurate English translation of the official registration certificate issued by the Ministry of Justice of the Kyrgyz Republic.*

# Ministry of Justice of the Kyrgyz Republic

## Certificate of State Registration

## Branch of Joint Stock Company "SEQUOIA"

### I. Name and Legal Form
Full name (state language): Branch of Joint Stock Company "SEQUOIA"
Full name (official language): Branch of Joint Stock Company "SEQUOIA"
Short name (state language): SEQUOIA Branch
Short name (official language): SEQUOIA Branch
Legal form: Branch

### II. Foreign Participation
Founder (participant): Joint Stock Company "SEQUOIA", Russia

### III. Registration Details
State registration number: 234301-3301-■-■
OKPO code: 3255076
Tax Identification Number (INN): 01611202310090

### IV. Address of the Branch
Region: Bishkek City
District: Oktyabrsky District
Street: Baytik Baatyr St., 70, Office 604

### V. Contact Information
Phone: —
Fax: —
Email: —

## VI. State Registration
Type of registration: Initial registration
Date of registration order: 16.11.2023

## VII. Method of Establishment
Method: Created by a foreign legal entity (JSC "SEQUOIA")

## VIII. Form of Ownership
Ownership type: Private

## IX. Head of the Branch
Full name: Evgeny Anatolyevich Ilin

## X. Main Activity
Type of activity: Wholesale non-specialized trade
Activity code: 46.90.0

## XI. Founders (Participants)
Number of individual founders: 0
Number of legal entity founders: 1
Total number of founders: 1
Founder: Joint Stock Company "SEQUOIA"

*This document is a true and accurate English translation of the official registration certificate issued by the Ministry of Justice of the Kyrgyz Republic.*



**Emirates NBD**
بنك الإمارات دبي الوطني

| Account Information Letter | | رسالة معلومات الحساب |
|---|---|---|

| Date | 12.05.2026 | التاريخ |
|---|---|---|

| To: | JP Morgan Chase | :إلى |
|---|---|---|
| Name of customer:<br>(hereinafter referred to as the "Customer") | EVGENIY ILIN | اسم العميل:<br>يشار إليه فيما بعد بـ 'العميل' |

Dear Sir/Madam,

This is to certify that the Customer maintains an account with Emirates NBD Bank (P.J.S.C.) as per the below details:

عميلنا العزيز،

نشهد بأن العميل يحتفظ بحساب لدى بنك الإمارات دبي الوطني ش.م.ع. وفقاً للتفاصيل التالية:

| Account Number: | 0315830248703 | :رقم الحساب |
|---|---|---|
| Account Name: | EVGENIY ILIN | :اسم الحساب |
| IBAN: | AE360260000315830248703 | :رقم آيبان |
| Registered Address: | 601,0,TAMEEM HOUSE , 0,BARSHA HEIGHTS ,. DXB PO BOX214950,DUBAI,UNITED ARAB EMIRATES | :العنوان المسجل |
| Account Type: | CURRENCY PASSPORT SAVINGS AC | :نوع الحساب |
| Account Opened Date: | 23.12.2022 | :تاريخ فتح الحساب |
| Branch Name: | BURJ AL ARAB | :اسم الفرع |
| Swift Code: | EBILAEADXXX | :رمز سويفت |

As of the date of this letter and according to our current records, the Customer has complied with our requirements relating to the conduct of the Customer's Account

The information in this letter is derived from Emirates NBD's internal records only, in accordance with normal banking practice, without any liability for Emirates NBD, its directors, employees and officers.

Yours faithfully,
For and on behalf of Emirates NBD Bank (P.J.S.C.)

كما في تاريخ هذا الخطاب ووفقاً لسجلاتنا الحالية، فقد امتثل العميل لمتطلباتنا فيما يتعلق بإدارة حساب العميل

المعلومات الواردة في هذا الخطاب مستخرجة من السجلات الداخلية لبنك الإمارات دبي الوطني فقط، وفقاً للممارسات المصرفية العادية، دون أي التزام على بنك الإمارات دبي الوطني، أعضاء مجلس إدارته، موظفيه ومسؤوليه.

المخلص لكم،
باسم ونيابة عن بنك الإمارات دبي الوطني (ش.م.ع.)

*[Stamp: Emirates NBD, PO Box 777, Dubai, UAE]*

| DISCLAIMER: | | :إخلاء مسؤولية |
|---|---|---|

This letter is being presented upon the Customer's specific request and is intended for the addressee only. Emirates NBD Bank (P.J.S.C.) does not accept any liability or makes any representation whatsoever towards the customer or the addressee in respect of the contents of this letter nor the accuracy of any statement therein. The information in this letter may not be relied upon and nothing in this letter constitutes a representation.

This is an electronically generated letter, hence does not require a signature.

يتم تقديم هذا الخطاب بناءً على طلب العميل المحدد وهو مخصص للمرسل إليه فقط. لا يتحمل بنك الإمارات دبي الوطني أي مسؤولية أو يقدم أي إقرار أياً كان تجاه العميل أو المرسل إليه فيما يتعلق بمحتوى هذا الخطاب ولا دقة البيانات الواردة به. لا يجوز الاعتماد على المعلومات الواردة في هذا الخطاب، ولا شيء في هذا الخطاب يشكل إقراراً.

هذا الخطاب تم إنشاؤه إلكترونياً، وبالتالي لا يتطلب توقيعاً.

Quick Services    Customer Care    ATM & Branches    Online Banking

Emirates NBD بنك الإمارات دبي الوطني

Products & Services    Digital Solutions

Choose your website / عربي

| | | | | | |
|---|---|---|---|---|---|
| | | | | | QA03QNBA00000000000001810030001 |
| | Saudi Riyal | SAR | Emirates NBD Bank PJSC | EBIL SA RI | 1266027367401<br>IBAN: SA1595000001266027367401 |
| | Swedish Krona | SEK | Skandinaviska Enskilda Banken AB, Stockholm | ESSE SE SS | 5201-85-300-46<br>IBAN NO.<br>SE3350000000052018530046 |
| | Swedish Krona | SEK | Danske Bank | DABASESX | 24560100136<br>IBAN NO. SE9712000000024560100136 |
| | Singapore Dollar | SGD | Standard Chartered Bank, Singapore | SCBLSG22 | 0109382269 |
| | United States Dollar | USD | Bank of America National Association, New York | BOFA US 3N | 6550286074<br>ABA NO 026009593 |
| | United States Dollar | USD | Citibank NA, New York | CITI US 33 | 3602 3618<br>ABA NO 021000089 |
| | United States Dollar | USD | Standard Chartered Bank, New York | SCBL US 33 | 3582-091829-001<br>ABA NO 026002561 |
| | United States Dollar | USD | Bank of New York Mellon, New York | IRVT US 3N | 803-3356-073<br>ABA NO 021000018 |
| | United States Dollar | USD | HSBC Bank USA National Association | MRMDUS33 | 000027774<br>ABA: 021001088 / Routing # 022000020 |
| | United States Dollar | USD | JPMorgan Chase Bank National Association | CHASUS33 | 196019118<br>ABA NO: 021000021 |
| | South African Rand | ZAR | FirstRand Bank Ltd, Johannesburg | FIRN ZA JJ | 9019944 |
| | South African Rand | ZAR | The Standard Bank of South Africa, South Africa | SBZA ZA JJ | 7227769 |







**Executive Office (Mail Code OH4-7120)**
3415 Vision Drive
Columbus, OH 43219

**CHASE** ⬡

May 19, 2026

Evgeniy Ilin
ieasky017@gmail.com

**Update regarding re-submitted wire**

Dear Evgeniy Ilin:

We are responding to your additional correspondences regarding a wire transaction involving JSC SEQUOIA, for which you indicated you are serving as power of attorney and/or a company representative.

The Executive Office is the single point of contact at Chase for this matter. Accordingly, we respectfully ask that you refrain from contacting our individual employees and our General Counsel, directly. The Executive Office will respond to your concerns and will coordinate any outreach to other departments as needed. Several related cases were opened in the Executive Office and have now been consolidated under a single case number ECW260309-01584-R1.

As noted in our initial letter dated May 1, 2026, pursuant to the OFAC unblocking license you shared, we remitted the wire in accordance with the alternative bank instructions you provided. Please be advised that the beneficiary bank you provided rejected the wire and returned the funds.

On Friday, May 8, we resubmitted payment pursuant to the additional alternative instructions you provided. Specifically, we sent payment via BNY Mellon to credit the U.S. correspondent bank AKTIF YATIRIM BANKASI A.S., further credit the beneficiary bank OJSC ELDIK BANK, and to credit the final beneficiary, Branch of Joint Stock Company SEQUOIA.

We subsequently learned that the intermediary bank, BNY Mellon, placed a hold on the funds and requested a copy of the OFAC license, which we have already provided. JPMC no longer holds the funds and cannot direct or control the actions of downstream financial institutions, and we are unable to reinitiate a new payment at this time. Accordingly, we must decline your request to trace and redirect the funds to Evgeniy Ilin's individual account. For further information, please contact BNY Mellon directly.

If you have questions, please call us at 1-877-805-8049 and reference case number ECW260309-01584-R1. We accept operator relay calls. We're available Monday through Friday from 8 a.m. to 9 p.m. and Saturday from 9 a.m. to 6 p.m. Eastern Time.

Sincerely,

Executive Office
1-877-805-8049
212-270-9300 International Executive Office
405-272-9935 International Customer Service
1-866-535-3403 Fax; it's free from any Chase branch
executive.office@chase.com
chase.com

cc:   The Consumer Financial Protection Bureau, Complaint ID 260422-31717414

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-877-805-8049, de lunes a viernes de 8 a.m. a 9 p.m. y sábados de 9 a.m. a 6 p.m., hora del Este.

ID Q8dz1UsO2y
ECN32



«Элдик Банк»  
Ачык акционердик коому

720021, Кыргыз Республикасы  
Бишкек ш., Москва көч., 80/1  
тел.: +996 312 58 01 16  
тел/факс: +996 312 68 04 06  
e-mail: info@rsk.kg

«Элдик Банк»  
Открытое акционерное  
общество

720021, Кыргызская Республика  
г. Бишкек, ул. Московская, 80/1  
тел.: +996 312 58 01 16  
тел/факс: +996 312 68 04 06  
e-mail: info@rsk.kg

_____ №

на № 13005/3-591  от 20.05.2026г.

**Филиал Акционерного общества «Секвойя» в Кыргызской Респбулике**

## СПРАВКА

ОАО «Элдик Банк» в ответ на Ваше заявление Исх. № 15/05 от 18.05.2026г., настоящим подтверждает информацию о закрытии расчетных счетов Филиала Акционерно общества «Секвойя» в Кыргызской Республике:

| № | Номер счета | Тип счета | Валюта | Дата закрытия |
|---|---|---|---|---|
| 1 | 1299003150040158 | Расчетный счет | Сом | 20.05.2026г. |
| 2 | 1299003150040259 | Расчетный счет | Российский рубль | 20.05.2026г. |
| 3 | 1299003150040461 | Расчетный счет | Доллар США | 20.05.2026г. |
| 4 | 1299003150041067 | Расчетный счет | Турецкая лира | 20.05.2026г. |
| 5 | 1299003150040360 | Расчетный счет | Евро | 20.05.2026г. |
| 6 | 1299003150040562 | Расчетный счет | Китайский юань | 20.05.2026г. |

Справка дана согласно запросу клиента:

**Заместителя директора**  
**Главного операционного управления**

К.О. Жамынчиева

Исп: ГОПУ  
Тел: 58-61-06

# CERTIFICATE

Eldik Bank, in response to your request Ref. No. 15/05 dated 18.05.2026, hereby confirms the closure of the settlement accounts of the Branch of Joint Stock Company "Sequoia" in the Kyrgyz Republic.

| No. | Account Number | Account Type | Currency | Closure Date |
|---|---|---|---|---|
| 1 | 1299003150040158 | Settlement Account | Kyrgyz Som | 20.05.2026 |
| 2 | 1299003150040259 | Settlement Account | Russian Ruble | 20.05.2026 |
| 3 | 1299003150040461 | Settlement Account | United States Dollar (USD) | 20.05.2026 |
| 4 | 1299003150041067 | Settlement Account | Turkish Lira | 20.05.2026 |
| 5 | 1299003150040360 | Settlement Account | Euro | 20.05.2026 |
| 6 | 1299003150040562 | Settlement Account | Chinese Yuan | 20.05.2026 |

This certificate has been issued upon the client's request.

Deputy Director
Main Operations Department

K.O. Zhamyshchieva

Director of the branch of Sequoia JSC _____ Ilin E.A.



ГОСУДАРСТВЕННОЕ БЮДЖЕТНОЕ УЧРЕЖДЕНИЕ
ЗДРАВООХРАНЕНИЯ
РЕСПУБЛИКАНСКАЯ КЛИНИЧЕСКАЯ
БОЛЬНИЦА ИМЕНИ Г.Г.КУВАТОВА

Форма №027у

450005, Респ.Башкортостан, г Уфа, ул Достоевского, д. 132
ОГРН 1030203899329   ИНН 0274019476   ОКПО 01952501

## ОТДЕЛ ЛУЧЕВОЙ И ФУНКЦИОНАЛЬНОЙ ДИАГНОСТИКИ
## ВЫПИСКА
### из медицинской карты стационарного больного №65470-238

1. **ФИО:** Ильин Евгений Анатольевич
2. **Дата рождения:** 17.01.1985
3. **Адрес:** г. Уфа, ул. Орехова, д. 4
4. **Диагноз:** Злокачественное новообразование нисходящей ободочной кишки. Аденокарцинома высокой степени злокачественности с инвазией в окружающие ткани и признаками регионарного метастазирования.
5. **Код диагноза по МКБ-10:** С18.2
6. **Диагностические исследования:**
Общий анализ крови (12.08.2025): гемоглобин - 94 г/л (анемия), эритроциты - 2,9×10⁹/л, лейкоциты - 11,2×10⁹/л (лейкоцитоз), тромбоциты - 210×10⁹/л, СОЭ - 48 мм/ч (↑).
Биохимический анализ крови: общий белок - 59 г/л (↓), альбумин -27 г/л (↓), билирубин общий - 14 мкмоль/л, АСТ-38 Ед/л, АЛТ-34 Ед/л, креатинин - 89 мкмоль/л, С-реактивный белок - 21 мг/л.
Онкомаркеры: СЕА - 22 нг/мл (значительно выше нормы), СА 19-9 - 54 Ед/мл (↑).
Колоноскопия (13.08.2025): на расстоянии 45 см от анального края определяется опухолевое образование циркулярного характера, протяжённостью около 5 см, с частичной обтурацией просвета кишки и кровоточивостью при контакте. Взята биопсия.
Гистология (14.08.2025): аденокарцинома высокой степени злокачественности.
КТ органов брюшной полости (15.08.2025): опухоль нисходящей ободочной кишки до 6,4×5,1 см, признаки регионарной лимфаденопатии (лимфоузлы до 1,8 см). Метастатических очагов в печени и других органах не выявлено.
УЗИ органов брюшной полости: печень без очаговых изменений, желчный пузырь и поджелудочная железа без особенностей, асцита нет.
7. **Консультации специалистов:** Хирург-онколог: опухоль технически операбельна, однако из-за тяжёлого общего состояния пациента, выраженной анемии и высокой вероятности осложнений хирургическое вмешательство на данном этапе противопоказано.
Химиотерапевт: рекомендовано проведение системной химиотерапии по схеме FOLFOX (5-фторурацил, лейковорин, оксалиплатин) с последующей переоценкой состояния.
8. **Медицинское заключение:** На основании проведённых исследований и экспертных заключений подтверждён диагноз: Злокачественное новообразование нисходящей ободочной кишки (С18.2), аденокарцинома высокой степени злокачественности с локальной инвазией и регионарной лимфаденопатией. Хирургическое вмешательство на данном этапе противопоказано. Пациенту назначен курс системной химиотерапии. Состояние пациента расценивается как тяжёлое, с крайне высоким риском прогрессирования заболевания и развития жизнеугрожающих осложнений (кишечная непроходимость, кровотечение, кахексия). При отсутствии своевременного оперативного вмешательства или эффективного лечения существует непосредственная угроза жизни пациента с возможным летальным исходом. Установлено, что пациенту необходим постоянный сторонний уход.

Заведующий отделением:                                                     Шишигин А.В.
«03» октября 2025 г.

При обращении в областную консультативно-диагностическую поликлинику (КДП), в т.ч. повторном, при себе иметь направление из поликлиники по месту жительства или ЦРБ, паспорт, страховой полис и все медицинские справки. Направление выдается в том случае, если Вам рекомендован повторный осмотр врача КДП или областной больницы. Консультации проводятся по предварительной записи.

**TRANSLATION FROM RUSSIAN INTO ENGLISH**

# MEDICAL CERTIFICATE

We hereby certify that the patient **Ilyin Evgeniy Anatolyevich**, date of birth **January 17, 1985**, residing at: Ufa, Orekhova Street, 4, was examined at the State Budgetary Healthcare Institution "Republican Clinical Hospital named after G.G. Kuvatov" with the following diagnosis:

**C18.2 — Malignant neoplasm of the descending colon. High-grade adenocarcinoma with invasion into surrounding tissues and signs of regional metastasis.**

**Results of conducted examinations:**
- Complete blood count (12.08.2025): hemoglobin – 94 g/L (anemia), erythrocytes – 2.9×10■/L, leukocytes – 11.2×10■/L (leukocytosis), platelets – 210×10■/L, ESR – 48 mm/h ($\uparrow$).
- Biochemical blood test: total protein – 59 g/L ($\downarrow$), albumin – 27 g/L ($\downarrow$), total bilirubin – 14 µmol/L, AST – 38 U/L, ALT – 34 U/L, creatinine – 89 µmol/L, C-reactive protein – 21 mg/L ($\uparrow$).
- Tumor markers: CEA – 22 ng/mL (significantly above normal), CA 19-9 – 54 U/mL ($\uparrow$).
- Colonoscopy (13.08.2025): at 45 cm from the anal verge, a circular tumor lesion about 5 cm in length was detected, partially obstructing the intestinal lumen and bleeding upon contact. Biopsy was performed.
- Histology (14.08.2025): high-grade adenocarcinoma.
- CT scan of the abdominal cavity (15.08.2025): descending colon tumor up to 6.4×5.1 cm, signs of regional lymphadenopathy (lymph nodes up to 1.8 cm). No metastatic lesions in the liver or other organs detected.
- Ultrasound of the abdominal cavity: liver without focal changes, gallbladder and pancreas without abnormalities, no ascites.

**Specialist consultations:**
- Surgical oncologist: the tumor is technically operable; however, due to the severe general condition of the patient, pronounced anemia, and high probability of complications, surgical intervention is contraindicated at this stage.
- Chemotherapist: systemic chemotherapy according to the FOLFOX regimen (5-fluorouracil, leucovorin, oxaliplatin) is recommended with subsequent reassessment of the patient's condition.

**Medical conclusion:**
Based on the conducted examinations and expert opinions, the following diagnosis has been confirmed:
Malignant neoplasm of the descending colon (C18.2), high-grade adenocarcinoma with local invasion and regional lymphadenopathy.

Surgical intervention is contraindicated at this stage. The patient has been prescribed a course of systemic chemotherapy.

The patient's condition is assessed as severe, with an extremely high risk of disease progression and development of life-threatening complications (intestinal obstruction, bleeding, cachexia). In the absence of timely surgical intervention or effective treatment, there is an immediate threat to the patient's life with possible fatal outcome.

It has been established that the patient requires permanent external care.

This certificate is issued for submission to medical, social, and other official authorities upon the request of the patient.



**KRANKENHAUS NORDWEST**

Krankenhaus Nordwest GmbH · Prof. Dr. E. Jäger
Steinbacher Hohl 2-26 · 60488 Frankfurt am Main

**Klinik für Onkologie und Hämatologie**

Chefärztin
Prof. Dr. Elke Jäger

Tel  (069) 76 01 33 80
Fax (069) 76 99 32
www.krankenhaus-nordwest.de
info.onkologie@khnw.de

Frankfurt am Main , 06.10.2025

To whom it may concern

**Ilin Evgeniy, *17.01.1985**

**Passport number: 77 6972801**

Hereby we confirm that our Oncology Department is prepared to admit the patient for further diagnostic assessment and initiation of treatment.

Based on the available medical documentation, the patient has been diagnosed with an oncological disease. Taking into account the nature of the disease, the clinical condition, and the risk of rapid progression, immediate oncological treatment is strongly indicated.

As per our clinic's policy, an advance payment of EUR 20.000 is required prior to the initiation of diagnostics and treatment. The exact overall cost of treatment can only be determined after completion of the diagnostic phase and the establishment of a definitive treatment strategy.

We emphasize that the patient requires urgent admission and timely initiation of therapy in order to improve prognosis and to prevent life-threatening complications.

Please do not hesitate to contact us for further details regarding admission procedures, scheduling, or required documentation.

Sincerely

**KRANKENHAUS NORDWEST**

Prof. Dr. med. Elke Jäger
Chefärztin der Klinik für
Onkologie und Hämatologie
Steinbacher Hohl 2-26
60488 Frankfurt am Main

**Brustkrebszentrum der Klinikallianz Frankfurt Rhein-Main**

**UCT - Universitäres Centrum für Tumorerkrankungen**

**Onkologisches Zentrum Krankenhaus Nordwest**

**Hämatologie**
OA Prof. Dr. E. Weidmann
Tel  (069) 76 01 33 20

**Gastrointestinale Onkologie**
OA Dr. T. Huckle
Tel  (069) 76 01 44 20

**Thoraxonkologie**
OA PD Dr. A. Atmaca
Tel  (069) 76 01 33 20

**Palliativmedizin**
OÄ Dr. E. Thesenvitz
Tel  (069) 76 01 60 56

**Mammakarzinome**
**Gynäkologische Tumore, Melanom**
OÄ Dr. M. Biskamp
Tel  (069) 76 01 33 20

**Uroonkologie / SAPV**
OA Dr. R.-M. Rafiyan
Tel  (069) 76 01 33 20

Immuntherapie / Tumorvakzinierung

Zentrum für Onkologische Palliativmedizin
Spez. ambulante Palliativversorgung (SAPV)
Tel  (069) 76 01 44 06

Ernährungstherapie / -beratung
Tel  (069) 76 01 44 19

Psycho-Onkologie

Seite 1 von 1

Krankenhaus Nordwest GmbH
Sitz der Gesellschaft: Frankfurt am Main /
Geschäftsführer: Manuel Zelle / Vorsitzender
des Aufsichtsrats: Prof. Dr. h.c. Peter Coy

Krankenhaus Nordwest GmbH / HRB
74682 des Amtsgerichts Frankfurt am Main
Steuernummer: 014 255 72 315
Umsatzsteuer ID: DE 114110482

Frankfurter Sparkasse
IBAN DE40 5005 0201 0200 1117 79
BIC HELADEF1822

Akademisches Lehrkrankenhaus der
Goethe-Universität Frankfurt am Main