UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVGENIY ILIN, individually and as Trustee of an Express Trust created by Fiduciary
Agreement dated May 16, 2026,
Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
ILYA SHULMAN, individually,
KRISTA SANTORO, individually,
Defendants.

Case No. 1:26-cv-04816-DEH

> Application **DENIED without prejudice**. The Court has ordered Defendant JPMorgan Chase to file any opposition to Plaintiff's motion for a TRO by July 9, 2026, ECF No. 19. Without the benefit of that briefing, the Court cannot determine whether the requested discovery meets the standard for expedited discovery. Plaintiff may renew this request at the appropriate time. The Clerk of Court is respectfully directed to terminate ECF No. 24.
>
> SO ORDERED.
>
> Dated: July 2, 2026
> New York, New York
>
> Dale E. Ho
> United States District Judge

**PLAINTIFF'S LETTER-MOTION FOR COURT-ORDERED LIMITED EXPEDITED PRODUCTION OF CHASE'S ORIGINAL OFAC BLOCKING FILE, SANCTIONS-SCREENING RECORDS, AND BLOCKED-PROPERTY REPORTS IN AID OF PLAINTIFF'S PENDING TRO/PI MOTION**

Hon. Dale E. Ho
United States District Judge
Southern District of New York

Dear Judge Ho:

Plaintiff Evgeniy Ilin, proceeding pro se, respectfully requests a limited Court order requiring JPMorgan Chase Bank, N.A. ("Chase") to produce, on an expedited basis, Chase's original OFAC blocking file, sanctions-screening records, and blocked-property reports concerning the specific funds and October 2022 transaction at issue in this case.

**This is not a broad discovery request and not a discovery dispute arising in ordinary discovery.** Plaintiff seeks a narrow evidentiary production order in aid of Plaintiff's pending Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

The requested records go to the threshold issue Chase itself has placed at the center of this case: **whether Chase had a valid factual and legal basis to block the funds, or whether the blocking was preventive, precautionary, based on a false-positive screening hit, incomplete review, or inadequate sanctions analysis.**

The request is limited to **one transaction, one set of blocked funds, one original OFAC blocking file, and the reports and screening records Chase created or submitted in connection with the initial blocking.**

# I. BASIS FOR THE REQUEST

Chase has relied on OFAC and sanctions compliance to justify its blocking and continued handling of the funds. But Chase has not disclosed the underlying documents showing what actually triggered the block, what sanctions target or legal authority Chase relied on, what Chase

reported to OFAC, and whether Chase performed any meaningful false-positive or enhanced review.

Plaintiff asserts that neither Plaintiff nor JSC SEQUOIA is or was listed on OFAC's SDN List or any other U.S. restricted list. If Chase blocked the transaction because of a partial name match, transliteration issue, similar-name concern, geographic marker, counterparty concern, ownership/control concern, vessel/shipping concern, or other preliminary screening marker, Chase should have reviewed the company, its registration, ownership, beneficial ownership, and non-listed status before treating the funds as blocked property.

**The requested documents are essential to the pending TRO/PI motion.** Without them, Plaintiff cannot meaningfully address Chase's asserted OFAC/sanctions basis, and the Court cannot determine whether the original blocking was legally justified or merely preventive, erroneous, or inadequately reviewed.

## II. LEGAL AUTHORITY

The Court has authority to order this limited production in aid of the pending TRO/PI motion.

First, Rule 65 requires the Court to evaluate the merits, irreparable harm, balance of equities, and public interest. See Fed. R. Civ. P. 65; Salinger v. Colting, 607 F.3d 68, 79–80 (2d Cir. 2010); Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35–38 (2d Cir. 2010); Benihana, Inc. v. Benihana of Tokyo, LLC, 784 F.3d 887, 895 (2d Cir. 2015). **The requested documents go directly to the merits and to whether there are serious questions going to the merits.**

Second, Rule 65(a)(2) confirms that evidence received at the preliminary-injunction stage may become part of the trial record. Rule 65(d)(1) also requires that any injunction or restraining order state its reasons and describe in reasonable detail the acts required or restrained. The Court cannot meaningfully assess or frame emergency relief where Chase invokes OFAC but withholds the underlying OFAC blocking basis, screening hit, reported legal authority, sanctions target, and original payment instructions.

Third, 28 U.S.C. § 1651(a) authorizes federal courts to issue orders necessary or appropriate in aid of their jurisdiction. **A limited production order is appropriate here because the pending emergency motion concerns funds uniquely controlled or reported by Chase, and the relevant OFAC blocking records are uniquely in Chase's possession, custody, or control.**

Fourth, Rule 16 confirms the Court's authority to manage the case, narrow the issues, avoid unnecessary proof, and take appropriate action to secure a just and efficient resolution. See Fed. R. Civ. P. 16(a), 16(c)(2). Ordering production of the original blocking file would narrow the core dispute: **whether Chase had a concrete OFAC basis to block the funds.**

Fifth, OFAC regulations confirm that these records should exist and are central. Under 31 C.F.R. § 501.601, a person holding blocked property must keep full and accurate records. Under 31 C.F.R. § 501.603(b)(1), a blocking report must be filed with OFAC and must include, among other things, the blocked property, the date and value of the blocking, the associated sanctions target, the legal authority, and copies of original payment or transfer instructions. Under 31 C.F.R. § 501.603(b)(2), annual reports of blocked property must also identify the relevant blocked property, sanctions target, legal authority, and other required information.

**These regulations matter because Chase cannot rely on a generic reference to "OFAC" or "Russia sanctions."** If Chase treated these funds as blocked property, its own OFAC reporting should identify the legal authority, sanctions target, and factual basis for doing so.

Sixth, OFAC recognizes that property may be blocked and reported in error due to mistaken identity, typographical errors, or similar errors, and that such property may be unblocked with appropriate reporting. OFAC FAQ 1196. **This directly supports Plaintiff's request for the screening hit, false-positive review, enhanced review, and decision records.**

Seventh, Plaintiff's wire-transfer claims also implicate New York U.C.C. Article 4-A, including issues of execution, delay, failure to execute, and restraining orders concerning funds transfers. See N.Y. U.C.C. §§ 4-A-305, 4-A-503. These provisions further confirm that **the basis for Chase's interruption and retention of the funds is material.**

## III. REQUESTED LIMITED PRODUCTION

Plaintiff respectfully requests that the Court order Chase to produce the following documents within five business days of the Court's Order, or within any other expedited period the Court deems appropriate:

1. The Initial Blocking Report submitted by Chase to OFAC concerning the October 2022 transaction and the funds at issue.
2. All Annual Reports of Blocked Property submitted by Chase to OFAC concerning these funds for each year in which the funds were treated as blocked property.
3. All sanctions-screening alerts, hits, match reports, watchlist-screening records, screening logs, and related records that formed any basis for the blocking.
4. All documents identifying the specific sanctions list entry, SDN person or entity, vessel, sanctions program, ownership/control concern, geographic concern, counterparty concern, name-match concern, transliteration concern, written OFAC communication, or other trigger Chase relied upon.
5. All documents showing whether Chase conducted false-positive review, manual review, enhanced sanctions review, sanctions investigation, legal review, or compliance review before blocking the funds.
6. All internal case notes, escalation notes, sanctions-review notes, compliance notes, legal-review notes, approval records, and decision records concerning the initial decision to block the funds or classify them as blocked property.
7. The original SWIFT messages, payment instructions, MT103, UETR records, and wire-transfer records used by Chase to create the original blocking file and determine that the funds should be blocked.

To the extent Chase withholds any responsive document based on privilege, work-product protection, regulatory sensitivity, confidentiality, bank secrecy, or any other ground, Plaintiff requests that Chase be ordered to provide a privilege or withholding log identifying the document, date, author, recipients, general subject matter, and specific basis for withholding.

## IV. NARROWNESS AND NECESSITY

**This request is not a fishing expedition.** Plaintiff does not seek documents concerning other Chase customers, unrelated transactions, unrelated OFAC matters, or Chase's sanctions-compliance program generally.

Plaintiff seeks only the records Chase created, used, or submitted in connection with the original blocking of these specific funds. These documents will show whether Chase's block was based on a true sanctions match, a false-positive match, an unresolved preliminary alert, a preventive hold, incomplete review, or a documented legal basis.

**Plaintiff cannot obtain these records from any other source.** Plaintiff repeatedly requested the basis for Chase's actions, payment records, tracing information, MT103, MT199, UETR information, and substantive explanation. Chase has not provided the underlying blocking file, screening basis, Initial Blocking Report, Annual Reports of Blocked Property, or false-positive review records.

# V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order Chase to produce the limited records identified above within five business days, or within such other expedited period as the Court deems appropriate.

**These records are necessary for the Court to evaluate Chase's asserted OFAC/sanctions justification, Plaintiff's likelihood of success or serious questions going to the merits, the propriety of emergency relief, and whether the original blocking was legally justified, preventive, erroneous, or inadequately reviewed.**

Respectfully submitted,

Dated: June 26, 2026

/s/ Evgeniy Ilin
Evgeniy Ilin
Plaintiff, pro se
Tameem House, 5 Al Fosool Street
Al Thanyah 1, Dubai,
United Arab Emirates
Office 2505 (internal unit 2501-16)
Telephone: +971 50 167 1872
Email: ieasky017@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVGENIY ILIN, individually and as Trustee of an Express Trust created by Fiduciary
Agreement dated May 16, 2026,
Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
ILYA SHULMAN, individually,
KRISTA SANTORO, individually,
Defendants.

Case No. 1:26-cv-04816-DEH

## [PROPOSED] ORDER GRANTING LIMITED EXPEDITED PRODUCTION OF CHASE'S ORIGINAL OFAC BLOCKING FILE, SANCTIONS-SCREENING RECORDS, AND BLOCKED-PROPERTY REPORTS

Upon consideration of Plaintiff's Letter-Motion for Court-Ordered Limited Expedited
Production of Chase's Original OFAC Blocking File, Sanctions-Screening Records, and
Blocked-Property Reports in Aid of Plaintiff's Pending TRO/PI Motion, and for good cause
shown, it is hereby:

ORDERED that JPMorgan Chase Bank, N.A. ("Chase") shall produce to Plaintiff, within five
business days of this Order, the following limited categories of documents concerning the
October 2022 transaction and the specific blocked funds at issue in this action:

1. The Initial Blocking Report submitted by Chase to OFAC concerning the October 2022 transaction and the funds at issue.
2. All Annual Reports of Blocked Property submitted by Chase to OFAC concerning these funds for each year in which the funds were treated as blocked property.
3. All sanctions-screening alerts, hits, match reports, watchlist-screening records, screening logs, and related records that formed any basis for the blocking.
4. All documents identifying the specific sanctions list entry, SDN person or entity, vessel, sanctions program, ownership/control concern, geographic concern, counterparty concern, name-match concern, transliteration concern, written OFAC communication, or other trigger Chase relied upon in blocking or classifying the funds as blocked property.
5. All documents showing whether Chase conducted false-positive review, manual review, enhanced sanctions review, sanctions investigation, legal review, or compliance review before blocking the funds.
6. All internal case notes, escalation notes, sanctions-review notes, compliance notes, legal-review notes, approval records, and decision records concerning the initial decision to block the funds or classify them as blocked property.
7. The original SWIFT messages, payment instructions, MT103, UETR records, and wire-transfer records used by Chase to create the original blocking file and determine that the funds should be blocked.

ORDERED that this production is limited to the specific transaction, specific funds, and original OFAC blocking file at issue in this action, and does not require Chase to produce documents concerning unrelated customers, unrelated transactions, unrelated OFAC matters, or Chase's sanctions-compliance program generally.

ORDERED that, to the extent Chase withholds any responsive document based on attorney-client privilege, work-product protection, regulatory sensitivity, confidentiality, bank secrecy, OFAC/Treasury restriction, or any other asserted basis, Chase shall produce a privilege or withholding log within the same five-business-day period. The log shall identify the document, date, author, recipients, general subject matter, and specific basis for withholding.

ORDERED that, if Chase contends that any responsive document cannot be produced without OFAC, Treasury, or other governmental authorization, Chase shall state that position in writing within the same five-business-day period and identify the specific statute, regulation, order, license condition, agency communication, or other legal authority on which Chase relies.

ORDERED that the production required by this Order is without prejudice to any party's rights, claims, defenses, objections, or requests for further relief.

SO ORDERED.

Dated: _____, 2026
New York, New York

_____

HON. DALE E. HO
United States District Judge