UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ilin,

Plaintiff(s),

v.

JPMorgan Chase Bank, N.A. et al,

Defendant(s).

26-CV-4816 (DEH)

ORDER

DALE E. HO, United States District Judge:

Before the Court are three motions regarding emergency relief in the above-captioned matter. First, Plaintiff moves for a temporary restraining order,[1] stemming from allegations that Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), Ilya Shulman, and Krista Santoro (collectively, "Defendants") have improperly withheld funds from Plaintiff—who serves as trustee of Joint Stock Company Sequoia ("JSC Sequoia")—on sanctions grounds in violation of an Office of Foreign Assets Control ("OFAC") Special License expressly authorizing the release of such funds to JSC Sequoia.[2] Plaintiff, proceeding *pro se*, seeks injunctive relief compelling the transfer of the funds to Plaintiff.[3] Plaintiff's application for a TRO is **DENIED** because he has failed to establish a likelihood of success on the merits.

[1] ECF Nos. 2 & 5.

[2] Compl. at 4-5, ECF No. 1.

[3] TRO Mot. at 1-2, ECF No. 5. Plaintiff originally also sought injunctive relief compelling Defendants to take various actions to identify and disclose the location of the funds within a correspondent-banking chain, and to have the funds returned to JPMorgan so that the funds could be properly transferred to Plaintiff, *id.*, however Defendants have represented—and Plaintiff concedes—that the funds have already been returned to JPMorgan and that these requests are moot. Defs.' Opp'n at 2, ECF No. 38; Pl.'s Reply at 4, ECF No. 43.

"A temporary restraining order, like a preliminary injunction, is an extraordinary remedy that will not be granted lightly."[4] To succeed on a motion for a temporary restraining order, a party "must . . . show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest."[5] "Further, when a movant seeks a 'mandatory preliminary injunction that alters the status quo by commanding some positive act,' rather than a 'prohibitory injunction seeking only to maintain the status quo,' then the burden of proof is even greater."[6] "A mandatory injunction should issue only upon a clear showing that the moving party is entitled to the relief requested . . . ."[7]

Here, Plaintiff has not established a likelihood of success on the merits because he has not sufficiently shown that he has standing to bring this suit "as Trustee of an express trust created by Fiduciary Agreement . . . and Corporate Resolution . . . ; and . . . as an individual seeking compensation for personal harm caused by Defendants' acts and omissions"[8] To the extent Plaintiff brings this suit as a trustee on behalf of JSC Sequoia, artificial entities such as trusts "must appear through licensed counsel," and Plaintiff proceeds *pro se*.[9] To the extent Plaintiff brings

---

[4] *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y 1997) (citing *Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 33 (2d Cir. 1991)).

[5] *Coronel v. Decker*, 449 F. Supp. 3d 274, 280-81 (S.D.N.Y. 2020).

[6] *Scozzari v. Santiago,* No. 19 Civ. 229, 2019 WL 6696091, at *4 (D. Conn. Dec. 9, 2019) (quoting *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011)).

[7] *Id.*

[8] Compl. at 3.

[9] *Age Reversal Unity v. N.Y. Univ.*, 2024 WL 3521759, at *2 (S.D.N.Y. July 24, 2024); *see also Lattanzio v. COMTA*, 481 F. 3d 137, 139 (2d Cir. 2007) ("[W]e hold that a sole member limited liability company must be represented by counsel to appear in federal court."); *see also Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) ("A trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust.").

this suit in his personal capacity, Plaintiff has not sufficiently established a personal interest in the funds requested. According to Plaintiff, he "would receive the funds solely as Trustee / Fiduciary Administrator *for the benefit of JSC SEQUOIA*, without any transfer of beneficial ownership."[10] And the fiduciary agreement "prevents personal ownership or use."[11] Yet the injuries alleged—the inability to pay for Plaintiff's urgent medical treatment[12]—are strictly personal. Plaintiff has not connected the dots between how funds that belong to JSC Sequoia can be used to pay for his personal medical expenses. For these reasons, the TRO is **DENIED**.

Second, Plaintiff also moves the Court to file a limited supplemental memorandum in support of the temporary restraining order.[13] The supplemental memorandum was included as an attachment to the motion.[14] The motion is **GRANTED**, *nunc pro tunc*; the supplemental material was considered by the Court for purposes of this Order.

Finally, Plaintiff requests that the Court issue an Order to protect the status quo and to require 72 hours written notice prior to any transfer, release, re-routing, or other disposition of the funds at issue.[15] The motion is **DENIED**. Plaintiff provides no justification, legal or otherwise, for the Court to issue such an order.

---

[10] TRO Mot. at 2-3 (emphasis added).

[11] Pl.'s Reply at 7.

[12] *Id.* at 3.

[13] ECF No. 49.

[14] ECF Nos. 49-1, 49-2, 49-3.

[15] ECF No. 63.

The Clerk of Court is respectfully directed to terminate ECF Nos. 2, 5, 49, and 63.

SO ORDERED.

Dated: August 18, 2026
New York, New York

DALE E. HO
United States District Judge